DIANE J. HUMETEWA
United States Attorney
District of Arizona
JAMES A. DEVITTO
Special Assistant U.S. Attorney
Evo A. Deconcini U.S. Courthouse
405 West Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: 520-620-7300
james.devitto@usdoj.gov
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) CR-07-0423-TUC-JMR(JCG) ) |
| v. | ) GOVERNMENT'S RESPONSE ) TO DEFENDANT'S MOTION ) TO DISMISS FOR FAILURE ) TO STATE AN ELEMENT OF |
| Erasmo Olivarez-Moreno, | ) THE OFFENSE ) |
| Defendant. | ) ) |

Plaintiff, United States of America, by its attorneys, Diane J. Humetewa, United States Attorney for the District of Arizona and James A. DeVitto, Special Assistant United States Attorney, hereby submits the following response to defendant's Motion to Dismiss for Failure to State an Element of the Offense as follows:

On March 7, 2007, Defendant was indicted for re-entry after deportation under 8 U.S.C. 1326 as enhanced by 8 U.S. C. 1326(b)(2). The indictment reads as follows:

> On or about February 7, 2007, at or near Douglas, in the District of Arizona, Erasmo Olivarez-Moreno, an alien, entered and was found in the United States of America after having been denied admission, excluded, deported, and removed therefrom at or near Nogales, Arizona on or about February 5, 2007, and not having obtained the express consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission thereto; in violation of Title 8, United States Code, Section 1326, enhanced by Title 8, United States Code, Section 1326(b)(2).

In *Almendarez-Torres v. United States*, 523 U.S. 224, 226-227, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the U.S. Supreme Court addressed the question of whether an indictment for a violation of 8 U.S.C. § 1326 as enhanced by 8 U.S.C. § 1326(b)(2) must include a defendant's prior aggravated felony conviction and held as follows:

> We conclude that the [1326(b)(2)] subsection is a penalty provision, which simply authorizes a court to increase the sentence for recidivist. It does not define a separate crime. Consequently, neither the statute nor the Constitution requires the Government to charge the factor that it mentions, the earlier conviction, in the indictment.

Subsequently, the Ninth Circuit Court of Appeals, in *United States v. Martinez-Rodriguez*, 472 F.3d. 1087, 1092-93 (9th Cir. 2007), cited *Almendarez-Torres* in their holding as follows:

> [I]n *United States v. Reyes-Pacheco*, 248 F.3d 942, 943-44 (9th Cir. 2001), the defendant contended that "the district court improperly enhanced his [§1326] sentence on the basis of a prior aggravated felony conviction that was neither admitted nor charged in the indictment and proven beyond a reasonable doubt." We found that the defendant's argument was foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *Reyes-Pacheco*, 248 F.3d at 944. In *Almendarez-Torres*, the Supreme Court held that § 1326(b)(2) "simply authorizes a court to increase the sentence for recidivist. It does not define a separate crime." 523 U.S. at 226, 118 S.Ct. 1219. The Court in *Almendarez-Torres* rejected the argument that, because the fact of recidivism increased the maximum term to which a defendant could be sentenced, recidivism was an element of the crime that must be charged in the indictment and proven beyond a reasonable doubt. *Id*. at 239, 118 S.Ct. 1219.
>
> We hold that "[t]he district court did not err by considering [Martinez's] prior aggravated felony conviction[s] despite the fact that such conduct was neither admitted nor charged in the indictment, presented to a jury, and proven beyond a reasonable doubt." *Reyes-Pacheco*, 248 F.3d at 945.

Defendant's sole contention in his motion is that as an element of the offense, the indictment must contain the date of defendant's underlying felony conviction. However,

defendant's contention is without merit as the U.S. Supreme Court and the Ninth Circuit Court of Appeals have ruled otherwise.

Due to the above, defendant's motion must be dismissed.

. Respectfully submitted this 27th day of December, 2007.

       DIANE J. HUMETEWA
       United States Attorney
       District of Arizona

       *s/James A. Devitto*

       JAMES A. DEVITTO
       Special Assistant United States Attorney

Copy of the foregoing served electronically
or by other means this 27th day of December, 2007, to:

Matthew J. McGuire, Esq.
Attorney for Defendant