1  David J. Healey (Texas Bar No.09327980)
   Garland Stephens (Texas Bar No. 24053910)
2  John R. Lane (Texas Bar No. 24057958)
   Benjamin C. Elacqua (Texas Bar No. 24055443)
3  Fish & Richardson P.C.
   One Houston Center – 28th Floor
4  1221 McKinney Street
   Houston, TX 77010
5  Tel: (713) 652-0115
   Fax: (713) 652-0109
6  healey@fr.com
   stephens@fr.com
7  jclane@fr.com
   elacqua@fr.com
8

9  James Nicholas Bunch (Texas Bar No. 24050352)
   Fish & Richardson P.C.
10 1717 Main Street, Suite 5000
   Dallas, TX 75201
11 Tel: (214) 747-5070
   Fax: (214) 747-2091
12 bunch@fr.com

13 **Attorneys for Defendant Apple Inc.**

14
                     **UNITED STATES DISTRICT COURT**
15                        **DISTRICT OF ARIZONA**

16 **Cygnus Systems, Inc.,**                    **Case No. CV-08-2337-PHX-NVW**

17                **Plaintiff(s),**

18         **v.**                               **JURY TRIAL DEMANDED**

19 **Microsoft Corporation, Apple Inc.,**       **DEFENDANT APPLE INC.'S ANSWER**
   **and Google, Inc.,**                        **AND COUNTERCLAIMS**
20
                 **Defendant(s).**
21

22

23         Defendant Apple Inc. ("Apple") responds to the First Amended Complaint for Patent

24 Infringement (Docket No. 6) (hereinafter, "First Amended Complaint") filed by Plaintiff Cygnus

25 Systems, Inc. ("Cygnus") as follows:

26         1.      Apple admits that the First Amended Complaint alleges acts of infringement of a

27 United States patent and that this Court has subject matter jurisdiction over the claims for patent

28

**Defendant Apple Inc.'s**
**Answer and Counterclaims – Page 1**

infringement under 28 U.S.C. § 1338(a).

2.      Apple admits that United States Patent No. 7,346,850 ("the '850 patent"), entitled "System and Method for Iconic Software Environment Management," was issued by the United States Patent and Trademark Office on March 18, 2008.  Apple further admits that a true and correct copy of the '850 patent was attached to the First Amended Complaint as Exhibit "A."  Apple lacks information sufficient to admit or deny the remaining allegations in Paragraph 2 of the First Amended Complaint and on that basis denies them.

3.      Apple lacks information sufficient to admit or deny the allegations in Paragraph 3 of the First Amended Complaint and on that basis denies them.

4.      Apple admits that it is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.  Apple admits that it transacts business in this district, but Apple denies that it has committed any act of infringement of the '850 patent.

5.      Apple lacks information sufficient to admit or deny the allegations in Paragraph 5 of the First Amended Complaint and on that basis denies them.

6.      Apple admits that venue is proper in this district but denies that this is a convenient forum.

## ALLEGATIONS OF PATENT INFRINGEMENT

7.      Apple admits that the title of the '850 Patent is "System and Method for Iconic Software Environment Management," but denies the remaining allegations in Paragraph 7 of the First Amended Complaint.

8.      Apple lacks information sufficient to admit or deny the allegations in Paragraph 8 of the First Amended Complaint and on that basis denies them.

9.      Apple denies the allegations of Paragraph 9 of the First Amended Complaint.

10.     Apple lacks information sufficient to admit or deny the allegations in Paragraph 10

of the First Amended Complaint and on that basis denies them.

11.    Apple denies the allegations of Paragraph 11 of the First Amended Complaint with respect to Apple. Apple lacks information sufficient to admit or deny the allegations of Paragraph 11 of the First Amended Complaint with respect to the other Defendants and on that basis denies them.

## JURY DEMAND

12.    Apple acknowledges and joins Cygnus' request for a trial by jury on all issues triable of right by a jury that are raised for determination by the First Amended Complaint or that may be raised by a counterclaim to be filed herein.

## GENERAL DENIAL

13.    Except as specifically admitted, Apple denies each and every allegation contained in Paragraphs 1–11 of the First Amended Complaint.

## PRAYER FOR RELIEF

14.    Apple denies that Cygnus is entitled to any of the relief identified in the request for relief, including the wherefore recital and paragraphs (A) through (E) on pages 3 and 4 of the First Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense: Noninfringement

15.    Apple does not infringe and has not infringed, willfully or otherwise, either directly or indirectly, and does not and has not induced the infringement of any valid claim of the '850 patent.

### Second Defense: Invalidity

16.    The '850 patent is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Third Defense: Limitations on Damages**

17.    Cygnus may not recover damages for any alleged infringement committed more than six years prior to filing of its Complaint for Patent Infringement (Docket No. 1) (35 U.S.C. § 286), and, to the extent Cygnus failed to comply with the notice provisions of 35 U.S.C. § 287, Cygnus may not recover damages prior to the filing of its Complaint for Patent Infringement (Docket No. 1).

