David J. Healey (Texas Bar No.09327980)
Garland Stephens (Texas Bar No. 24053910)
John R. Lane (Texas Bar No. 24057958)
Benjamin C. Elacqua (Texas Bar No. 24055443)
Fish & Richardson P.C.
One Houston Center – 28th Floor
1221 McKinney Street
Houston, TX 77010
Tel: (713) 652-0115
Fax: (713) 652-0109
healey@fr.com
stephens@fr.com
jclane@fr.com
elacqua@fr.com

James Nicholas Bunch (Texas Bar No. 24050352)
Fish & Richardson P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070
Fax: (214) 747-2091
bunch@fr.com

**Attorneys for Defendant Microsoft Corporation**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Cygnus Systems, Inc.,**<br><br>Plaintiff(s),<br><br>v.<br><br>**Microsoft Corporation, Apple Inc., and Google, Inc.,**<br><br>Defendant(s). | **Case No. CV-08-2337-PHX-NVW**<br><br>**JURY TRIAL DEMANDED**<br><br>**DEFENDANT MICROSOFT CORPORATION'S ANSWER AND COUNTERCLAIMS** |

Defendant Microsoft Corporation ("Microsoft") responds to the First Amended Complaint for Patent Infringement (Docket No. 6) (hereinafter, "First Amended Complaint") filed by Plaintiff Cygnus Systems, Inc. ("Cygnus") as follows:

1.  Microsoft admits that the First Amended Complaint alleges acts of infringement of a United States patent and that this Court has subject matter jurisdiction over the claims for patent infringement under 28 U.S.C. § 1338(a).

**Defendant Microsoft Corporation's**
**Answer and Counterclaims – Page 1**

2. Microsoft admits that United States Patent No. 7,346,850 ("the '850 patent"), entitled "System and Method for Iconic Software Environment Management," was issued by the United States Patent and Trademark Office on March 18, 2008. Microsoft further admits that a true and correct copy of the '850 patent was attached to the First Amended Complaint as Exhibit "A." Microsoft lacks information sufficient to admit or deny the remaining allegations in Paragraph 2 of the First Amended Complaint and on that basis denies them.

3. Microsoft admits that it is a Washington corporation with its principal place of business at One Microsoft Way, Redmond, Washington 98052. Microsoft admits that it transacts business in this district, but Microsoft denies that it has committed any act of infringement of the '850 patent.

4. Microsoft lacks information sufficient to admit or deny the allegations in Paragraph 4 of the First Amended Complaint and on that basis denies them.

5. Microsoft lacks information sufficient to admit or deny the allegations in Paragraph 5 of the First Amended Complaint and on that basis denies them.

6. Microsoft admits that venue is proper in this district but denies that this is a convenient forum.

## ALLEGATIONS OF PATENT INFRINGEMENT

7. Microsoft admits that the title of the '850 Patent is "System and Method for Iconic Software Environment Management," but denies the remaining allegations in Paragraph 7 of the First Amended Complaint.

8. Microsoft denies the allegations of Paragraph 8 of the First Amended Complaint.

9. Microsoft lacks information sufficient to admit or deny the allegations in Paragraph 9 of the First Amended Complaint and on that basis denies them.

10. Microsoft lacks information sufficient to admit or deny the allegations in Paragraph

10 of the First Amended Complaint and on that basis denies them.

11. Microsoft denies the allegations of Paragraph 11 of the First Amended Complaint with respect to Microsoft. Microsoft lacks information sufficient to admit or deny the allegations of Paragraph 11 of the First Amended Complaint with respect to the other Defendants and on that basis denies them.

## JURY DEMAND

12. Microsoft acknowledges and joins Cygnus' request for a trial by jury on all issues triable of right by a jury that are raised for determination by the First Amended Complaint or that may be raised by a counterclaim to be filed herein.

## GENERAL DENIAL

13. Except as specifically admitted, Microsoft denies each and every allegation contained in Paragraphs 1–11 of the First Amended Complaint.

## PRAYER FOR RELIEF

14. Microsoft denies that Cygnus is entitled to any of the relief identified in the request for relief, including the wherefore recital and paragraphs (A) through (E) on pages 3 and 4 of the First Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense: Noninfringement

15. Microsoft does not infringe and has not infringed, willfully or otherwise, either directly or indirectly, any valid claim of the '850 patent.

### Second Defense: Invalidity

16. The '850 patent is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Defense: Limitations on Damages

**Defendant Microsoft Corporation's**
**Answer and Counterclaims – Page 3**

17. Cygnus may not recover damages for any alleged infringement committed more than six years prior to filing of its Complaint for Patent Infringement (Docket No. 1) (35 U.S.C. § 286), and, to the extent Cygnus failed to comply with the notice provisions of 35 U.S.C. § 287, Cygnus may not recover damages prior to the filing of its Complaint for Patent Infringement (Docket No. 1).

