Jonathan M. James, Bar No. 012204
JJames@perkinscoie.com
Mark E. Strickland, Bar No. 022291
MStrickland@perkinscoie.com
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Facsimile: (602) 648-7000

Ramsey M. Al-Salam *(pro hac vice pending)*
RAlsalam@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

*Attorneys for Defendant Google Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| CYGNUS SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, APPLE INC. AND GOOGLE INC., <br><br> Defendants. | No. 2:08-CV-02337-NVW <br><br> **DEFENDANT GOOGLE INC.'S ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS** |

In response to the Amended Complaint ("Complaint"), defendant Google Inc. ("Google") responds as follows:

1. Regarding the allegations of paragraph 1, Google admits the Complaint purports to state a claim of patent infringement and, based upon the pleadings, the Court has subject matter jurisdiction.

2. Regarding the allegations of paragraph 2, Google is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

3. Regarding the allegations of paragraph 3, Google is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

4. Regarding the allegations of paragraph 4, Google is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

5. Regarding paragraph 5, Google denies that it has committed any acts of infringement in this district or "offer[ed] to sell the products at issue in this case" in this district. Google admits it is a Delaware corporation with its principal place of business at the address alleged.

6. Regarding paragraph 6, Google admits that it is subject to personal jurisdiction in this district and, for that reason, venue is proper under 28 U.S.C. §§1391 and 1400(b).

7. Regarding paragraph 7, Google admits the '850 patent appears to generally relate to the subject matter alleged.

8. Regarding the allegations of paragraph 8, Google is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

9. Regarding the allegations of paragraph 9, Google is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

10. Regarding paragraph 10, the allegations are denied.

11. Regarding paragraph 11, the allegations are denied to the extent that they are directed at Google. To the extent that they are directed to the other defendants, Google is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

12. To the extent that any allegations of the Complaint are not addressed above, they are denied.

**AFFIRMATIVE DEFENSES**

In further response to the Complaint, and without admitting that Google has the burden of proof on such assertions, Google alleges as follows:

1. The '850 patent is invalid for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

2. Google has not infringed, either directly or indirectly, any claims of the '850 patent.

3. On information and belief, discovery will establish that plaintiff's claims are barred, in whole or part, by the doctrine of waiver, estoppel and/or unclean hands.

4. Plaintiff is estopped from construing any valid claims of the '850 patent to cover any Google product or services, either literally under the doctrine of equivalents, by reason of statements, admissions and/or amendments made by or on behalf of the applicant during proceedings in the United States Patent and Trademark Offices ("PTO").

5. Plaintiff is not entitled to injunctive relief because it has not suffered any irreparable harm and has an adequate remedy of law.

6. Google reserves all other defenses under Rule 8(a) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, which may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY

In further response to the Complaint and as counterclaims, Google alleges as follows:

1. Google incorporates the responses, denials and admissions above as fully set forth herein.

2. A valid and justiciable controversy has arisen and exists between Google and plaintiff as to whether Google is infringing any of plaintiff's patent rights, including the '850 patent, which plaintiff claims to have exclusively licensed.

3. The Court has subject matter jurisdiction over Google's counterclaims pursuant to 28 U.S.C. §§ 2201-2202, 1331, and 1338.

4. Google has not infringed, and is not infringing any of plaintiff's patent rights, including any valid claim of the '850 patent, either literally or under the doctrine of equivalents.

5. Google is entitled to a declaratory judgment that it has not infringed, and is not infringing, plaintiff's patent rights, including any rights plaintiff may have in the '850 patent.

6. A valid and justiciable controversy has arisen and exists between Google and plaintiff as to whether the '850 patent is valid.

7. On information and belief, a reasonable opportunity for discovery will establish that the '850 patent is invalid for failure to comply with the requirements of 35 U.S.C. §§ 102, 103 and/or 112.

8. Google is entitled to a declaratory judgment that the '850 patent is invalid.

**REQUEST FOR RELIEF**

WHEREFORE, Google respectfully requests that this Court enter judgment and grant relief as follows:

A. That the Court dismiss all claims against Google with prejudice such that plaintiff take nothing by way of the Complaint;

B. That the Court issue a declaratory judgment that Google does not infringe and has not infringed, either directly or indirectly, literally or under the doctrine of equivalents, any patent rights owned by plaintiff, including any rights the plaintiff may have in the '850 patent;

C. That the Court issue a declaratory judgment that the '850 patent is invalid;

D. That the Court enjoin plaintiff, including its officers, directors, attorneys, agents and anyone acting in concert with such persons from asserting that Google or any of Google's customers, distributors, or agents have infringed any of plaintiff's patent rights, including any rights plaintiff may have in the '850 patent;

E. That the Court find that this case is exceptional, and require plaintiff to pay Google's attorneys' fees and costs pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

F. That the court award Google such other and further relief as the Court may deem appropriate and just under the circumstances.

**JURY DEMAND**

Google hereby demands a jury for all claims in the Complaint and its Counterclaims that are triable by jury.

| | | |
|---|---|---|
| 1 | March 2, 2009 | Respectfully submitted, |
| 2 | | |
| 3 | | |
| 4 | | By: /s/ Jonathan M. James |
| | | Jonathan M. James |
| 5 | | jjames@perkinscoie.com |
| | | Mark E. Strickland |
| 6 | | mstrickland@perkinscoie.com |
| 7 | | 2901 North Central Avenue, Suite 2000 |
| | | Phoenix, Arizona 85012 |
| 8 | | Telephone: (602) 351-8000 |
| | | Facsimile: (602) 648-7000 |
| 9 | | |
| 10 | | Ramsey M. Al-Salam |
| | | ralsalam@perkinscoie.com |
| 11 | | Perkins Coie LLP |
| 12 | | 1201 Third Avenue, Suite 4800 |
| | | Seattle, Washington 98101-3099 |
| 13 | | Telephone: (206) 359-8000 |
| | | Facsimile: (206) 359-9000 |
| 14 | | |
| 15 | | *Attorneys for Defendant Google, Inc.* |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter C. Warner: pcw@warnerpatents.com
Anna B. Folgers: afolgers@nshn.com
Lee F. Grossman: lgrossman@nshn.com
Matthew G. McAndrews: mmcandrews@nshn.com
Raymond P. Niro: rniro@nshn.com
Benjamin C. Elacqua: elacqua@fr.com
David J. Healey: healey@fr.com
Garland T. Stephens: stephens@fr.com
James Nicholas Bunch: bunch@fr.com
John R. Lane: jlane@fr.com

                                        /s/ Daniel R. Graziano
                                          Daniel R. Graziano

41063-0115/LEGAL15307833.1