Lee F. Grossman
Niro, Scavone, Haller & Niro, Ltd.
181 West Madison Street, Suite 4600
Chicago, IL 60602
Tel: (312) 236-0733/Fax: (312) 236-3137
**Attorney for Plaintiff**

David J. Healey (Texas Bar No. 09327980)
Garland Stephens (Texas Bar No. 24053910)
Fish & Richardson P.C.
One Houston Center – 28th Floor
1221 McKinney
Houston, TX 77010
Tel.: (713) 652-0115/Fax: (713) 652-0109
**Attorneys for Defendants Apple Inc. and Microsoft Corp.**

Jonathan James, Bar No. 012204
jjames@perkinscoie.com
Mark E. Strickland, Bar. No. 022291
mstrickland@perkinscoie.com
Perkins Coie LLP
2901 North Central Ave., Suite 2000
Phoenix, AZ 85012
Tel.: (602) 351-8000/Fax: (602) 648-7000

Ramsey M. Al-Salam (*Pro Hac Vice*)
ralsalam@perkinscoie.com
Perkins Coie LLP
1201 Third Avenue, 40th Floor
Seattle, WA 98101
Tel: (206) 359-8000/Fax: (206) 359-9000
**Attorneys for Defendant Google Inc.**

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **CYGNUS SYSTEMS, INC.,**<br>　　　　　**Plaintiff,**<br><br>　　vs.<br><br>**MICROSOFT CORPORATION; APPLE INC.;**<br>**and GOOGLE INC.**<br>　　　　　**Defendants.** | Case No. CV-08-2337-PHX-NVW<br><br>**RULE 26(f) DISCOVERY PLAN** |

On March 4, 2009, the Court ordered the parties to confer and report on certain matters

**RULE 26(f) DISCOVERY PLAN – Page 1**
41063-0115/LEGAL15837158.1

(Docket No. 31). The parties did meet and confer via telephone on April 2, April 6, and April 9 2009. Pursuant to the conference among counsel, the parties report as follows:

I. **The parties who attended the Rule 26(f) Meeting and assisted in developing the Plan**

The following parties attended the Rule 26(f) Meeting and assisted in developing the Plan:

| For Plaintiff Cygnus | For Defendants Microsoft and Apple | For Defendant Google |
|---|---|---|
| Lee Grossman<br>Matthew McAndrews<br>Anna Folgers | Garland Stephens<br>David Healey<br>Benjamin C. Elacqua<br>J. Nicholas Bunch | Ramsey M. Al-Salam |

II. **A short statement of the nature of the case (3 pages or less), including a description of each claim or defense**

This is a patent infringement case. Plaintiff Cygnus Systems, Inc. ("Cygnus") alleges infringement of United States Patent No. 7,346,850 ("the '850 patent"), which is entitled "System and Method for Iconic Software Environment Management." Cygnus accuses feature(s) that Cygnus contends "provide[] accessing a computer file via a graphical thumbnail icon" in (1) Microsoft's Vista operating system and Internet Explorer 8.0; (2) Apple's Mac OS X Leopard operating system (3) Apple's iPhone; and (4) Google's Chrome web browser. Cygnus seeks damages and injunctive relief against all Defendants.

Defendants separately answered Plaintiff's First Amended Complaint on March 2, 2009. Defendants deny that they infringe the '850 patent. Defendants further contend that the '850 patent is invalid or unenforceable for the reasons set forth in their respective Answers. Defendants have also asserted counterclaims for declaratory judgment of noninfringement and invalidity of the '850 patent.

