# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Cygnus Systems, Inc.,<br>                      Plaintiff,<br>vs.<br>Microsoft Corporation; Apple Inc.;<br>and Google Inc.<br>                      Defendants. | Case No. CV-08-2337-PHX-NVW<br><br>SCHEDULING ORDER |

On April 16, 2009, a Scheduling Conference was held pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. The parties met before the conference in accordance with Rule 26(f) and prepared a Discovery Plan. On the basis of the Scheduling Conference and the Discovery Plan,

**IT IS HEREBY ORDERED**:

1. <u>Deadline for Initial Disclosures</u>. Initial disclosures required by Federal Rule of Civil Procedure 26(a) were exchanged on April 6, 2009.

2. <u>Deadline for Joining Parties and Amending Pleadings</u>. The deadline for joining parties and amending pleadings is 90 days from the date of this order. Motions to join parties or for leave to amend pleadings shall be filed within 30 days of this order so they can be heard and decided prior to the deadline.

3. <u>Discovery Limitations</u>.

    a. The First Phase of Discovery: The first phase of discovery will conclude May 22, 2009. The Parties agree to conduct an in-person meeting and discuss the merits of the case, including but not limited to non-infringement and invalidity positions.

    b. The Second Phase of Discovery: The second phase of discovery will conclude July

**Scheduling Order – Page 1**

17, 2009.  During that time Plaintiff will produce all of its relevant documents in electronic form, including all documents concerning or corroborating conception, reduction to practice, and diligence with respect to the claims and all documents and any business related to the invention.  Defendants will produce documents sufficient to describe the structure and operation of the allegedly infringing aspects of the accused products; marketing materials that reference such allegedly infringing aspects of the accused products; documents supporting Defendants' defenses and counterclaims as they are understood at that time.  No email production will be required during this period from Defendants.  By this deadline, Defendants will file any motions with the Court to limit damages discovery as discussed at Section VII of the Rule 26(f) Discovery Plan (doc. 43).  Defendants are not required to produce damages discovery until resolution of such motions.

   c. The Third Phase of Discovery:  The third phase of discovery begins on July 17, 2009 and ends on August 28, 2009.  During the third phase of discovery, each side will study and analyze the other sides' document production and request follow-up information as needed by letter.  Follow-up requests shall be targeted and specific.  All targeted and specific requests for follow-up document production shall be made by letter and shall be made no later than August 28, 2009.  The parties agree to meet and confer in good faith regarding any follow-up document discovery request.

   d. The Fourth Phase of Discovery:  The fourth phase of discovery begins on August 28, 2009, and ends on November 20, 2009.  During the fourth phase of discovery, each side will complete document production of those items requested in the third phase of discovery.

   e. Additional Discovery Limitations:
      i. Depositions in this case shall be limited to seven hours each as provided in Rule 30(d)(2) of the Federal Rules of Civil Procedure, however, the parties agree to work together in order to accommodate depositions that might last longer than seven hours, if necessary for specific witnesses.  The limitations set forth in this paragraph may be increased by mutual agreement of the parties, but such an increase will not result in an extension of the discovery deadlines set forth below.

4. <u>Deadline for Completion of Fact Discovery</u>. The deadline for completion of fact discovery will be January 15, 2010 subject to agreement of the parties and approval by the Court.  To ensure compliance with this deadline, the following rules shall apply:

   a. Depositions: All deposition shall be scheduled to commence at least five working days prior to the discovery deadline.  A deposition commenced five days prior to the deadline may continue up until the deadline, as necessary.

   b. Written Discovery: All interrogatories and requests for admission shall be served 45

days before the discovery deadline.

c. Notwithstanding LRCiv 7.3, the parties may mutually agree in writing, without court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure. Such agreed-upon extension, however, shall not alter or extend the discovery deadlines set forth in this order.

5. The following case specific deadlines shall apply:

| Event | Date |
|---|---|
| Plaintiff serves Preliminary Infringement Contentions consistent with Local Patent Rule 3-1 of the Northern District of California | May 15, 2009 |
| Completion of First Phase of Discovery (see Section XI of the Rule 26(f) Discovery Plan, doc. 43) | May 22, 2009 |
| Defendants serve Preliminary Invalidity Contentions consistent with Local Patent Rule 3-3 of the Northern District of California | July 2, 2009 |
| Parties exchange a list of claim terms, phrases, or clauses which that party contends should be construed by the Court, and identify any claim element which that party contends should be governed by 35 U.S.C. § 112(6). | July 10, 2009 |
| Completion of Second Phase of Discovery (see Section XI of the Rule 26(f) Discovery Plan, doc. 43) | July 17, 2009 |
| Deadline for parties to meet and confer concerning claim terms for construction and to limit terms to be construed to 10. | July 17, 2009 |
| The parties simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the parties collectively have identified for claim construction purposes. For each element which any party contends is governed by 35 U.S.C. § 112(6), the party shall identify the structure(s), act(s), or material(s) corresponding to that element. The parties shall also preliminarily identify extrinsic evidence upon which they intend to rely to support their proposed constructions, including dictionary definitions and expert testimony, if any. A brief summary of any expert testimony will be provided. | July 31, 2009 |
| Deadline for the parties to meet and confer for the purposes of narrowing the issues and preparing a Joint Claim Construction Statement. | August 14, 2009 |
| Completion of Third Phase of Discovery (see Section XI of the Rule 26(f) Discovery Plan, doc. 43) | August 28, 2009 |
| Deadline for filing a Joint Claim Construction and Prehearing Statement consistent with Local Patent Rule 4-3 of the Northern | September 25, 2009 |