**Fourth Defense: Prosecution History Estoppel**

18.    Cygnus is estopped from construing the claims of the '850 patent in such a way as may cover any Apple product or process by reasons of statements made to the Patent Office during the prosecution of the application that led to the issuance of the '850 patent.

**Fifth Defense: Patent Misuse**

19.    On information and belief, the '850 patent is unenforceable under the doctrine of patent misuse.

**Sixth Defense: Reserved Defenses**

20.    Apple reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, which may now exist or in the future may be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

Defendant/Counterclaim-Plaintiff    Apple,    for    its    counterclaims    against Plaintiff/Counterclaim-Defendant Cygnus, alleges as follows:

### The Parties

21.    Apple incorporates by reference paragraphs 1 through 20 of its Answer and Counterclaims as though set forth fully herein.

22.     Apple is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

23.     Upon information and belief, Cygnus is an Indiana corporation that has its principal place of business at 40117 N. High Noon Way, Anthem, Arizona 85086.

### Jurisdiction and Venue

24.     This Court has subject-matter jurisdiction over Apple's declaratory-judgment counterclaims under 28 U.S.C. §§ 2201 and 2202.  There is an actual controversy between Apple and Cygnus regarding United States Patent No. 7,346,850 ("the '850 patent") because Cygnus asserted in its First Amended Complaint that Apple infringed the '850 patent.

25.     An actual and justiciable controversy exists between Apple and Cygnus as to whether the '850 patent is infringed, valid, and enforceable against Apple.  Absent a declaration of noninfringement, invalidity, or unenforceability, Cygnus will continue to wrongfully assert the '850 patent against Apple, and thereby cause Apple irreparable injury and damage.

26.     This Court has personal jurisdiction over Cygnus because Cygnus has voluntarily appeared before this Court for all purposes.  Moreover, this Court has personal jurisdiction over Cygnus because Cygnus is located in Arizona with its principal place of business at 40117 N. High Noon Way, Anthem, Arizona 85086.

27.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

### First Counterclaim (Declaratory Judgment re: '850 patent)

28.     Apple incorporates by reference paragraphs 1 through 27 of its Answer and Counterclaims as though set forth fully herein.

29.     Cygnus alleges in paragraph 2 of the First Amended Complaint that it "owns" the '850 patent and that it "has the exclusive right to license and enforce the '850 Patent and to collect all damages for infringement of such patent."  Cygnus further alleges in paragraph 2 of the First

1    Amended Complaint that it "has standing to sue for infringement of the '850 Patent."

2         30.    Cygnus has asserted that Apple infringes the '850 patent.

3         31.    Apple has not infringed, and is not infringing, either directly or indirectly under 35

4    U.S.C. § 271, any valid claim of the '850 patent, either literally or under the doctrine of equivalents.

5         32.    The claims of the '850 patent are invalid for failure to meet the conditions of

6    patentability of 35 U.S.C. § 101 et seq., including without limitation those of sections 102, 103,

7    and/or 112.

8         33.    This case is exceptional and, pursuant to 35 U.S.C. § 285, Apple is entitled to an

9    award of attorneys' fees.

### PRAYER FOR RELIEF

         WHEREFORE, Apple seeks the following relief:

         A.    A declaration that Apple has not infringed and is not infringing, directly or

indirectly, any claims of the '850 patent;

         B.    A declaration that the claims of the '850 patent are invalid;

         C.    A declaration that Cygnus and each of its officers, employees, agents, alter egos,

attorneys, and any persons in active concert or participation with them by restrained and enjoined

from further prosecuting or instituting any action against Apple claiming that the '850 patent is

infringed, valid, or enforceable, or from representing that Apple's products or services, or that

others' use thereof, infringe the '850 patent;

         D.    That the First Amended Complaint be dismissed with prejudice, that judgment be

entered in favor of Apple, and that Cygnus take nothing;

         E.    That Cygnus be required to pay Apple its costs of suit, expenses, and its attorneys

fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

         F.    Such other and further relief as this Court may deem just and proper.

Dated: March 2, 2009

Respectfully submitted,

/s/ David J. Healey

David J. Healey (Texas Bar No. 09327980)
Garland Stephens (Texas Bar No. 24053910)
John R. Lane (Texas Bar No. 24057958)
Benjamin C. Elacqua (Texas Bar No. 24055443)
Fish & Richardson P.C.
One Houston Center – 28th Floor
1221 McKinney
Houston, TX 77010
Tel: (713) 652-0115
Fax: (713) 652-0109
healey@fr.com
stephens@fr.com
jlane@fr.com
elacqua@fr.com

J. Nicholas Bunch (Texas Bar No. 24050352)
Fish & Richardson P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070
Fax: (214) 747-2091
bunch@fr.com

**ATTORNEYS FOR DEFENDANT
APPLE INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system on this the 2nd day of March, 2009.

/s/ David J. Healey