### Fourth Defense: Unclean Hands

18. The claims of the '850 patent are unenforceable under the equitable doctrine of unclean hands.

### Fifth Defense: Prosecution History Estoppel

19. Cygnus is estopped from construing the claims of the '850 patent in such a way as may cover any Microsoft product or process by reasons of statements made to the Patent Office during the prosecution of the application that led to the issuance of the '850 patent.

### Sixth Defense: Patent Misuse

20. On information and belief, the '850 patent is unenforceable under the doctrine of patent misuse.

### Seventh Defense: Reserved Defenses

21. Microsoft reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, which may now exist or in the future may be available based on discovery and further factual investigation in this case.

### **COUNTERCLAIMS**

Defendant/Counterclaim-Plaintiff Microsoft, for its counterclaims against Plaintiff/Counterclaim-Defendant Cygnus, alleges as follows:

**The Parties**

22. Microsoft incorporates by reference paragraphs 1 through 21 of its Answer and Counterclaims as though set forth fully herein.

23. Microsoft is a Washington corporation with its principal place of business at One Microsoft Way, Redmond, Washington 98052.

24. Upon information and belief, Cygnus is an Indiana corporation that has its principal place of business at 40117 N. High Noon Way, Anthem, Arizona 85086.

**Jurisdiction and Venue**

25. This Court has subject-matter jurisdiction over Microsoft's declaratory-judgment counterclaims under 28 U.S.C. §§ 2201 and 2202. There is an actual controversy between Microsoft and Cygnus regarding United States Patent No. 7,346,850 ("the '850 patent") because Cygnus asserted in its First Amended Complaint that Microsoft infringed the '850 patent.

26. An actual and justiciable controversy exists between Microsoft and Cygnus as to whether the '850 patent is infringed, valid, and enforceable against Microsoft. Absent a declaration of noninfringement, invalidity, or unenforceability, Cygnus will continue to wrongfully assert the '850 patent against Microsoft, and thereby cause Microsoft irreparable injury and damage.

27. This Court has personal jurisdiction over Cygnus because Cygnus has voluntarily appeared before this Court for all purposes. Moreover, this Court has personal jurisdiction over Cygnus because Cygnus is located in Arizona with its principal place of business at 40117 N. High Noon Way, Anthem, Arizona 85086.

28. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

**First Counterclaim (Declaratory Judgment re: '850 patent)**

29. Microsoft incorporates by reference paragraphs 1 through 28 of its Answer and Counterclaims as though set forth fully herein.

30. Cygnus alleges in paragraph 2 of the First Amended Complaint that it "owns" the '850 patent and that it "has the exclusive right to license and enforce the '850 Patent and to collect all damages for infringement of such patent." Cygnus further alleges in paragraph 2 of the First Amended Complaint that it "has standing to sue for infringement of the '850 Patent."

31. Cygnus has asserted that Microsoft infringes the '850 patent.

32. Microsoft has not infringed, and is not infringing, either directly or indirectly under 35 U.S.C. § 271, any valid claim of the '850 patent, either literally or under the doctrine of equivalents.

33. The claims of the '850 patent are invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101 et seq., including without limitation those of sections 102, 103, and/or 112.

34. This case is exceptional and, pursuant to 35 U.S.C. § 285, Microsoft is entitled to an award of attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Microsoft seeks the following relief:

A. A declaration that Microsoft has not infringed and is not infringing, directly or indirectly, any claims of the '850 patent;

B. A declaration that the claims of the '850 patent are invalid;

C. A declaration that Cygnus and each of its officers, employees, agents, alter egos, attorneys, and any persons in active concert or participation with them by restrained and enjoined from further prosecuting or instituting any action against Microsoft claiming that the '850 patent is infringed, valid, or enforceable, or from representing that Microsoft's products or services, or that others' use thereof, infringe the '850 patent;

D. That the First Amended Complaint be dismissed with prejudice, that judgment be

**Defendant Microsoft Corporation's**
**Answer and Counterclaims – Page 6**

entered in favor of Microsoft, and that Cygnus take nothing;

      E.     That Cygnus be required to pay Microsoft its costs of suit, expenses, and its attorneys fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

      F.     Such other and further relief as this Court may deem just and proper.

Dated: March 2, 2009

Respectfully submitted,

/s/ David J. Healey

David J. Healey (Texas Bar No. 09327980)
Garland Stephens (Texas Bar No. 24053910)
John R. Lane (Texas Bar No. 24057958)
Benjamin C. Elacqua (Texas Bar No. 24055443)
Fish & Richardson P.C.
One Houston Center – 28th Floor
1221 McKinney
Houston, TX 77010
Tel: (713) 652-0115
Fax: (713) 652-0109
healey@fr.com
stephens@fr.com
jlane@fr.com
elacqua@fr.com

James Nicholas Bunch (Texas Bar No. 24050352)
Fish & Richardson P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070
Fax: (214) 747-2091
bunch@fr.com

**ATTORNEYS FOR DEFENDANT MICROSOFT CORPORATION**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system on this the 2nd day of March, 2009.

/s/ David J. Healey