III. **A description of the principal factual and legal disputes in the case**

The principal issues in dispute include:

- The conception date of each claim of the '850 patent;

- The construction of disputed terms or phrases in the asserted claims of the '850 patent;

- Whether Defendant Microsoft infringes any claim of the '850 patent;

- Whether Defendant Apple infringes any claim of the '850 patent;

- Whether Defendant Google infringes any claim of the '850 patent;

- Whether the '850 patent is invalid for failure to comply with the provisions of Title 35 of the United States Code, including without limitation §§ 102, 103, and/or 112;

- If Microsoft is found liable for infringement and the infringed claims of the '850 patent are not invalid, the measure of damages for such infringement;

- If Apple is found liable for infringement and the infringed claims of the '850 patent, the measure of damages for such infringement;

- If Google is found liable for infringement and the infringed claims of the '850 patent are not invalid, the measure of damages for such infringement;

- Whether this case is exceptional under 35 U.S.C. § 285, or any other applicable provision, entitling Cygnus, Microsoft, Apple, or Google to costs and attorneys' fees;

- Whether Cygnus has complied with the notice provisions of 35 U.S.C. § 287;

- Whether the claims of the '850 patent are unenforceable under the equitable doctrine of unclean hands;

- Whether the '850 patent is unenforceable under the doctrine of patent misuse.

The parties reserve the right to supplement or amend the foregoing list as the case develops.

### IV. The jurisdictional basis for the case, citing specific jurisdictional statutes

This Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338(a).

### V. Any parties which have not been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared

All named parties have been served and have filed an answer or otherwise appeared.

**VI.  A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings (the Court will set a deadline of not later than 90 days after the Scheduling Conference to join parties or amend pleadings)**

The parties do not expect to add additional parties to this case, but the parties reserve the right to add parties and/or amend pleadings as a result of information learned in discovery.

**VII. A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705)**

Plaintiff contemplates filing a motion for summary judgment for infringement during or immediately after fact discovery.

Defendants anticipate filing, in the near term, a motion for summary judgment of invalidity or, in the alternative, a motion to stay this litigation pending completion of an *inter partes* reexamination. Unless Plaintiffs agree to limit damages discovery, Defendants Microsoft and Apple further anticipate filing a motion for a protective order limiting damages discovery to evidence of the market value of the claimed technology and specifically precluding discovery on the entire market value of the products incorporating accused features. Defendants Microsoft and Apple further anticipate filing a *Daubert* motion to limit use of the *Georgia-Pacific*[1] factors to preclude evidence of the entire market value of products incorporating the accused features. Defendants further anticipate filing various motions *in limine* in advance of trial, as well as a motion for summary judgment of noninfringement

**VIII. Whether the case is suitable for reference to arbitration or a United States Magistrate Judge for trial**

The parties do not believe this case is suitable for reference to arbitration a United States Magistrate Judge for trial.

**IX. The status of related cases pending before other courts or other judges of this Court**

There are no related cases pending before other courts or other judges of this Court.

---

[1] *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F.Supp. 1116 (S.D.N.Y. 1970).

X.  **A statement of when the parties exchanged Federal Rule of Procedure 26(a) initial disclosures**

The parties electronically served their respective Initial Disclosures on March 27, 2009, pursuant to the Court's Order Setting Rule 16 Scheduling Conference (dated Mar. 4, 2009, Docket No. 31).

XI. **Discovery**

The parties agree that discovery will proceed in four phases:

- **The First Phase of Discovery**. The first phase of discovery will conclude May 22, 2009. The Parties agree to conduct an in-person meeting and discuss the merits of the case, including but not limited to non-infringement and invalidity positions.

- **The Second Phase of Discovery**. The second phase of discovery will conclude July 17, 2009. During that time Plaintiff will produce all of its relevant documents in electronic form, including all documents concerning or corroborating conception, reduction to practice, and diligence with respect to the claims and all documents and any business related to the invention. Defendants will produce documents sufficient to describe the structure and operation of the allegedly infringing aspects of the accused products; marketing materials that reference such allegedly infringing aspects of the accused products; documents supporting Defendants' defenses and counterclaims as they are understood at that time. No email production will be required during this period from Defendants. By this deadline, Defendants will file any motions with the Court to limit damages discovery as discussed *supra* at Section VII. Defendants are not required to produce damages discovery until resolution of such motions.

- **The Third Phase of Discovery**. The third phase of discovery begins on July 17, 2009 and ends on August 28, 2009. During the third phase of discovery, each side will study and analyze the other sides' document production and request follow-up information as needed by letter. Follow-up requests shall be targeted and specific. All targeted and specific requests for follow-up document production shall be made by letter and shall be made no later than August 28, 2009. The parties agree to meet and confer in good faith regarding any follow-up document discovery request.