| District of California. | |
|---|---|
| Completion of any discovery concerning claim construction, including depositions of experts. | October 23, 2009 |
| Patentee Files Opening Claim Construction Brief | October 30, 2009 |
| Defendants file Responsive Brief | November 13, 2009 |
| Patentee Files Reply Claim Construction Brief | November 20, 2009 |
| Completion of Fourth Phase of Discovery (see Section XI of the Rule 26(f) Discovery Plan, doc. 43) | November 20, 2009 |
| Prehearing conference and technical tutorial, if necessary | Day before the claim construction hearing or in combination with the hearing |
| Claim Construction Hearing | To be set by later order |

6. Deadline for Filing Dispositive Motions (including *Daubert* Motions).

    a. Dispositive motions shall be filed no later than January 15, 2010. Such motions must comply in all respects with the Federal Rules of Civil Procedure and the Local Rules.

    b. No party or parties represented by the same counsel shall file more than one motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure unless by leave of Court.

    c. Failure to respond to a motion within the time periods provided in LRCiv 7.2 will be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily pursuant to LRCiv 7.2(i).

    d. A party desiring oral argument shall place the words "Oral Argument Requested" immediately below the title of the motion pursuant to LRCiv 7.2(f). The court will issue a minute entry order scheduling oral argument as it deems appropriate.

7. Expert Discovery and Pretrial Deadlines. Subsequent to the Court's ruling on dispositive motions, the parties will meet and confer and submit a joint status report to the Court, including but not limited to proposed deadlines for expert disclosures and expert discovery and proposed pretrial deadlines.

8. Final Pretrial Conference. The parties who will be trying the case shall appear at the Final Pretrial Conference **TO BE SET BY LATER ORDER.**

**Scheduling Order – Page 4**

9. <u>Discovery Disputes</u>.

   a. The parties shall not file written discovery motions without leave of court. Except during a deposition, if a discovery dispute arises and cannot be resolved despite sincere efforts to resolve the matter through personal consultation (in person or by telephone), the parties shall jointly file (1) a brief written summary of the dispute, not to exceed one page, with explanation of the position taken by each party and (2) a joint written certification that the counsel or the parties have attempted to resolve the matter through <u>personal</u> consultation and sincere effort as required by LRCiv 7.2(j) and have reached an impasse. If the opposing party has refused to <u>personally</u> consult, the party seeking relief shall describe the efforts made to obtain personal consultation. Counsel or the parties may then telephone the Court to obtain a time for a telephone conference, and the Court may enter appropriate orders on the basis of the telephone conference. The Court may order written briefing if it does not resolve the dispute during the telephone conference. Any briefing ordered by the Court shall also comply with LRCiv 7.2(j)

   b. If a discovery dispute arises in the course of a deposition and requires an immediate ruling of the Court, the parties shall jointly telephone the Court to request a telephone conference regarding the dispute.

   c. Absent extraordinary circumstances, the court will not entertain fact discovery disputes after the deadline for completion of fact discovery and will not entertain expert discovery disputes after the deadline for completion of expert discovery. Delay in presenting discovery disputes for resolution is not a basis for extending discovery deadlines.

10. <u>The Deadlines are Real</u>.  The parties are advised that the Court intends to enforce the deadlines set forth in this order, and they should plan their litigation activities accordingly.  The Court will not extend the case processing deadlines because the parties wish to avoid litigation expense if and when they elect to purse settlement efforts, including a settlement conference before a magistrate judge.

11. <u>Dismissal for Failure to Meet Deadlines of This Order or of the Rules</u>.  The parties are warned that failure to meet any of the deadlines in this order or in the Federal Rules of Civil Procedure without substantial justification may result in sanctions, **including dismissal of the action or entry of default.**

12. <u>Requirement for Paper Courtesy Copies</u>.  Pursuant to Section II.D.3 of the Electronic Case Filing Administrative Policies and Procedures Manual, a paper courtesy copy of dispositive motions and responses and replies thereto and any document exceeding 10 pages in length shall be either post-marked and mailed directly to the judge or hand-delivered to the judge's mail box located in the courthouse the next business day after the electronic filing.  A copy of the face page of the Notice of Electronic Filing shall be appended to the last page of the courtesy copy.  Courtesy copies of documents too large for stapling must be bound with a metal prong fastener at the top center of the document or submitted in three-ring binders.  If courtesy copies are not delivered within three days of the file date, the court may strike the pleading summarily for failure to follow court rules and this order.

13. <u>Stipulations Agreed to by the Parties</u>.

    a. The parties stipulate that attorney-client privileged and/or work product materials generated between counsel and client after the filing of this lawsuit need not be included on a privilege log.

    b. The parties stipulate that production may be in the form of TIFF files or native format, at the producing party's option.  For production in native format, the

producing party agrees to provide reasonable assistance to the receiving party in the use of unusual file formats.

c. The parties stipulate that service of letters, discovery requests, and other documents that are not required to be filed with the Court electronically shall be made, at a minimum, via email addressed to counsel of record.

DATED this 23rd day of April, 2009.

_____
Neil V. Wake
United States District Judge