- **The Fourth Phase of Discovery.** The fourth phase of discovery begins on August 28, 2009, and ends on November 20, 2009. During the fourth phase of discovery, each side will complete document production of those items requested in the third phase of discovery.

The parties agree that all document discovery will be complete by November 20, 2009 subject to modification by agreement of the parties.

**The extent, nature, and location of discovery anticipated by the parties**

The parties anticipate discovery will be needed on the issues of infringement/noninfringement, invalidity, conception, reduction to practice, diligence, unenforceability, damages or lack thereof, willfulness or lack thereof, and the subject matter of Defendants' defenses and counterclaims. The foregoing list is not meant to be exhaustive, and the parties reserve the right to discover additional subjects as the case progresses. The parties anticipate that discovery will take the form of (a) depositions; (b) interrogatories; (c) requests for admission; and (d) the parties' agreement on document discovery through letter (and not through the use of FRCP 34 Requests for Production).[2] Plaintiff will depose employees from each of the Defendants. Defendants will depose Gregory J. Swartz, one of the named inventors on the '850 patent, who is believed to currently reside in Anthem, Arizona. Defendants further expect to conduct discovery from Plaintiff Cygnus Systems, Inc., which also resides in Anthem, Arizona. Defendants further expect to subpoena Christopher J. Danforth, one of the named inventors on the '850 patent, who is believed to currently reside in Erlanger, Kentucky. Defendants further expect to subpoena James B. Swartz, one of the named inventors on the '850 patent, who is believed to currently reside in Noblesville, Indiana. Defendants may also subpoena one or more third parties for documents and/or deposition.

Defendants contend that the total market value of the accused products is not relevant in this case and should be excluded from discovery because they contend that the allegedly infringing features form a very small portion of the products in which the features are included and that many noninfringing alternatives were readily available at very low cost. Plaintiff disagrees.

---

[2] To that end, the parties agree to treat the RFPs served to date as informal document requests and agree to that formal response and objections need not be served. However, both parties reserve all rights under the Federal Rules to seek appropriate relief, if necessary.

A. **Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure**

Defendants request that each of the three named inventors may each be deposed up to 14 hours.

Plaintiff suggests that the Federal Rules should apply and that each inventor can be deposed for 7 hours, which is a total of 21 hours.

B. **The number of hours permitted for each deposition, unless extended by agreement of the parties**

Pursuant to Federal Rule of Civil Procedure 30(d)(2), the parties propose that each deposition be limited to one day of seven hours, unless otherwise ordered by the Court or agreed by stipulation of the parties.

XII. **Proposed specific dates for each of the following (deadlines should fall on a Friday unless impracticable)**

The parties propose the following scheduling order:

| Event | Date |
| --- | --- |
| Initial Disclosures | March 27, 2009 |
| Case Management Conference | April 17, 2009 |
| Plaintiff serves Preliminary Infringement Contentions consistent with Local Patent Rule 3-1 of the Northern District of California | May 15, 2009 |
| Completion of First Phase of Discovery (see *supra* Section XI) | May 22, 2009 |
| Defendants serve Preliminary Invalidity Contentions consistent with Local Patent Rule 3-3 of the Northern District of California | July 2, 2009 |
| Parties exchange a list of claim terms, phrases, or clauses which that party contends should be construed by the Court, and identify any claim element which that party contends should be governed by 35 U.S.C. § 112(6). | July 10, 2009 |
| Completion of Second Phase of Discovery (see *supra* Section XI) | July 17, 2009 |
| Deadline for parties to meet and confer concerning claim terms for construction and to limit terms to be construed to 10. | July 17, 2009 |
| The parties simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the | July 31, 2009 |

| Event | Date |
|---|---|
| parties collectively have identified for claim construction purposes. For each element which any party contends is governed by 35 U.S.C. § 112(6), the party shall identify the structure(s), act(s), or material(s) corresponding to that element. The parties shall also preliminarily identify extrinsic evidence upon which they intend to rely to support their proposed constructions, including dictionary definitions and expert testimony, if any. A brief summary of any expert testimony will be provided. | |
| Deadline for the parties to meet and confer for the purposes of narrowing the issues and preparing a Joint Claim Construction Statement. | August 14, 2009 |
| Completion of Third Phase of Discovery (see *supra* Section XI) | August 28, 2009 |
| Deadline for filing a Joint Claim Construction and Prehearing Statement consistent with Local Patent Rule 4-3 of the Northern District of California. | September 25, 2009 |
| Completion of any discovery concerning claim construction, including depositions of experts. | October 23, 2009 |
| Patentee Files Opening Claim Construction Brief | October 30, 2009 |
| Defendants file Responsive Brief | November 13, 2009 |
| Patentee Files Reply Claim Construction Brief | November 20, 2009 |
| Completion of Fourth Phase of Discovery (see *supra* Section XI) | November 20, 2009 |
| Prehearing conference and technical tutorial, if necessary | Day before the claim construction hearing or in combination with the hearing |
| Claim Construction Hearing | Subject to the Court's schedule, on or about December 11, 2009 |

- Dispositive Motions shall be filed no later than by January 15, 2010.

- Subsequent to the Court's ruling on dispositive motions, the parties will meet and confer and submit a joint status report to the Court, including but not limited to proposed expert discovery and proposed pre-trial deadlines.

**XIII. Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, set forth the reasons)**

All parties have requested and consented to trial by jury.

## XIV. Estimated length of trial

The parties agree that the estimated length of trial is 5-10 days.

## XV. The prospects for settlement, including any request of the Court for assistance in settlement efforts

The parties have had some settlement discussions, and will continue to have more.

A this time, the parties do not believe that the assistance of the Court is required.

**Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure**

### A. Protective Order

The parties anticipate submitting a protective order to the Court for entry in the near term. The parties agree that the Protective Order will include a claw-back provision that permits either side to request the return of any inadvertently produced document that is subject to the attorney-client privileged and/or the work-product immunity without waiver, and agree that key-word screening of produced documents for the names of in-house and outside attorneys and law firms shall be deemed sufficient diligence to preclude an argument of waiver.

### B. Proposed Stipulations

The parties hereby agree to the following stipulations:

- The parties stipulate that attorney-client privileged and/or work product materials generated between counsel and client after the filing of this lawsuit need not be included on a privilege log.

- The parties stipulate that production may be in the form of TIFF files or native format, at the producing party's option. For production in native format, the producing party agrees to provide reasonable assistance to the receiving party in the use of unusual file formats.

- The parties stipulate that service of letters, discovery requests, and other documents that are not required to be filed with the Court electronically shall be made, at a minimum, via email addressed to counsel of record.

Dated: April 9, 2009

Respectfully submitted,

/s/ *Ramsey M. Al-Salam*
Ramsey M. Al-Salam (*Pro Hac Vice*)
ralsalam@perkinscoie.com
Perkins Coie LLP
1201 Third Avenue, 40th Floor
Seattle, WA 98101
Tel: (206) 359-8000/Fax: (206) 359-9000

Jonathan James, Bar No. 012204
jjames@perkinscoie.com
Mark E. Strickland, Bar. No. 022291
mstrickland@perkinscoie.com
Perkins Coie LLP
2901 North Central Ave., Suite 2000
Phoenix, AZ 85012
Tel.: (602) 351-8000/Fax: (602) 648-7000

**Attorneys for Defendant Google Inc.**

/s/
Lee F. Grossman
Niro, Scavone, Haller & Niro, Ltd.
181 West Madison Street, Suite 4600
Chicago, IL 60602
Tel: (312) 236-0733/Fax: (312) 236-3137
**Attorney for Plaintiff Cygnus Systems, LLC**

/s/
David J. Healey (Texas Bar No. 09327980)
Garland Stephens (Texas Bar No. 24053910)
Fish & Richardson P.C.
One Houston Center – 28th Floor
1221 McKinney
Houston, TX 77010
Tel.: (713) 652-0115/Fax: (713) 652-0109

**Attorneys for Defendant Apple Inc. and Microsoft Corporation**