Cygnus Systems, Inc. v. Microsoft Corporation, et al          Doc. 57 Att. 2

# EXHIBIT AA

Dockets.Justia.com

1

2 CHRIS M. ROLL
  Cochise County Attorney
  BY: DAVID P. FLANNIGAN
3 BAR NO. 007162
  P.O. Drawer CA
4 Bisbee, Arizona 85603
  (520) 432-9377
5 Attorney for the State

6

7           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8                  IN AND FOR THE COUNTY OF COCHISE

9
  STATE OF ARIZONA
10                                  )
                        Plaintiff,  )   NO.  CR98000296/345
11                                  )
       vs.                          )
12                                  )
   EARL BALL,                       )   NOTICE OF APPEAL FROM
13                                  )      SUPERIOR COURT
                                    )
14                     Defendant.   )
                                    )
15 ─────────────────────────────────)

       NOTICE IS HEREBY GIVEN that the State of Arizona appeals from the
16
17     ( ) Following judgments(s) of guilt in the above entitled case:

       (x) Following sentence(s) imposed in the above entitled case on Counts 1 through 10 on
18     October 16, 2000.

19     (x) Other:  1)  The trial court's designation of the charges in the Indictment as not being a
       offense involving dangerous crimes against children under A.R.S. §13-604.01.
20
   Sentenced entered in the Superior Court, Cochise County, on 16 October, 2000.
21
       This appeal in whole is based upon violation of substantial right of the victim, L████
22
   ████ B███. The State certifies that the said victim has requested this appeal on that basis.
23
   Rule 31.2(d), Arizona Rules of Criminal Procedure; Rule 3(b) Superior Court Rules of Appellate
24
   Procedure -Criminal.
25

FILED

00 OCT 25  PH 4: 07



                                - 1 -

1   The defendant against whom the State appeals was represented by appointed counsel

2   at the determination of guilt and at sentencing.

3

4   25 Oct. 2000
          (DATE)

DAVID P. FLANNIGAN
Deputy County Attorney

5

6

7       The name and address of the defendant or defendants who appeal or against whom the
    State appeals: Earl Ball, Cochise County Jail.

8       The name and address of the attorney for the defendant or defendants: Mark Suagee
    and Donna Beckman, P.O. Box 1818, Bisbee, Arizona 85603 and Harriet P. Levitt, Esq. The

9   name and address of any codefendant at trial. None.

        Appellate Court: Arizona Court of Appeals, Division 2, State Office Complex, 400 W.

10  Congress, Tucson, Arizona 85701-1374

11

    Copies of the foregoing

12  mailed/delivered this 25
    day of October, 2000, to:

13
                    Desaus
    Hon. Matthew W. Borowiec

14  Judge of the Superior Court
    Division I

15
    Public Defender's Office

16  P.O. Box 1818
    Bisbee, Arizona 85603

17
    Earl Ball

18  C/o County Jail
    204 N. Judd

19  Bisbee, Arizona 85603

20  Harriet P. Levitt

21

22

23

24

25

- 2

(242)

LAW OFFICES OF
**HARRIETTE P. LEVITT**
465 SOUTH MAIN AVENUE
TUCSON, ARIZONA 85701
(520) 624-0400
FAX (520) 620-0921
PIMA COUNTY COMPUTER No. 34320

Bar Number 7077
Attorney for    Defendant



FILED

00 NOV -1 AM 11: 13

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF COCHISE

| | |
|---|---|
| STATE OF ARIZONA, | ) |
| | ) |
| Plaintiff, | ) NO. CR98000296/345 |
| | ) |
| vs. | ) **NOTICE OF APPEAL/ REQUEST** |
| | ) **FOR APPOINTMENT OF COUNSEL** |
| EARL BALL, | ) |
| | ) |
| Defendant. | ) (Assigned to Judge Desens) |
| | ) |

COMES NOW the Defendant, by and through his attorney undersigned, and hereby gives notice of appeal from the Judgment and Sentence of this Court entered on October 16, 2000 in Counts 1 through 10.

Defendant further requests that Harriette P. Levitt be appointed to represent him on appeal. Counsel undersigned is representing Defendant on the remaining counts in the above-entitled matter as well as his direct appeal in CR-98000131.

RESPECTFULLY SUBMITTED this 31st day of October, 2000.

HARRIETTE P. LEVITT

(243)

1

2  Copy of the foregoing mailed
   this 31st day of October, 2000, to:

3

4  David P. Flannigan, Esquire
   Cochise County Attorney
   P. O. Drawer CA

5  Bisbee, Arizona 85603

6  Earl Ball, #153335

7  Eyman Complex - Rynning Unit
   P. O. Box 3100

8  Florence, Arizona 85232

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(244)

# EXHIBIT BB

IN THE SU  ꓭOR COURT OF THE STATE OF A  ꓭNA

IN AND FOR THE COUNTY OF COCHISE

FILED

STATE OF ARIZONA,                    )
                                     )     00(consolidated)
                                     )     Nos. CR98000296 (main case)
          Plaintiff,                 )     No. CR98000345
                                     )     CLERK OF SUPERIOR COURT
-vs-                                 )     NOTICE OF POST-CONVICTION
                                     )          RELIEF
EARL BALL                            )
                                     )
                                     )
          Defendant.                 )
_____)

Instructions: When the notice is complete, file it with the Clerk of the Superior Court of the county in which the conviction occurred.

A person unable to pay costs of this proceeding and to obtain the services of a lawyer without substantial personal or family hardship should indicate this by requesting counsel in Question 6 of this notice and execute the AFFIDAVIT OF INDIGENCY on page 4. In the event an attorney is not appointed, a Request for Preparation of Post-Conviction Relief Record form must be filed by the defendant if some portion of the record is needed and has not previously been obtained.

NO ISSUE WHICH HAS ALREADY BEEN RAISED AND DECIDED ON APPEAL OR IN A PREVIOUS PETITION FOR POST-CONVICTION RELIEF MAY BE USED AS A BASIS FOR A SUCCESSIVE PETITION FOR POST-CONVICTION RELIEF.

1. Defendant's Name and prison number (if any):


2. Defendant's address:
   EARL BALL
   c/o Cochise County Jail
   Bisbee, Arizona   85603


3. A. Defendant was convicted of the following crime(s):
   CR98000296: ARS Sec. 13-3553 - Sexual exploitation
   CR98000345: ARS Sec. 13-3553 - Sexual exploitation



B. Defendant was sentenced on \tober 4 _____, 19. ) ___, to a term of

   20 years _____, commencing on ___ October 4 ___, 1999 ___,

   following a

[x] Trial by Jury   [ ] Trial by a Judge without a Jury
[ ] Plea of Guilty  [ ] Plea of No Contest

   in the Superior Court of Cochise County with Judge _Borowiec_____, presiding.

C. The file number of the case was  CR98000296  (main case)
                                     CR98000345  (consolidated)

4. Defendant has taken the following actions to secure relief from convictions or sentences:

A. Direct Appeal: [x] Yes    [ ] No

B. Previous Rule 32 Proceedings: [ ] Yes    [x] No

5. Defendant was represented by the following lawyers at:
   (Provide name of counsel and counsel's address, if known)

   Trial or change of plea}  Mark A. Suagee

   Sentencing hearing{  Donna M. Bechman

   Appeal (if any):  }Cochise County Public Defender's Office

   Previous Rule 32 proceedings (if any):

6. Defendant is presently represented by a lawyer:  [ ] Yes    [x] No

   If yes, provide name and address.

   If no, does the defendant request the Court to appoint a lawyer for this proceeding?
   [x] Yes    [ ] No

246

7. Respond to this section only ¦ defendant requests counsel and ¦ filed a previous
Rule 32 petition in this case.

A. Is a claim of ineffective assistance of counsel raised in this petition? [ ] Yes    [ ] No

B. Is this the first claim of ineffective assistance of counsel raised? [ ] Yes    [ ] No

C. If no, state what action is requested of the court and the reasons the court should take this action:


_1-4-2000_                              _Earl Ball_
Date                                    Defendant

## AFFIDAVIT OF INDIGENCY

I have requested the appointment of a lawyer to represent me in Question 6. I swear under oath and penalty of perjury that I am indigent and, because of my poverty, I am financially unable to pay for the cost of a lawyer to represent me without incurring substantial hardship to myself or my family.



_____
Defendant

Subscribed and sworn to before me on _____ _January 4, 2000_
(date)

_____        

My Commission Expires                    Notary Public

OFFICIAL SEAL
PETER CARY
Notary Public - State of Arizona
COCHISE COUNTY
My Comm. Expires June 29, 2002

# EXHIBIT CC

1  EARL BALL
   Defendant/Petitioner *In Pro Per*
2  c/o Cochise County Adult Detention Center
3  203 N. Judd
   Bisbee, AZ 85603
4

FILED

00 FEB 28 PM 12: 05

5          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

6                IN AND FOR THE COUNTY OF COCHISE

7  STATE OF ARIZONA,                    )
8                                       )   NO.   CR98000296
                       Plaintiff,       )         CR98000345
9                                       )
10 vs.                                  )
                                        )   NOTICE FOR POST-CONVICTION
11 EARL BALL,                           )   RELIEF
                                        )
12                 Defendant/Petitioner. )   Assigned to Judge Boroweic
13 _____     )
14

15      **COMES NOW** the Defendant/Petitioner, EARL BALL, *in pro per*, and files this Notice for

16 Post-Conviction Relief pursuant to Arizona Rules of Criminal Procedure Rule 32.4.   Petitioner

17 asserts that he is indigent and requests that the state provide him with counsel and transcripts in this

18

19 matter.

20      **RESPECTFULLY SUBMITTED** this 28ᵗʰ day of February, 2000.

21

22                                      _Earl Ball_
                                        EARL BALL, Defendant, *In Pro Per*
23 A copy of the foregoing
   mailed/delivered this 28ᵗʰ
24 day of February , 2000, to:

25 Cochise County Public Defender's Office
   Bisbee, Arizona 85603
26
   Cochise County Attorney's Office
27 PO Drawer CA
   Bisbee AZ  85603

28 By:_____



1  EARL BALL
   Defendant/Petitioner *In Pro Per*
2  c/o Cochise County Adult Detention Center
3  203 N. Judd
   Bisbee, AZ 85603
4

5              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

6                     IN AND FOR THE COUNTY OF COCHISE

7
                                    )
8  STATE OF ARIZONA,                )        NO.    CR98000296
                                    )               CR98000345
9              Plaintiff,            )
10                                   )
   vs.                              )        PETITION FOR POST-
11                                   )        CONVICTION RELIEF
                                    )
12 EARL BALL,                       )
                                    )        Assigned to Judge Borowiec
13             Defendant/Petitioner. )
                                    )
14

15         **COMES NOW** the Defendant/Petitioner, EARL BALL, *in pro per*, and files this Petition

16 for Post-Conviction Relief Pursuant to Arizona Rules of Criminal Procedure Rule 32, based on the

17 following Memorandum of Points and Authorities.

18
           **RESPECTFULLY SUBMITTED** this **28** day of February, 2000.
19

20

21                                _Earl Ball_

22                                EARL BALL
                                  Defendant, *In Pro Per*
23

24

25

26

27

28



## MEMORANDUM OF POINTS AND AUTHORITIES

## 1. FACTS AND PROCEDURE:

Defendant was tried by jury on both cases CR98000296 and CR98000345. Case CR98000296 shall be referred to herein as the "296" case. Case CR98000345 shall be referred to herein as the "345" case. Another case, CR CR99000176, herein referred to as the "176", was dismissed by this court based on Defendant's Motion to Dismiss filed on or about September 3, 1999.

Under "296", Defendant was convicted by a jury for possession of one videotape in contravention to A.R.S. 13-3553 Sexual Exploitation of a Minor. Under "345", from a first trial, Defendant was convicted by a jury for possession of one videotape in contravention to A.R.S. 13-3553 Sexual Exploitation of a Minor; however, the jury was hung on fifteen counts of A.R.S. 13-3553 Sexual Exploitation of a Minor for fifteen photographs which Defendant allegedly possessed in violation of the law. Defendant was tried again by a jury for possession of the fifteen photographs and was acquitted on five counts, but convicted on ten counts of violation of A.R.S. 13-3553 Sexual Exploitation of a Minor. Petitioner has already been sentenced on the two counts involving the videotapes. Defendant has not yet been sentenced on the ten counts involving possession of photographs.

Defendant files this Petition in pro per as appointed counsel, the Office of the Cochise County Public Defender advised Petitioner that they would not file such a pleading and that Petitioner should just wait to take up his issues on appeal. Moreover, subsequently, Defendant's counsel has filed a motion to withdraw as the Cochise County Public Defender's office previously represented alleged victims/witnesses for the Prosecution in this case. Although that motion was

-2-



1 denied, and the Public Defender's office has subsequently filed additional pleadings in an effort to

2 be relieved of duties, the Public Defender's office has refused to even accept Petitioner's telephone

3
4 calls. Hence Petitioner has in essence been without counsel since the Public Defender's Office filed

5 its motion to withdraw.

6 **2.GROUNDS ASSERTED:**

7 Petitioner asserts the following grounds:

8
9 (A) The conviction or the sentence was in violation of the Constitution of The United States

10 or the State of Arizona, Rule 32.1(a)

11 (B) The court was without jurisdiction to render judgment, Rule 32.1(b);

12 (C) Newly discovered material facts probably exist and such facts probably would have
13
14 changed the verdict or sentence, Rule 32.1(e);

15 (D) There has been a significant change in the law that if determined to apply to defendant's

16 case would probably overturn the defendant's conviction or sentence, Rule 32.1(g).

17 The specific facts as a basis of such grounds are more fully set forth in the following discussion.
18
19 Possession of all 12 items was NOT a crime under both ""296" and "345" at the time

20 Petitioner is first alleged to have committed all elements of the crime, as far as when the state fist

21 became aware that Petitioner was alleged to have been in possession of one or more "visual

22 depictions" involving minors. The state became aware of such alleged conduct as early as March
23
24 23, 19989 when Cochise County Sheriff's Deputy James Allaire swore out an Affidavit for Search

25 Warrant based on "probable cause" to believe such information was true. A Search Warrant was

26 issued for search and seizure of any such visual depiction from the person or home of Earl Ball.

27 Deputy Allaire over-rode the finding of probable cause by the magistrate of Justice of The Peace
28

-3-

252

1  Precinct #4 court, and decided not to execute the search warrant even though he was att he home.

2  The State clearly had probable cause to believe that all elements of the crime involving
3
4  proscribed visual depictions of a minor existed on March 23, 1989. Case law however supports
5  Petitioner's position that the crime is committed, if at all, when all the elements are first established
6  to exist. Case law supports the position that this would not have been a "continuing crime". The
7  state was aware that there could be depictions of minors engaged in prescribed acts in 1989 and that
8
9  is when the Statute of Limitations began to run. The Court entertained the argument regarding the
10  running of the statute of limitations prior to prosecution under "176". The Court correctly found that
11  the statute had run in that case, as circumstances which pointed to the commission of the alleged
12  crime were undisputably known by the State more than seven years prior to Petitioner's indictment
13
14  under "176".

15  On the other hand - Petitioner asserts that prosecution and conviction -- at least for possession
16  of the ten photographs - has violated his constitutional rights as violative of the provisions
17  prohibiting *ex post facto* laws.   Based on testimony that was alleged at trial, Defendant was
18
19  allegedly in possession of the photographs from as early as __79__ through 1981. Under prior law -
20  the law in existence when Defendant is alleged to have first possessed at least the photographs the
21  act of "*possession*" was not a crime.  The legislature did not add "possession" as a prohibited act
22  for purposes of A.R.S. 13-3553 until the 1983 Amendment. Therefore, possession, of such visual
23
24  depictions, if indeed it did occur prior to 1981 as the testimony indicated, *was not a crime.*
25  Therefore, Petitioner asserts that when the legislature subsequently added "possession" as a
26  prohibited act, the State was now punishing Petitioner for an activity which was not previously a
27  crime. Petitioner asserts that case law supports his position that it is an unconstitutional *ex post*
28

-4-

*facto* law which is now punishing him for an activity which was only subsequently categorized as a crime.

Moreover, with respect at least to the photographs, visual depictions were of Petitioner's then wife L███ B███. Testimony was adduced at trial that L███ B███, although perhaps a minor, was Petitioner's wife. As she was married, she was emancipated, and must not be treated as a "minor" for purposes of such charges. Testimony was adduced which indicated that L███ B███ was married to Petitioner at the time that some or all of the photographs were taken. Even the jury had questions as to the marital relationship and how that would affect charges for having these types of visual depictions of one's own spouse, even if the spouse were a minor when such images were preserved. Indeed, there was no allegation of Petitioner engaging in any type of prohibited sexual conduct or contact with a minor during that time frame. The State merely sought punishment for preserving images of allegedly prohibited conduct.

In addition, Petitioner submits that the conviction violated his constitutional rights as he has been charged in some or all of the counts again under an ex post facto law for the now prohibited "exploitive exhibition". A.R.S. 13-3553(A)(2) makes a crime of possessing a visual depiction in which minors are engaged in "exploitive exhibition or other sexual conduct". Some of the photos show no activity which could be construed as "Sexual conduct" pursuant to A.R.S. 13-3551(3). Therefore, the state proceeded on some or all counts for "exploitive exhibition" as defined under A.R.S. 13-3551. However, "exploitive exhibition" was added to the law as a prohibited act by the 1996 amendment. Clearly this type of prohibition was added well after Petitioner is alleged to have first come into possession of such items. Therefore Petitioner is being improperly punished under an *ex post facto* law.

-5-

254

1    Moreover, Petitioner submits that the crimes with which he is convicted are specific intent

2    crimes. However, at least the ten offending phonographs were locked inside a safe in Petitioner's

3    house. The photos were not shown or distributed to others. Defendant had *no intention* of revealing

4

5    any such items to others. In fact, one can infer that petitioner's specific intention was to shield any

6    images which memorialized his then-emancipated wife away from the view of society. There being

7    no intent to commit the crimes alleged, Petitioner submits that the convictions violated his

8

9    constitutional rights as this element of the crime was not proven by the state.

10   Petitioner asserts that he has not been accorded a fair trial,. This is based on facts which were

11   discovered after Petitioner was convicted in these matters. The Cochise County public Defender's

12   office previously defended as juvenile defendants both E███ B███ J██ and J████ B███. Both of these

13

14   witnesses and victim were witnesses for the State in the prosecution of Petitioner. The violation is

15   even more egregious due to the fact that the State conducted hearings for removal of Petitioner's

16   children following his arrest. At issue were the children of the same J████ B███. The Attorney

17   General's office proceeded through Attorney Phil Maxey. Attorney Maxey previously was

18

19   employed by the Cochise County Public Defender's Office. Attorney Maxey had the opportunity

20   to utilize information against Petitioner in the dependency hearings based on privileged information

21   that was gleaned at least from Witness/ victim J████ B███ during representation of her by Maxey

22   during his former employment at the Public Defender's office. The scenario reeks of the appearance

23

24   of impropriety and misconduct by the state. Petitioner has been deprived of his right to a fair trial

25   by such malodorous taint.

26   In addition Petitioner believes that there may have been ineffective assistance of counsel in

27   the representation of Petitioner as Defendant by the Office of the Cochise County Public Defender.

28

-6-



1   Petitioner submits that the Court was without jurisdiction to hear this matter as the statute

2   of limitations had run for prosecution for possession of proscribed visual depictions. In addition,

3
4   Petitioner submits that his constitutional rights were violated by prosecution and conviction under

5   prohibited *ex post facto* law.

6   Petitioner will verify under oath in open court pursuant to Rule 32.5 that this Petition

7   contains all grounds known to him at the present time.

8   Petitioner also requests leave to supplement this Petition with case law in the form of a

9
10  Memorandum of Points and Authorities if necessary.

11  **CONCLUSION:**

12  For the foregoing reasons, Petitioner requests that the appropriate relief be granted under this

13
14  Petition for Post Conviction Relief Pursuant to Rule 32, that the convictions be overturned and that

15  the charges be dismissed with prejudice.

16

17  **RESPECTFULLY SUBMITTED** this  28  day of February, 2000.

18

19  _____Earl Ball_____

20  EARL BALL
    Defendant, *In Pro Per*

21  A copy of the foregoing
22  mailed/delivered this  28ᵗʰ
    day of FEBRUARY , 2000, to:
23
    Cochise County Public Defender's Office
24  Bisbee, Arizona 85603

25
    Cochise County Attorney's Office
26  PO Drawer CA
27  Bisbee AZ  85603

28  By:_____

                                    -7-


256

# EXHIBIT DD

FILED

00 MAR -3 PM 2: 19

IOLEPK
BY

1  CHRIS M. ROLL
   Cochise County Attorney
2  BY: David P. Flannigan
   BAR NO. 007162
3  P.O. Drawer CA
   Bisbee, Arizona 85603
4  (520) 432-9377
5  Attorney for the State

6          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
7               IN AND FOR THE COUNTY OF COCHISE
8

9

10  STATE OF ARIZONA                  )  NO. CRs:98000296;98000345
                                      )
11                      Plaintiff,    )
                                      )
12        vs.                         )  RESPONSE TO PETITION
                                      )  FOR POST CONVICTION
13                                    )         RELIEF
                                      )
   EARL BALL,                         )
14                                    )
                        Defendant.    )
15                                    )
                                      )
16

17          COMES NOW the State of Arizona, by and through the Cochise County

18  Attorney, CHRIS M. ROLL, and his undersigned Deputy DAVID P. FLANNIGAN and

19  hereby responds to and opposes the Petition for Post Conviction Relief filed herein by

20  the defendant.

21      The State submits that all issues raised by the defendant are precluded pursuant to

22  Rule 32.2(a)(3) of the Arizona Rules of Criminal Procedure. The State also submits that

23  all issues raised by defendant have been waived by his failure to raise the issues at the

24  time of the the trial. In addition they could be raised as an issue on direct appeal.

25

257

1.

1 Those issues are also waived pursuant to Rule 32.2(c) of the Arizona Rules of Criminal
2 Procedure.

3 As to the defendant's claims as a whole, the State submits that the allegations are
4 without merit and fail to state a claim upon which relief could be granted. The State
5 further submits that no material issue of fact or law exists which would entitle the
6 petitioner to relief under this rule and that no purpose would be served by any further
7 proceedings.

8
9 The Defendant's main complaint is that his offense of possession of child
10 pornography or exploitative exhibition is not a continuing offense and that since he had
11 the pornography in question before the statute was enacted, the prosecution thereof is
12 prohibited as the enforcement of an alleged ex-post facto law. The trial court, however,
13 determined that the offense was continuing in nature; hence, there is no ex-post fact law
14 violation. If the Defendant has a problem with the trial court's ruling in this regard, his
15 remedy is to raise the issue on appeal and not by post conviction relief.

16 Therefore, pursuant to Rule 32.6(c) of the Arizona Rules of Criminal Procedure, the
17 State respectfully requests and moves that defendant's petition for post conviction relief
18 be summarily dismissed.

19 RESPECTFULLY submitted this 3rd day of ~~February~~ MARCH, 2000.

20

21 CHRIS M. ROLL
Cochise County Attorney

·22

23 BY: _Dand P.R_

24 DAVID P.FLANIGAN
Deputy County Attorney

25
Copies of the foregoing
mailed/delivered this 12th 3rd

2

(258)

March
of February, 2000, to:

Hon. Matthew W. Borowiec
Judge of the Superior Court
Division I

Donna Beckman and Mark Swagee
Cochise County Public Defenders Office

Earl Ball
Cochise County Jail

259

# EXHIBIT EE

**FILED** *Laccoman*

SUPERIOR COURT OF ARIZONA
COUNTY OF COCHISE

Date March 29, 2000

Time_____

MAR 2 9 2000

DENISE I. LUNDIN
CLERK SUPERIOR COURT
BY_____DEPUTY

OFFICE DISTRIBUTION
| | APPEALS
| | BONDS: REFUND/FORFEITURE
| | FINES/ATTY. FEES/RESTITUTION
| | CHANGE OF VENUE
| | JURY FEES
| | ATTORNEY: APPT & CLAIMS
| | SUPPORT
| | DIVISION
MAILED 3-30-00

CASE: **STATE OF ARIZONA** vs. **EARL BALL**

| MINUTE ENTRY ACTION: | ORDER | CASE NO: CR98000296 MAIN CASE (CR98000345) |

JUDGE **HONORABLE MATTHEW W. BOROWIEC**
DIVISION One
COURT REPORTER
ADDRESS & PHONE

**DENISE I. LUNDIN, CLERK**
By Stephanie L. Williams 3/29/00, Deputy
Docketed by_____

PRESENT: ------------------------------

It is ORDERED Timothy B. Dickerson, Esq. is appointed to represent the defendant on the Rule 32

petition.

COPY OF ORIGINAL

xc: County Attorney–Flannigan
    Earl Ball, c/o Cochise County Jail
    Timothy B. Dickerson, Esq.
    Court Administration–Thelma Munoz
    Honorable Janet Napolitano, Attorney General, Criminal Division, 1275 West Washington,
        Phoenix, AZ 85007
    Roylan Mosley–Appeals Clerk

260

# EXHIBIT FF



COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

O R D E R

2 CA-CR 99-0481
Department B

Cochise County
Cause Nos. CR98000296/CR9800034

RE: STATE OF ARIZONA v. EARL BALL

Pursuant to "Stipulation for Substitution of Counsel,"

ORDERED:  Timothy Dickerson is substituted in the place of the Cochise County Public Defenders Office as retained counsel for Earl Ball in the above-entitled appeal.

FURTHER ORDERED: Counsel to file a status report regarding pending Rule 32 proceedings on or before September 20, 2000.

Chief Judge Espinosa and Judge Druke concurring.

DATED: July 11, 2000

Joseph W. Howard
Presiding Judge

# EXHIBIT GG

1  CHRIS M. ROLL
   Cochise County Attorney
2  BY: DAVID P. FLANNIGAN
   BAR NO. 007162
3  P.O. Drawer CA
   Bisbee, Arizona 85603
4  (520) 432-9377
   Attorney for the State
5

FILED

00 APR 12 PM 4:00

DENISE I. LUNDIN
CLERK OF SUPERIOR COURT
BY_____
        DEPUTY

6              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
                   IN AND FOR THE COUNTY OF COCHISE

7  STATE OF ARIZONA                )
                                   )   NO. CR98000345
8                 Plaintiff,       )       CR98000296
                                   )
9       vs.                        )
                                   )   RESPONSE TO PETITION FOR
10 EARL BALL,                      )   POST-CONVICTION RELIEF
                                   )
11                Defendant.       )
                                   )

12        COMES NOW, the Cochise County Attorney, CHRIS M. ROLL, by and through his

13  undersigned Deputy, DAVID P. FLANNIGAN and responds to the above entitled Petition

14  follows:

15        The Petition filed by Defendant is premature in the Defendant has not been fully

16  sentenced. The issues raised by the Defendant should be raised on appeal except for the

17  ineffective assistance of counsel's claim. Attorney Timothy Dickerson has been appointed to

18  represent Defendant for this purpose and on appeal. The State will supplement this response

19  upon receipt of the supplemental Petition for Post-Conviction Relief when the same is filed by

20  Mr. Dickerson. Under the circumstances, the Respondent requests that this Petition be denied

21  in its entirety.

22        RESPECTFULLY submitted this _12th_ day of April, 2000.

23                                    CHRIS M. ROLL
                                      Cochise County Attorney
24
                                      BY:_____
25                                    DAVID P. FLANNIGAN
                                      Deputy County Attorney

- 1

| | |
|---|---|
| 1 | Copies of the foregoing mailed/delivered this 12 |
| 2 | day of April, 2000, to: |
| 3 | Hon. Matthew W. Borowiec Judge of the Superior Court |
| 4 | Division I |
| 5 | Public Defender's Office |
| 6 | Earl Ball Cochise County Jail |
| 7 | Tim Dickerson, Esq. |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

263

# EXHIBIT HH

FILED

00 MAY -3 AM 10: 16

⟨ILLEGIBLE⟩DIN
CLERK OF ⟨ILLEGIBLE⟩RIOR COURT
BY _____
⟨ILLEGIBLE⟩PTY

1  Timothy B. Dickerson, P.C.
   Attorney at Law
2  500 E. Fry Blvd., Suite L-10
   Sierra Vista, AZ 85635
3  (520) 459-6183

4  State Bar No. 009073

5  Attorney for Defendant

6  ## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7  ## IN AND FOR THE COUNTY OF COCHISE

| | |
|---|---|
| 8   STATE OF ARIZONA, | Case No. CR98000345 |
| 9         Plaintiff, | CR98000296 |
| 10  vs. | MOTION FOR EXTENSION OF TIME FOR FILING AMENDED PETITION |
| 11  EARL BALL, | FOR POST-CONVICTION RELIEF |
| 12        Defendant. | |

13

14       Defendant, through his attorney undersigned, moves the Court to grant defendant until June 15,

15 2000, to file an amended petition for post-conviction relief. The additional time is necessary for the

16 following reasons: Defendant was sentenced on October 4, 1999, on two counts in this matter. He is

17 pending sentencing on additional counts of the same or similar nature. The sentencing is stayed by

18 order of the Supreme Court pending that Court's decision on a special action petition.

19       Defendant filed a pro se petition for post-conviction relief on February 28, 2000. On March 17,

20 2000, Mr. Ralph Malanga was appointed to represent defendant in the post-conviction relief

21 proceeding. Mr. Malanga withdrew due a conflict and the undersigned was appointed on March 29,

22 2000. It is unclear when an amended petition for post-conviction relief is due, but it would be in the

23 interest of the efficient administration of justice to wait until after defendant's sentencing on the

24 remaining counts before proceeding with the post-conviction relief proceeding, as the issues are the

25

-1-

264

1   same.   Therefore, defendant requests that he be granted until June 15, 2000, in which to file an

2   amended petition for post-conviction relief.

3          DATED this __2__ day of May, 2000.

4

5

6                                              TIMOTHY B. DICKERSON
                                               Attorney for Defendant
7

8   Copy of the foregoing mailed/
    delivered this __2__ day
9   of May, 2000, to:

10  David P. Flannigan
    Deputy County Attorney
11  P.O. Drawer CA
    Bisbee, AZ 85603
12

13

14

15

16

17

18

19

20

21

22

23

24

25

265

# EXHIBIT II

1  EARL BALL

2  Defendant/Petitioner *In Pro Per*

3  c/o Cochise County Adult Detention Center

4  203 N. Judd

5  Bisbee, AZ 85603

FILED

00 JUN 22 PM 3: 35

6  **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7  **IF AND FOR THE COUNTY OF COCHISE**

| | | |
|---|---|---|
| 8  STATE OF ARIZONA, | ) | **NO.   CR98000296** |
| 9  Plaintiff, | ) | **CR98000345** |
| 10  vs. | ) | **SUPPLEMENT OF LAW TO** |
| 11  | ) | **PETITION FOR POST-** |
| 12  EARL BALL, | ) | **CONVICTION RELIEF** |
| 13  Defendant/Petitioner. | ) | **Assigned to Division I** |
| 14  | ) | |

15

16  COMES NOW the Defendant/Petitioner, EARL BALL, *in pro per*, and files this

17  Supplement of Law to his Petition for Post-Conviction Relief Pursuant to Arizona Rules of

18  Criminal Procedure Rule 32, based on the following Memorandum of Points and Authorities.

19  RESPECTFULLY SUBMITTED this *20 st* day of June 2000.

20

21

22  *Earl Ball*

23  EARL BALL
   Defendant, *In Pro Per*

24

25

26

27

28

266

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. FACTS AND PROCEDURE:

Defendant was tried by jury on both cases CR98000296 and CR98000345, Case CR98000296 shall be referred to herein as the "296" case. Case CR98000345 shall be referred to herein as the "345" case. Another case, Cr CR99000176, herein referred as the "176", was dismissed by this court based on Defendant's Motion to Dismiss filed on or about September 3, 1999.

Under "296", Defendant was convicted by jury for possession of one videotape in contravention to A.R.S. 13-3553 Sexual Exploitation of Minor. Under "345", from a first trial, Defendant was convicted by a jury for possession of one videotape in contravention to A.R.S. 13-3553 Sexual Exploitation of a Minor, however, the jury was hung on fifteen counts of A.R.S. 13-3552 Sexual Exploitation of a Minor for fifteen photographs which Defendant allegedly possessed in violation of the law. Defendant was tried again by jury for possession of the fifteen photographs and was acquitted on five counts, but convicted on ten counts of violation of A.R.S. 13-3553 Sexual Exploitation of a Minor. Petitioner has already been sentenced on the two counts involving the videotapes. Defendant has not yet been sentenced on the ten counts involving possession of photographs.

On February 28, 2000 Defendant filed *pro se* a Petition for Post Conviction Relief pursuant to Arizona Rules of Criminal Procedure Rule 32. In that Petition Defendant requested leave to file a supplement on the law since his resources and abilities at the time of the filing of the petition were limited by his time constraints and Defendant was unable to prepare the Points and Authorities of cases and statutory law to support his points contained in the Petition. Therefore, Defendant now submits his legal citations in support of his position previously filed.

- - - -

- - - -

- - - -

- - - -

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. STATUTE OF LIMITATIONS

Defendant has previously asserted that Possession of all 12 items was NOT a crime under both "296" and "345" at the time Petitioner is first alleged to have committed all elements of the crime, as far as when the state first became aware that Petitioner was alleged to have been in possession of one or more "visual depictions" involving minors. March 23, 1989 Cochise County Detective Allaire acquired a search warrant was never executed at the choice of the law enforcement officer. Although two persons (L███ and D█████) were interviewed by the detective and denied that there was not strange sexual activity at the house (although one was Defendant's wife and one was Defendant's live-in-girlfriend at the same time and with full knowledge of each other) - the Detective knew the family and knew of the co-habitation by Defendant with more than one woman at a time, and yet the detective chose not to pursue the investigation any further. In fact, Detective Allaire had indicated that there was "no grounds for serving the warrant" when in fact the warrant should have been served at that time. For the state to wait ten years to search for evidence it had knowledge of ten years priors is reprehensible and a violation of the statute of limitations.

The purpose of the statute of limitations is to limit the suspect's exposure to criminal prosecution to a *certain fixed period* of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. *U.S. v. Marion*, 92 S.Ct. 455, 404 U.S. 307, 30 L.Ed.2d 468 (Dist.Col.), *Toussie v. U.S.*, 90 S.Ct. 858, 397 U.S. 112, 25 L.Ed. 2d 156 (N.Y.). The statute of limitations balances the government's interest in prosecuting with the need to protect those who may lose their means of defense. *U.S. v. Otto*, 742 F.2d 104, cert. Denied 105 S.Ct. 978, 469 U.S. 1196, 83 L.Ed. 2d 980 (C.A. Pa.). The statute of limitations provides a safeguard against possible prejudice resulting from delay and the prosecution of stale charges. *Marion, id.; Toussie, id.*

> The applicable statute of limitations is the primary guarantee against bringing overly stale criminal charges. Such statute represents legislative assessment of relative interest of the State and the Defendant in administering and receiving Justice, they are made for the repose of society and the protection of those who may have lost their means of Defense." *Marion, id.*

268

1    In Arizona, a prosecution for a class 2 through 6 felony must be commenced within seven

2    years from the actual discovery by the state of the offense or which discovery should have oc-

3    curred with the exercise of reasonable diligence whichever first occurs. A.R.S. 13-107. Clearly

4    the state did discover or should have discovered with reasonable diligence facts which it turned a

5    blind eye to more than seven years prior to the initiation of this cases. These prosecutions are

6    banned by the statute of limitations for crimes.

7    Where there is doubt as to the running or tolling of statute of limitations, the limitation period

8    is to be construed in favor of the defendant. *U.S. v. Gilbert*, 136 F.3rd 1451 (11th Cir. 1998). Pur-

9    suant to *U.S. v. Waters*, the statute of limitation in criminal case must be held to affect not only

10   the remedy at law, but also operates as a jurisdictional on the power to prosecute and punish.

11   Due process requires the dismissal of an indictment even if the prosecution is brought within

12   the statute of limitations, if the accused can prove that the government's delay was a deliberate

13   device to gain an advantage over him, and that it caused him actual prejudice in presenting his

14   defense. *U.S. v. Gouveia*, 104 S.Ct. 2292, 467 U.S. 180, 81 L.Ed2d 146, (Cal) on remand 738

15   F.2d 1068, cert. Denied, *Segura v. U.S.*, 105 S.Ct. 2335, 471 U.S. 1104, 85 L.Ed.2d 851, on

16   remand U.S. v. Mills, 810 907. Any exception to the statute of limitations or a statute tolling or

17   suspending its operation is to be construed narrowly or strictly against the state. *U.S. v. Scharton*,

18   52 S.Ct. 416, 285 U.S. 518, 76 L.Ed. 917 (Mass). Where statute increases the period of limitations

19   to particular crimes is to be construed strictly, to apply only to cases shown to be clearly within its

20   purpose. *U.S. v. McElvain*, 47 S.Ct. 219, 272 U.S. 633, 71 L.Ed. 451 (Ill).

21   Unless a statute of limitations is clearly retrospective in its terms it does not apply to crimes

22   which have been previously commited. *Martin v. Superior Court In and For Yuma County*, 659

23   P.2d 652, 135 Ariz. 99 (Ariz.) Once the statutory period begins to run, unless the statute of

24   limitations contains an exception to the running or condition that will toll its operation, the running

25   of the statute of limitations is not interrupted except by the filing of the indictment or other

26   sufficient procedure to commence prosecution of the offense. State v. Locke, 81 S.E. 401, 73 W.

27   Va. 713 (W.Va.).

28   Even where there are definite expressed exceptions to toll the statute of limitations, the

(269)

1  exceptions refer only to those conditions which existed at the time that the right of action or cause
2  for prosecution *first accrued. Locke, id.*

3     Where a statute of limitations may prevent the beginning of the statute of limitations where the
4  accused is concealing his crime, it is well settled that the period of limitations **does** run from the
5  discovery of the crime or of the offender's guilt, *or from the time that the offense is made known to*
6  *certain public officers. State v. Guillott*, 9 So. 2d 235, 200 La 935 (La). This is precisely the
7  situation herein, that if Defendant did comit a crime, it was known to the state at the time that
8  Detective Allaire obtained a search warrant in 1989 –ten years earlier than his arrest and
9  indictment. Mere silence and inaction by the suspect is not alone "concealment" of the crime.
10 State v. Mills, 707 P.2d 1079, 238 Kan. 189 (Kan).

11    Moreover, when the case involves the beginning of statute of limitations for sexual abuse by a
12 parental authority figure, the statute does not beging to run until the child is no longer subject to
13 the authority. *State v. Danielski*, 348 N.W. 2d 352 (Minn. App.). In this case, any and all minors,
14 if indeed there were any, and whether or not they were emancipated (Eg: L▓ B▓ by marriage
15 before the age of 18 years), were not subject to any parental authority of Defendant long before
16 1992 –which is seven years before the time of arrest and prosecution. Or the statute is tolled only
17 until the victim turns 18. *Houtz v. State*, 893 P.2d 355, 111 Nev. 457, reh. Den. In this case, the
18 last of the alleged victims turned 18 in 3-28-92, and these prosecutions were began in violations of
19 the running of the statutory periods. The statute of limitations began to run in child sexual abuse
20 cases where a responsible adult acquired the requisit knowledge while acting in his official or
21 professional capacity. State v. Rosenberg, 630 N.E. 2d 435, 90 Ohio App. 3d 735, over. 628 N.E.
22 2d 1392, 68 Ohio St. 3d 1473 (9th Dist).

23    Defendant believes that it is meritorious for his defense that an acquittal or conviction on a
24 charge that a continuing offense has been commited during a sepecified time will be a bar to
25 another prosecution for a like offense during another specified time which includes any part of the
26 time named in the first charge. *Short v. U.S.* 91 F.2d 614 (C.C.A. Tenn.) In this matter.

27    Regarding the concept of the "continuing" crime, in one case which involved theft and control
28 of stolen property, it was held that the statute of limitations for the theft of the item began to run at

270

1   the time of the "taking" -the fact that the Defendant continued to control the stolen property– the

2   Defendant did not commit the separate offense for the statute of limitations purpose, by continuing

3   to exercise control over the property when it was discovered by law enforcement.   People v.

4   Kimbro, 538 N.E. 2d 826, 131 Ill. App. 3d 572 (3 Dist. Ill). Similary, where mail had been stolen

5   concealment of the same was a discrete offense which was not subject to the "continuing offense"

6   Exception to the general rule that a statute of limitations begins to run when each element of the

7   offense has occurred. U.S. v. Cunningham, 902 F. Supp. 166 (N.D. Ill.) Maxwell 140 /314.

8

9   **2. LEGISLATIVE INTENT**

10     In its clear that the legislative intent was not to make the possession of certain visual depictions

11   a crime until the 1983 Amendments. The Arizona legislature may not enact a any law which

12   imposes any additional or increased penalty for a crime **after** its commision. *State v. Noble*, 808

13   P.2d 325, 167 Ariz. 440, *review granted, opinion vacated* 829 P.2d 1217, 171 Ariz. 171. A crime

14   is completed when every element has occurred. Possessing, is complete when one possesses some

15   thing. A legislature is prohibited by an *ex post facto* clause from making criminal an act that was

16   innocent when performed and the legislature is prohibited from making the punishment of a

17   criminal act greater than when the act was commited. *Arizona Dept. of Public Safety v. Superior*

18   *Court In and For Maricopa County (Falcone)*, 190 Az 490. *State v. Weinbrenner*, 795 P.2d 235,

19   164 Ariz. 592.

20     Indeed, in *Weinbrenner*, the Court of Appeals noted that the prohibition against *ex post facto*

21   law is deeply rooted in constitutional law, amd expounded that this prohibition:

22         Was intented to secure substantial personal rights against arbitrary a n d

23         oppressive legislation, and not to limit the legislative control of remedies

24         and modes of procedure which do not affect matters of substance.

25   *Weinbrenner* at 593. Similarly, because it would operate like an *ex post facto* law, a court is barred

26   by the Due Process clause from reaching the same result by judicial construction. U.S.C.A. Const.

27   Art. 1, Sec. 9,cl. 3 and Sec. 10,cl.1; A.R.S. Const. Art 2, Sec. 25; *Bowie v. City of Columbia*, 378

28   U.S. 347, 353-55, 84 S.Ct. 1699, 1702-3, 12 L.Ed. 894 (1964). *Keeler v. Superior Court of*

271

1 *Amador County*, 2 Cal #D 619, 87 Cal Reptr 481, 490-91, 470 P.2d 617, 626-27 (1970); *In re*
2 *Shane B.*, 979 P.2d 1014 (App. Div.1 1998). Therefore, a court may not expand the scope of a
3 crime by judicial decision to punish a defendant for an action that was not criminal when it was
4 performed. *Vo v. Superior Court In and For County of Maricopa*, 836 P.2d 408, 172 Ariz. 195,
5 review denied.

6     A law is "*ex post facto*" if it makes criminal that which was innocent when first commited, or it
7 increases the punishment or it aggravates any crime previously commited, or alters any rules of
8 evidence by allowing for the receipt of less or different proof than required at the time of the
9 commission of the act or deprives the accused of a substantial right or immunity possessed at the
10 time of the commission of the act. *State v. Beltran*, 170 Ariz. 406, 825 P.2d 27 (App. Div.1 1992);
11 *State v. Sanders*, 604 P. 2d 20, 124 Ariz. 318. U.S. v. Lydell N., 124 F.3d 1170 (9th cir. 1997).

12     There are two basic elements which are necessary for a criminal law to be *ex post facto*:

13                    (1) it is retroactive (applying to acts occurring before its enactment); and

14                    (2) it is disadvantageous to the defendant.

15 *State v. Yellowmexican*, 142 Ariz. 205, 688 P.2d 1097 (App. 1984), approved 142 Ariz. 91, 688
16 P.2d 983, citing *Weaver v. Graham*, 450 U.S. 24 at 29, 101 S.Ct. 960 at 964 (1981); *U.S. v. Lydell*
17 *N., supra*. That indeed is the case in the matter at bar.

18     In one case, where there was a new statutory provision that the availability of alternative water
19 sources did not affect a surface water right this violated due process by retroactively affecting
20 rights which were vested under statutes or common law. Arizona Constitution, Article 2, Sec. 25,
21 *San Carlos Apache Tribe v. Superior Court ex rel. County of Maricopa*, 193 Ariz. 195, 972 P.2d
22 179 (1999). Here Defendant's initial possession of any visual medium described was not a crime,
23 and cannot be retroactively made into a crime. Due process is violated when legal consequences
24 are altered for conduct, which occurred before the enactment of the change of the law. *San Carlos*
25 *Apache Tribe*. Moreover, if a statute is punitive, it may not be applied retroactively. *Arizona Dept.*
26 *of Public Safety v. Superior Court In and For Maricopa County (Falcone)*, 190 Ariz. 490, 949
27 P.2d 983, (App. Div. 1 1997) 190 Ariz. 490, 949 P.2d 983, review denied 192 Ariz. 276, 964 P.2d
28 477; *Saucedo v. Superior Court In and for the County of La Paz*, 190 Ariz. 226, 946 P.2d 908 (Ap.

272

1  Div. 1, 1997).  The court treats the change in the statute as punitive if the legislative intent was
2  punitive. *Arizona Dept. of Public Safety v. Superior Court In and For Maricopa County, supra.*

3  In most cases a crime consists of both the *actus reas* (the act requirement) and the *mens rea*
4  (State of mind requirement). A person does not commit a crime who commits the act or makes the
5  omission charges through misfortune or by accident, when it appears that there was no evil design,
6  intention, or culpable negligence. *People v. Guinn*, 1196 Cal.Rprt. 696, 149 C.A. 3d Supp. 1, *Ken-*
7  *nedy v. State*, 323 S.E.2d 169, 172 Ga.App. 336.   An injury resulting from poor or foolish judg-
8  ment is a matter for the civil courts, not the criminal courts.  *Heglin v. State*, 140 N.E. 2d 98, 236
9  Ind. 350.  In this matter, the facts clearly demonstrated that once initial possession of the pictorial
10  representations occurred, which was not a crime *ab initio*, that there was no guilty state of mind
11  nor guilty act in the future (for example: the items were not on public display but were kept under
12  lock and key).

13  Moreover, any intent acquired after the act has been committed is not controlling. *Forbes v.*
14  *State*, 157 S.W.2d 900, 143 Tex.Cr. 180. And when the act is admitted and innocence is claimed
15  on the basis of a mitigating factor (for example –the possession was not a crime initially), then in-
16  tent becomes the material issue a criminal prosecution. *State v. Willis*, 370 N.W.2d 193. Then the
17  Defendant's intent is to be determined from his words, acts, and conduct.  *Jones v. State*, App. 14
18  Dist., 687 S.W.2d 430. The words, act and conduct of Defendant in this case do not add up to
19  criminal intent.  Where a statute is susceptible to more than one interpretation, the Rule of Lenity
20  dictates that any doubt should be resolved in defendant's favor.  *State v. Pena*, 140 Ariz. 545, 683
21  P.2d 744 (App. 1983), approved 140 Ariz. 544, 683 P.2d 743; *Reinesto v. Superior Court*, 182
22  Ariz. 190, 894 P.2d 733 (App. 199).

23  Moreover, a statute will be held to impose strict liability only upon a clear showing that was
24  intent of the legislature. *Stepniewski v. Gagnon*, 732 F.2d 567 (C.A. Wis.); *U.S. v. Marvin*, 687
25  F.2d 1221 (C.A. Mo.), cert denied 103 S.Ct. 1768, 460 U.S. 1081. Unlike, for example, a driving
26  while under the influence of alcohol statute where there is no guilty state of mind required, there is
27  a guilty state of mind required in these cases.   There was not guilty mind shown on the part of De-
28  fendant in this case.

273

1      Where the statute includes the element of specific intent as the ingredient of its criminality,

2 such intent is essential and must be established. *People v. Neal*, 104 P,2d 555, 40 C.A.2d 115,

3 *State v. Rutten*, 245 P.2d 778, 73 Idaho 25. If the statute requires defendant to have acted

4 "purposefully" or "knowingly" then the crime is one specific intent. *Fuentes v. Michigan*, 104 S.

5 Ct. 529, 464 U.S. 1009, 78 L.Ed. 2d 711. The crime prosecuted, A.R.S. 13-3553 Sexual Exploita-

6 tion of a Minor, requires the defendant act "knowingly".

7      In cases requiring specific intent, such specific intent is just as much of an element of the crime

8 as the act itself. *People v. Sanchez*, 219 P.2d 9, C.2d 522, *Simpson v. State*, 87 So. 920, 81 Fla.

9 292. The proof of specific intent is just as necessary as proof of the act itself and must be estab-

10 lished as an independent fact and with the exact same certainty as any other element. *U.S. ex rel.*

11 *Vraniak v. Randolph*, C.A. III 261 F.2d 234, cert denied *Vraniak v. Randolph*, 79 S.Ct. 733, 359 U.

12 S. 949; *State v. Wagner*, 44 A.2d 821, 141 Me. 403. The specific intent must be shown as a matter

13 of fact by either direct or circumstantial evidence. *U.S. v. Sterley*, C.A.8 (Ark.), 764 F.2d 530, *cert.*

14 *denied*, 106 S.Ct. 544, 474 U.S. 1013. There is no evidence of specific intent by Defendant in this

15 case, by either direct or circumstantial evidence. Specific intent cannot be presumed or imputed

16 and proof of the commission of the act cannot warrant the presumption of the accused having the

17 requisite specific intent. *Imholte v. U.S.*, 266 F.2d 585 (C.A. Minn.), *U.S. v. Flynn*, 216 F.2d 354

18 (C.A.N.Y.) *cert denied* 75 S.Ct 295, 348 U.S. 909, 99 L.Ed. 713, *withheld* 75 S.Ct 285, 99 L.Ed.

19 2d 1298, *rehearing denied* 75 S.Ct. 436, 348 U.S. 956, 99 L.Ed. 747; U.S. *ex rel. Vraniak v.*

20 *Randolph*, C.A. III 261 F.2d 234, cert denied *Vraniak v. Randolph*, 79 S.Ct. 733, 359 U.S. 949.

21 (See excerpt of Transcript from Grand Jury Proceedings).

22

23 **3. COUNTY ATTORNEY FLANNIGAN MADE IMPROPER COMMENTS, WHICH**

24 **TAINTED THE TRIAL**

25      A. **BRANDING DEFENDANT AS A CHILD MOLESTER**

26      During the trial County Attorney Flannigan several times made improper references to Defen-

27 dant which prejudiced Defendant and resulted in less than a fair trial. Comments such as "Child

28 molester" and "Pedophile" were unduly prejudicial and malicious, given previous instructions.

(274)

1 Similarly, the use of the surname of "Ball" for J███, after motion in Limine had established that
2 J███ would only be referred to by her first given name and not by a surname unduly prejudiced
3 Defendant and impaired his due process rights to a fair trial. Consequently, the convictions must
4 be vacated and the convictions overturned and the indictments dismissed.

5 Furthermore, since this was caused by the State, the dismissals must be with prejudice so that
6 the State is barred from any reprosecution.

7

## 4. JUDGE BOROWEIC'S FAILURE TO ADMONISH THE JURY FOLLOWING THE IMPROPER COMMENTS OF THE COUNTY ATTORNEY PREJUDICED DEFENDANT'S DUE PROCESS RIGHT TO A FAIR TRIAL

11 Once the prosecutor committed the errors as enumerated in number 3 above, Judge Boroweic
12 did not take adequate corrective measures to diminish, if possible, the prejudice which had oc-
13 curred.

14

## 5. THE JUDGE SHOULD HAVE HONORED HIS PRIOR RULING

16 Based on a pre-trial. Motion in Limine, it was ordered by the court that "if the jury comes out
17 with a verdict that he was in fact married to her, I will strike her testimony." However, subse-
18 quently, when this matter was broached by defense counsel, presiding Judge Matthew Boroweic
19 stated "I was only joking" and that "no one expected the jury to split." The judge must make his
20 rulings based on the law and in good faith, not quipping that his ruling was rendered in jest as no
21 one had anticipated a certain out come (which subsequently does occur). See excerpts from report-
22 ers' transcript of proceedings.

23

## 6. INEFFECTIVE ASSITANCE OF COUNSEL

25 If with respect to nothing else or at the least, when County Attorney Flannigan was transgress-
26 ing, Defendant's trial counsel did not individually or collectively take remedial or corrective meas-
27 ures. The performance of both counsels was inadequate and ineffective. Indeed, both have ex-
28 pended considerable energy in asking the court for permission to be let off the case, rather than fil-

275

1   ing certain post-trial motions of for hearings as requested by Defendant. Indeed, during the heart

2   of post-conviction representation, the Public Defender's office put up a wall and would not even

3   accept Defendant's collect telephone calls from jail.

4      Where a complaint alleges that an action is barred by the statute of limitations, Special Action

5   relief is clearly an appropriate remedy to terminate the litigation. *U.S. v. Lovasco*, 431 U.S. 783,

6   526, E.D.2d 752. The availability of an appeal does not always foreclose the exercise of the Court

7   of Appeal's discretion to accept jurisdiction of Special Action for review. Vo v. Superior Court,

8   172 Ariz. 195, 198, 836 P.2d 408, 411 (App. 1992); *City of Phoenix v. Superior Court*, 158 Ariz.

9   214, 216, 762 P.2d 128, 130 (App. 1988). Where the remedy of direct appeal is unsatisfactory the

10   court has recognized that is should accept jurisdiction for Special action review --especially where

11   the issue presented is purely one of law on which superior court judges are divided. *Dept. of Pub-*

12   *lic Safety v. Superior Court* (Falcone) 190 Ariz. 490 (App. 1977). For example, for the misappli-

13   cation of the law to undisputed facts, the court reviewed and order granting a preliminary injunc-

14   tion by way of a special appeal. *City of Phoenix v. Superior Court, supra.*

15      Defendant further responds to the State's Response to the Petition asking for a dismissal of the

16   petition as follows. As Defendant's new court-appointed attorney has not filed yet, Defendant be-

17   lieves that his filing *pro se* is still appropriate.

18      The State erroneously claims that Defendant's main complaint is that the alleged crimes are not

19   continuing offenses. Defendant claims that as to counts 7,8,9,10,11,12,13,14,15 and 16 under case

20   "345", that they cannot be a continuing offenses as they are not <u>crimes</u>. Arizona Constitution Art.

21   2 Sec. 25, United States Constitution Art. 1 Sec. 9 cl.3. These constitutional provisions state, in

22   pertinent part, that a legislature is prohibited by an *ex post facto* clause from making criminal an

23   act that was innocent when performed. Similarly, because it would operate like an *ex post facto*

24   law, a court is barred by the Due Process clause from reaching the same result by judicial construc-

25   tion. *Bowie v. City of Columbia, supra; Keeler v. Superior Court of Amador County, supra.*

26   "Every law that changes the punishment, and inflicts a greater punishment than the law annexed to

27   the crime when committed" violates the *ex post facto* clauses of the Arizona and United States

28   Constitutions. *Calder v. Bull*, 3 U.S. (3 Dall.) 386, at 390, 1 L.Ed. 648 (1798); *California Dep't*

(276)

1   *of Corrections v. Morales*, 514 U.S. 499, at 506 N.3, 115 S.Ct. 1597, at 1602 N.2, 131 L.Ed.2d 598

2   (1995). The Arizona legislature may not enact a law, which imposes any additional or increased

3   penalty for a crime after its commission.

4      As in *Saucedo v. Superior Court*, No 1 CA-SA 97008, court of Appeals of Arizona, Div. 1

5   Dept C, Sept 2, 1997, the State concedes the issue of possession, stating that the trial court deter-

6   mined that the offense was continuing in nature. If Defendant was in possession in 1981 (page 4,

7   line 19 PCR) and the legislature did not add "possession" as a prohibited act for purposes of A.R.

8   S. Sec. 13-3553 until the 1983 Amendment (which was the year in which L▧▧ B▧▧ was 19 years

9   old) then the court also may not do so by judicial construction. In *Saucedo* the appeals court held

10  that Proposition 102, which lacked any statement as to, intended retrospective application could

11  not be given retrospective application by the Arizona courts and judges. To do so was a violation

12  of the *ex post facto* law of both the Arizona and federal constitutions. Constitutional measures are

13  construed to operate prospectively unless they clearly state an intent to the contrary to be applied

14  retroactively. *American Fed'n of Labor v. American Sash & Door Co.*, 67 Ariz. 20, 39, 189 P.2d

15  912, 925 (1948); *Saucedo, supra*.

16     The act of a prosecutor which interfered with the inquiry by informing the Grand Jurors that

17  their questions were not relevant amounted to a denial of a substantial procedural right *Nelson v.*

18  *Roylston*, 137 Ariz. 272 (App). To bar the legitimate inquiry of the grand jury on a point does deny

19  the defendant a substantial procedural right. *Nelson*, at 276. In *Napue v. Illinois*, 360 U.S. 264, 79

20  S.Ct. 11173, 3 L.Ed. 2d 1217 (1959) the U.S. Supreme Court stated that:

21                  ...a conviction obtained through use of false evidence, known to be s u c h

22                  by representatives of State, must fall under the Fourteenth Amendment,

23                  [citations omitted]. The same result obtains when the State, although not

24                  soliciting false evidence, allows it to go uncorrected when it appears.

25                  [citations omitted]. 360 U.S. at 269 [70 S.Ct. at 1177].

26     In the Grand Jury proceedings of June 19, 1998, County Attorney Chris Roll was asked by

27  Grand Juror Wilson about the statute of limitations - specifically whether the statute of limitations

28  for initiating prosecution had already passed. County Attorney Roll stated the charge in the indict-

- 11 -

277

1  ment is possession of the videotape. This biased the Grand Jury of July 24, 1998. Grand Juror

2  Kneidel stated, "We had this case before". At the April 2, 1999 Grand Jury proceedings Deputy

3  County Attorney David Flannigan was asked by the foreman "Is there any statute of limitations?"

4  "Being it was a minor, there isn't any"?

5      Deputy County Attorney Flannigan responded: "There is statute of limitations which is gener-

6  ally seven years in a criminal case. It may not run until the state finds out about the events." In

7  the Grand Jury proceedings of May. 14, 1999 County Attorney Roll was asked by Grand Juror

8  Smith:   "Graig Smith. One question. Is there a statute of limitations under sexual crimes?"

9  County Attorney Roll replied: "The statute of limitations is generally seven years. Although it be-

10  gins to toll once it's discovered."

11     It is beyond comprehension how the county attorneys can tell the Grand Jurors that there is a

12  statute of limitations and then to imply that it is null and void. Defendant believes that this was

13  done to withhold exculpatory information from the Grand Jury. The State knew about the 1989

14  search warrant (no. 4C5900885) obtained by Detective Allaire on March 23, 1989. The first place

15  in which Detective Joe Knoblack (???) would look after receiving a complaint would be inside in-

16  house files. The State's Rule 15 disclosure statement of August 12, 1998 (exhibit no. 7 Report of

17  Allaire (11 pages) ??? Indicates that the state withheld information from the Grand Jury about the

18  1989 search warrant. Nelson v. Roylston cite as 137 Ariz. 272 (App.). See excerpts of Grand Jury

19  transcripts.

20

21  **CONCLUSION**

22     For the reasons stated above, it is submitted that Mr. Ball was denied a fair trial, in that his

23  wife was permitted to testify concerning events witch occurred during the marriage over Mr. Ball's

24  timely objection. Construing the applicable seven year statute of limitations liberally in favor of

25  Earl Ball and against the State, and following the well established presumption against defining an

26  offense as a "continuing" one, it can hardly be disputed that this court was without jurisdiction to

27  conduct trial in CR98000296 and CR98000345, further considering the *ex post facto* clause

28  (*Calder v. Bull* 3 U.S. (3d. II) 386, at 390 1 L. Ed. 648 (1798). The Jury's verdict was therefore

- 12 -

278

1   contrary to the Law.   The judgments of guilty must be vacated.   Pendergast v. United States

2   (1943) 317 U.S. 412, 418, 63 S.Ct. 268, 271, 876. Ed. 368) it is abhorrent to permit the State to

3   suggest that the statute of limitations should be tolled because of its own inexcusably dilatory con-

4   duct.   The judgments of guilt must be vacated.

5        **RESPECTFULLY SUBMITTED** this 2 3rd day of June 2000.

6

7                                    Earl Ball

                                     EARL BALL

8                                      Defendant, *In Pro Per*

9

10   A copy of the foregoing Mailed/delivered

11   this 23rd Day of June , 2000, to:

12   Division I Judge

13   Cochise County Public Defender's Office

14   Bisbee, Arizona, 85603

15   Timothy Dickerson, Esq.

16   Cochise County Attorney's Office

    PO Drawer CA

17   Bisbee AZ 85603

18   By: legal mail

19

20

21

22

23

24

25

26

27

28

279

# EXHIBIT JJ

CHRIS M. ROLL
Cochise County Attorney
BY: DAVID P. FLANNIGAN
BAR NO. 007162
P.O. Drawer CA
Bisbee, Arizona 85603
(520) 432-9377
Attorney for the State

FILED

00 JUN 29 PM 3: 44

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF COCHISE

| | |
|---|---|
| STATE OF ARIZONA | NO. CR98000296 |
| Plaintiff, | NO. CR98000345 |
| vs. | MOTION TO STRIKE |
| **EARL BALL,** | |
| Defendant. | |

COMES NOW, the Cochise County Attorney, CHRIS M. ROLL, by and through his

undersigned Deputy, DAVID P. FLANNIGAN and hereby moves this Court to strike EARL

BALL'S supplement, dated June 20, 2000 and all other pleadings filed in pro per by EARL

BALL. The Defendant EARL BALL is being represented on appeal by attorney Time Dickerson.

There is no authorization to file premature pleadings in pro per at this point, and the State

should not be obligated to respond to the same.

RESPECTFULLY submitted this 28th day of June, 2000.

CHRIS M. ROLL
Cochise County Attorney

BY: _____
DAVID P. FLANNIGAN
Deputy County Attorney

- 1

```
 1   Copies of the foregoing
     mailed/delivered this 28
 2   day of June, 2000, to:

 3   Hon. Stephen Desens
     Judge of the Superior Court
 4   Division II

 5   Public Defender's Office

 6   Timothy Dickerson, Esq.

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

- 2

(281)

# EXHIBIT KK

EARL BALL
Defendant/Petitioner *In Pro Se*
c/o Cochise County Adult Detention Center
203 N. Judd
Bisbee, AZ 85603

FILED

00 JUL 18 PM 3: 47

CLERK

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IF AND FOR THE COUNTY OF COCHISE

STATE OF ARIZONA,                    )        NO.   CR98000296
                                     )              CR98000345
         Plaintiff,                  )
                                     )
vs.                                  )        Response to states motion
                                     )        to strike
                                     )        (Oral argument requested)
                                     )
EARL BALL,                           )
                                     )
         Defendant/Petitioner.       )
_____)

**COMES NOW** the Defendant/Petitioner, EARL BALL, *in pro se*, and files this response to the states motion to strike. Petitioner asserts that he is with in his rights and requests that the court consider his petition as a motion to vacate judgment. As provided by rule 24.2 (A)(2) Arizona rules of criminal procedure. A motion to vacate judgment based on newly discovered material facts is evaluated under the standard of rule 32.1 (E) State v Mauro 159 Ariz. 186 (Ariz. 1988).

**RESPECTFULLY SUBMITTED** this *14th* day of July 2000.

*Earl Ball*

EARL BALL, Defendant, *In Pro Se*

A copy of the foregoing Mailed/delivered
this *14th* Day of *July*, 2000, to:

Division I Judge

Cochise County Public Defender's Office
Bisbee, Arizona, 85603

Timothy Dickerson, Esq.

Cochise County Attorney's Office PO Drawer CA
Bisbee AZ 85603

282

# EXHIBIT LL

EARL BALL #153335
Defendant/Petitioner In Pro Se
Eyman-Rynning
P.O. Box-3100
Florence, AZ 85232

FILED
00 DEC 13 AM 11:28

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF COCHISE

STATE OF ARIZONA,
                          Plaintiff,

                  vs.

EARL BALL,
            Defendant/Petitioner.

NO.  CR98000296
     CR98000345

MOTION FOR EVIDENTIARY HEARING
(ORAL ARGUMENT REQUESTED)

COMES NOW the Defendant/Petitioner, EARL BALL, In Pro Se,
and files this motion pursuant to rule 32.8 evidentiary hearing,
requesting this court to set a hearing for same. The Petitioner
has a right under the Arizona Constitution to bring his claims,
any claim within the ambit of the rule, to the attention of the
Court. Our Supreme Court recently made this point clear in
Wilson v. Ellis, 176ARIZ.121. As the Supreme Court observed in
Anders, the Court — not counsel — Proceeds to decide whether the
case is wholly frivolous 386U.S. at 744, 87S.Ct. at 1400.

RESPECTFULLY SUBMITTED this /22d day of December, 2000.

                    _Earl Ball_
                    EARL BALL, Defendant, In Pro Se

A copy of the foregoing Mailed/delivered

this /2.d day of December, 2000, to:

Hon. Howard Fell
Judge of the Superior Court
Pima County Superior Court
110 W. Congress
Tucson, AZ  85701

Harrette P. Levitt
485 South Main Ave.
Tucson, AZ  85701

Cochise County Attorney's Office
P.O. Drawer CA
Bisbee, AZ  85603



EARL BALL #153335
Defendant/Petitioner In Pro Per
Eyman-Rynning
P.O. Box-3100
Florence, AZ  85232

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF COCHISE

STATE OF ARIZONA,

        Plaintiff,

    vs.

EARL BALL,

        Defendant/Petitioner.

NO.   CR98000296
       CR98000345

PETITION FOR POST CONVICTION RELIEF

Assigned to Judge
Howard Fell

COMES NOW the Defendant/Petitioner, EARL BALL, in pro per,
and files this Petition for Post-Conviction Relief Pursuant to
Arizona Rules of Criminal Procedure Rule 32, based on the following
Memorandum of Points and Authorities.

RESPECTFULLY SUBMITTED this _12th_ day of December, 2000.

*Earl Ball*

EARL BALL,
Defendant, In Pro Per

284

## 1. FACTS AND PROCEDURE:

Defendant was tried by jury on both cases CR98000296 and CR98000345. Case CR98000296 shall be referred to herein as the "296" case. Case CR98000345 shall be referred to herein as the "345" case. Another case, CR99000176, herein referred to as the "176", was dismissed by this court based on Defendant's Motion to Dismiss filed on or about September 3, 1999.

Under "296", Defendant was convicted by a jury for possession of one videotape in contravention to A.R.S.13-3553 Sexual Exploitation of a Minor. Under "345", from a first trial, Defendant was convicted by a jury for possession of one videotape in contravention to A.R.S.13-3553 Sexual Exploitation of a Minor; however, the jury was hung on fifteen counts of A.R.S.13-3553 Sexual Exploitation of a Minor for fifteen photographs which Defendant allegedly possessed in violation of the law. Defendant was tried again by a jury for possession of the fifteen photographs and was acquitted on five counts, but convicted on ten counts of violation of A.R.S.13-3553 Sexual Exploitation of a Minor. Petitioner has already been sentenced on the two counts involving the videotapes. Defendant has also been sentenced on the ten counts involving possession of photographs.

## 2. GROUNDS ASSERTED:

Petitioner asserts the following grounds:

(A) The conviction or the sentence was in violation of the Constitution of the United States or the State of Arizona, Rule 32.1(a)

(B) The court was without jurisdiction to render judgment, Rule 32.1(b):

(C) Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence, Rule 32.1(e)

(D) There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence, Rule 32.1(g).

The specific facts as a basis of such grounds are more fully set forth in the following discussion.

Possession of all 12 items was NOT a crime under both "296" and "345" at the time Petitioner is first alleged to have committed all

285

elements of the crime, as far as when the state first became aware that
Petitioner was alleged to have been in possession of one or more
"visual depictions" involving minors. The state became aware of such
alleged conduct as early as March 23,1989 when Cochise County Sheriff's
Deputy James Allaire swore out an Affidavit for Search Warrant based
on "probable cause" to believe such information was true. A search
Warrant was issued for search and seizure of any such visual
depiction from the person or home of Ea rl Ball. Deputy Allaire
over-rode the finding of probable cause by the magistrate of Justice
of the Peace Precinct #4 court, and decided not to execute the search
warrant even though he was at the home. (See copy of search warrant.)

The State clearly had probable cause to believe that all
elements of the crime invoving proscribed visual depictions of a
minor existed on March 23, 1989. Case law however supports
Petitioner's position that the crime is committed, if at all, when
all the elements are first established to exist. Case law supports
the position that this would not have been a "continuing crime".
The state was aware that there could be depictions of minors engaged
in prescribed acts in 1989 and that is when the Statute of Limitations
began to run. The Court entertained the argument regarding the running
of the statute of limitations prior to prosecution under "176". The
Court correctly found that the statute had run in that case, as circum-
stances which pointed to the commission of the alleged crime were
undisputably known by the State more than seven years prior to
Petitioner's indictment under "176".

On the other hand – Petitioner asserts that prosecution and
conviction – at least for possession of the ten photographs – has
violated his constitutional rights as violative of the provisions
prohibiting ex post facto laws. Based on testimony that was alleged
at the trial, Defendant was allegedly in possession of the
photographs from as early as 1981. Under prior law – the law in
existence when Defendant is alleged to have first possessed at least
the photographs the act of "possession" was not a crime. The
legislature did not add "possession" as a prohibited act for the
purposes of A.R.S.13-3553 until the 1983 Amendment. Therefore,
possession, of such visual depictions, if indeed it did occure prior
to 1981 as the testimony indicated, was not a crime. Therefore,
Petitioner asserts that when the legislature subsequently added

- 2 -

286

"possession" as a prohibited act, the State was now punishing Petitioner for an activity which was not previously a crime. Petitioner asserts that case law supports his position that it is an unconstitutional ex post facto law which is now punishing him for an activity which was only subsequently categorized as a crime.

Moreover, with respect at least to the photographs, visual depictions were of Petitioner's then wife L████ B███. Testimony was adduced at trial that L███ B███, although perhaps a minor, was Petitioner's wife. As she was married, she was emancipated, and must not be treated as a "minor" for purposes of such charges. Testimony was adduced which indicated that L████ B███ was married to Petitioner at the time that some or all of the photographs were taken. Even the jury had questions as to the marital relationship and how that would affect charges for having these types of visual depictions of one's own spouse, even if the spouse were a minor when such images were preserved. Indeed, there was no allegation of Petitioner engaging in any type of prohibited sexual conduct or contact with a minor during that time frame. The State merely sought punishment for preserving images of allegedly prohibited conduct.

In addition, Petitioner submits that the conviction violated his constitutional rights as he has been charged in some or all of the counts again under an ex post facto law for the now prohibited "exploitive exhibition". A.R.S.13-3553(A)(2) makes a crime of possessing a visual depiction in which minors are engaged in "exploitive exhibition or other sexual conduct". Some of the photos show no activity which could be construed as "Sexual conduct" pursuant to A.R.S.13-3553(A)(2). Therefore, the state proceeded on some or all counts for "Exploitive exhibition" as defined under A.R.S.13-3551. However, "exploitive exhibition" was added to the law as a prohibited act by the 1996 amendment. Clearly this type of prohibition was added well after Petitioner is alleged to have first come into possession of such items. Therefore Petitioner is being improperly punished under an ex post facto law.

Moreover, Petitioner submits that the crimes with which he is convicted are specific intent crimes. However, at least the ten offending phonographs were locked inside a safe in Petitioner's house. The photos were not shown or distributed to others.

-3-

287

Defendant had no intention of revealing any such items to others. In fact, one can infer that petitioner's specific intention was to shield any images which memorialized his then-emancipated wife away from the view of society. There being no intent to commit the crimes alleged, Petitioner submits that the convictions violated his constitutional rights as this element of the crime was not proven by the state.

Petitioner asserts that he has not been accorded a fair trial. This is based on facts which were discovered after Petitioner was convicted in these matters. The Cochise County public Defender's office previously defended as juvenile defendants both E███ B███ J██ and J████ B███. Both of these witnesses and victim were witnesses for the State in the prosecution of Petitioner. The violation is even more egregious due to the fact that the State conducted hearings for removal of Petitioner's children following his arrest.

At issue, were the children of the same J████ B███. The Attorney General's office proceeded through Attorney Phil Maxey. Attorney Maxey previously was employed by the Cochise County Public Defender's Office. Attorney Maxey had the opportunity to utilize information against Petitioner in the dependency hearings based on privileged information that was gleaned at least from Witness/victim J████ B███ during representation of her by Maxey during his former employment at the Public Defender's office. The scenario reeks of the appearance of impropriety and misconduct by the state. Petitioner has been deprived of his right to a fair trial by such malodorous taint.

In addition Petitioner believes that there may have been ineffective assistance of counsel in the representation of Petitioner as Defendant by the Office of the Cochise County Public Defender.

288

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. STATUTE OF LIMITATIONS

Defendant has previously asserted that Possession of all 12 items was NOT a crime under both "296" and "345" at the time Petitioner is first alleged to have committed all elements of the crime, as far as when the state first became aware that Petitioner was alleged to have been in possession of one or more "visual depictions" involving minors.  March 23, 1989 Cochise County Detective Allaire acquired a search warrant was never executed at the choice of the law enforcement officer. Although two persons (L████ and D████) were interviewed by the detective and denied that there was not strange sexual activity at the house (although one was Defendant's wife and one was Defendant's live-in-girlfriend at the same time and with full knowledge of each other) - the Detective knew the family and knew of the co-habitation by Defendant with more than one woman at a time, and yet the detective chose not to pursue the investigation any further.  In fact, Detective Allaire had indicated that there was "no grounds for serving the warrant" when in fact the warrant should have been served at that time.  For the state to wait ten years to search for evidence it had knowledge of ten years prior; is reprehensible and a violation of the statute of limitations.

The purpose of the statute of limitations is to limit the suspect's exposure to criminal prosecution to a *certain fixed period* of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. *U.S. v. Marion*, 92 S.Ct. 455, 404 U.S. 307, 30 L.Ed.2d 468 (Dist.Col.), *Toussie v. U.S.*, 90 S.Ct. 858, 397 U.S. 112, 25 L.Ed. 2d 156 (N.Y.). The statute of limitations balances the government's interest in prosecuting with the need to protect those who may lose their means of defense.  *U.S. v. Otto*, 742 F.2d 104, cert. Denied 105 S.Ct. 978, 469 U.S. 1196, 83 L.Ed. 2d 980 (C.A. Pa.). The statute of limitations provides a safeguard against possible prejudice resulting from delay and the prosecution of stale charges. *Marion, id.; Toussie, id.*

> The applicable statute of limitations is the primary guarantee against bringing overly stale criminal charges.   Such statute represents legislative assessment of relative interest of the State and the Defendant in administering and receiving Justice, they are made for the repose of society and the protection of those who may have lost their means of Defense." *Marion, id.*

289

1    In Arizona, a prosecution for a class 2 through 6 felony must be commenced within seven
2  years from the actual discovery by the state of the offense or which discovery should have oc-
3  curred with the exercise of reasonable diligence whichever first occurs.  A.R.S. 13-107.  Clearly
4  the state did discover or should have discovered with reasonable diligence facts which it turned a
5  blind eye to more than seven years prior to the initiation of this cases.   These prosecutions are
6  banned by the statute of limitations for crimes.

7    Where there is doubt as to the running or tolling of statute of limitations, the limitation period
8  is to be construed in favor of the defendant. *U.S. v. Gilbert*, 136 F.3rd 1451 (11th Cir. 1998). Pur-
9  suant to *U.S. v. Waters*, the statute of limitation in criminal case must be held to affect not only
10  the remedy at law, but also operates as a jurisdictional on the power to prosecute and punish.

11    Due process requires the dismissal of an indictment even if the prosecution is brought within
12  the statute of limitations, if the accused can prove that the government's delay was a deliberate
13  device to gain an advantage over him, and that it caused him actual prejudice in presenting his
14  defense.   *U.S. v. Gouveia*, 104 S.Ct. 2292, 467 U.S. 180, 81 L.Ed2d 146, (Cal) on remand 738
15  F.2d 1068, cert. Denied, *Segura v. U.S.*, 105 S.Ct. 2335, 471 U.S. 1104, 85 L.Ed.2d 851, on
16  remand U.S. v. Mills, 810 907.  Any exception to the statute of limitations or a statute tolling or
17  suspending its operation is to be construed narrowly or strictly against the state. *U.S. v. Scharton*,
18  52 S.Ct. 416, 285 U.S. 518, 76 L.Ed. 917 (Mass).  Where statute increases the period of limitations
19  to particular crimes is to be construed strictly, to apply only to cases shown to be clearly within its
20  purpose.  *U.S. v. McElvain*, 47 S.Ct. 219, 272 U.S. 633, 71 L.Ed. 451 (III).

21    Unless a statute of limitations is clearly retrospective in its terms it does not apply to crimes
22  which have been previously commited.  *Martin v. Superior Court In and For Yuma County*, 659
23  P.2d 652, 135 Ariz. 99 (Ariz.) Once the statutory period begins to run, unless the statute of
24  limitations contains an exception to the running or condition that will toll its operation, the running
25  of the statute of limitations is not interrupted except by the filing of the indictment or other
26  sufficient procedure to commence prosecution of the offense. State v. Locke, 81 S.E. 401, 73 W.
27  Va. 713 (W.Va.).

28    Even where there are definite expressed exceptions to toll the statute of limitations, the

(290)

1   exceptions refer only to those conditions which existed at the time that the right of action or cause

2   for prosecution *first accrued. Locke, id.*

3      Where a statute of limitations may prevent the beginning of the statute of limitations where the

4   accused is concealing his crime, it is well settled that the period of limitations **does** run from the

5   discovery of the crime or of the offender's guilt, *or from the time that the offense is made known to*

6   *certain public officers. State v. Guillott,* 9 So. 2d 235, 200 La 935 (La). This is precisely the

7   situation herein, that if Defendant did comit a crime, it was known to the state at the time that

8   Detective Allaire obtained a search warrant in 1989 –ten years earlier than his arrest and

9   indictment. Mere silence and inaction by the suspect is not alone "concealment" of the crime.

10   State v. Mills, 707 P.2d 1079, 238 Kan. 189 (Kan).

11      Moreover, when the case involves the beginning of statute of limitations for sexual abuse by a

12   parental authority figure, the statute does not beging to run until the child is no longer subject to

13   the authority. *State v. Danielski,* 348 N.W. 2d 352 (Minn. App.). In this case, any and all minors,

14   if indeed there were any, and whether or not they were emancipated (Eg: L██ B██ by marriage

15   before the age of 18 years), were not subject to any parental authority of Defendant long before

16   1992 –which is seven years before the time of arrest and prosecution. Or the statute is tolled only

17   until the victim turns 18. *Houtz v. State,* 893 P.2d 355, 111 Nev. 457, reh. Den. In this case, the

18   last of the alleged victims turned 18 in 3-28-92, and these prosecutions were began in violations of

19   the running of the statutory periods. The statute of limitations began to run in child sexual abuse

20   cases where a responsible adult acquired the requisit knowledge while acting in his official or

21   professional capacity. State v. Rosenberg, 630 N.E. 2d 435, 90 Ohio App. 3d 735, over. 628 N.E.

22   2d 1392, 68 Ohio St. 3d 1473 (9th Dist).

23      Defendant believes that it is meritorious for his defense that an acquittal or conviction on a

24   charge that a continuing offense has been commited during a sepecified time will be a bar to

25   another prosecution for a like offense during another specified time which includes any part of the

26   time named in the first charge. *Short v. U.S.* 91 F.2d 614 (C.C.A. Tenn.) In this matter.

27      Regarding the concept of the "continuing" crime, in one case which involved theft and control

28   of stolen property, it was held that the statute of limitations for the theft of the item began to run at

(291)

1    the time of the "taking" -the fact that the Defendant continued to control the stolen property— the

2    Defendant did not commit the separate offense for the statute of limitations purpose, by continuing

3    to exercise control over the property when it was discovered by law enforcement.    People v.

4    Kimbro, 538 N.E. 2d 826, 131 Ill. App. 3d 572 (3 Dist. Ill).   Similary, where mail had been stolen

5    concealment of the same was a discrete offense which was not subject to the "continuing offense"

6    Exception to the general rule that a statute of limitations begins to run when each element of the

7    offense has occurred.  U.S. v. Cunningham, 902 F. Supp. 166 (N.D. Ill.)  Maxwell 140 /314.

8

9    **2. LEGISLATIVE INTENT**

10    It its clear that the legislative intent was not to make the possession of certain visual depictions

11    a crime until the 1983 Amendments.  The Arizona legislature may not enact *x* any law which

12    imposes any additional or increased penalty for a crime after its commision.  *State v. Noble*, 808

13    P.2d 325, 167 Ariz. 440, *review granted, opinion vacated* 829 P.2d 1217, 171 Ariz. 171.   A crime

14    is completed when every element has occurred. Possessing, is complete when one possesses some

15    thing.  A legislature is prohibited by an *ex post facto* clause from making criminal an act that was

16    innocent when performed and the legislature is prohibited from making the punishment of a

17    criminal act greater than when the act was commited.  *Arizona Dept. of Public Safety v. Superior*

18    *Court In and For Maricopa County (Falcone)*, 190 Az 490. *State v. Weinbrenner*, 795 P.2d 235,

19    164 Ariz. 592.

20        Indeed, in *Weinbrenner*, the Court of Appeals noted that the prohibition against *ex post facto*

21    law is deeply rooted in constitutional law, a~~n~~d expounded that this prohibition:

22                    Was intented to secure substantial personal rights against arbitrary a n d

23                    oppressive legislation, and not to limit the legislative control of remedies

24                    and modes of procedure which do not affect matters of substance.

25    *Weinbrenner* at 593. Similarly, because it would operate like an *ex post facto* law, a court is barred

26    by the Due Process clause from reaching the same result by judicial construction. U.S.C.A. Const.

27    Art. 1, Sec. 9,cl. 3 and Sec. 10,cl.1; A.R.S. Const. Art 2, Sec. 25; *Bowie v. City of Columbia*, 378

28    U.S. 347, 353-55, 84 S.Ct. 1699, 1702-3, 12 L.Ed. 894 (1964). *Keeler v. Superior Court of*

292

1   *Amador County*, 2 Cal #D 619, 87 Cal Reptr 481, 490-91, 470 P.2d 617, 626-27 (1970); *In re*
2   *Shane B.*, 979 P.2d 1014 (App. Div.1 1998). Therefore, a court may not expand the scope of a
3   crime by judicial decision to punish a defendant for an action that was not criminal when it was
4   performed. *Vo v. Superior Court In and For County of Maricopa*, 836 P.2d 408, 172 Ariz. 195,
5   review denied.

6       A law is *"ex post facto"* if it makes criminal that which was innocent when first commited, or it
7   increases the punishment or it aggravates any crime previously commited, or alters any rules of
8   evidence by allowing for the receipt of less or different proof than required at the time of the
9   commission of the act or deprives the accused of a substantial right or immunity possessed at the
10  time of the commission of the act. *State v. Beltran*, 170 Ariz. 406, 825 P.2d 27 (App. Div.1 1992);
11  *State v. Sanders*, 604 P. 2d 20, 124 Ariz. 318. U.S. v. Lydell N., 124 F.3d 1170 (9th cir. 1997).

12      There are two basic elements which are necessary for a criminal law to be *ex post facto*:

13              (1) it is retroactive (applying to acts occurring before its enactment); and

14              (2) it is disadvantageous to the defendant.

15  *State v. Yellowmexican*, 142 Ariz. 205, 688 P.2d 1097 (App. 1984), approved 142 Ariz. 91, 688
16  P.2d 983, citing *Weaver v. Graham*, 450 U.S. 24 at 29, 101 S.Ct. 960 at 964 (1981); *U.S. v. Lydell*
17  *N., supra.* That indeed is the case in the matter at bar.

18      In one case, where there was a new statutory provision that the availability of alternative water
19  sources did not affect a surface water right this violated due process by retroactively affecting
20  rights which were vested under statutes or common law. Arizona Constitution, Article 2, Sec. 24;
21  *San Carlos Apache Tribe v. Superior Court ex rel. County of Maricopa*, 193 Ariz. 195, 972 P.2d
22  179 (1999). Here Defendant's initial possession of any visual medium described was not a crime,
23  and cannot be retroactively made into a crime. Due process is violated when legal consequences
24  are altered for conduct, which occurred before the enactment of the change of the law. *San Carlos*
25  *Apache Tribe.* Moreover, if a statute is punitive, it may not be applied retroactively. *Arizona Dept.*
26  *of Public Safety v. Superior Court In and For Maricopa County (Falcone)*, 190 Ariz. 490, 949
27  P.2d 983, (App. Div. 1 1997) 190 Ariz. 490, 949 P.2d 983, review denied 192 Ariz. 276, 964 P.2d
28  477; *Saucedo v. Superior Court In and for the County of La Paz*, 190 Ariz. 226, 946 P.2d 908 (Ap.

                                        -9-

(293)

Div. 1, 1997). The court treats the change in the statute as punitive if the legislative intent was punitive. *Arizona Dept. of Public Safety v. Superior Court In and For Maricopa County, supra.*

In most cases a crime consists of both the *actus reas* (the act requirement) and the *mens rea* (State of mind requirement). A person does not commit a crime who commits the act or makes the omission charges through misfortune or by accident, when it appears that there was no evil design, intention, or culpable negligence. *People v. Guinn*, 1196 Cal.Rprt. 696, 149 C.A. 3d Supp. 1, *Kennedy v. State*, 323 S.E.2d 169, 172 Ga.App. 336. An injury resulting from poor or foolish judgment is a matter for the civil courts, not the criminal courts. *Heglin v. State*, 140 N.E. 2d 98, 236 Ind. 350. In this matter, the facts clearly demonstrated that once initial possession of the pictorial representations occurred, which was not a crime *ab initio*, that there was no guilty state of mind nor guilty act in the future (for example: the items were not on public display but were kept under lock and key).

Moreover, any intent acquired after the act has been committed is not controlling. *Forbes v. State*, 157 S.W.2d 900, 143 Tex.Cr. 180. And when the act is admitted and innocence is claimed on the basis of a mitigating factor (for example –the possession was not a crime initially), then intent becomes the material issue a criminal prosecution. *State v. Willis*, 370 N.W.2d 193. Then the Defendant's intent is to be determined from his words, acts, and conduct. *Jones v. State*, App. 14 Dist., 687 S.W.2d 430. The words, act and conduct of Defendant in this case do not add up to criminal intent. Where a statute is susceptible to more than one interpretation, the Rule of Lenity dictates that any doubt should be resolved in defendant's favor. *State v. Pena*, 140 Ariz. 545, 683 P.2d 744 (App. 1983), approved 140 Ariz. 544, 683 P.2d 743; *Reinesto v. Superior Court*, 182 Ariz. 190, 894 P.2d 733 (App. 199).

Moreover, a statute will be held to impose strict liability only upon a clear showing that was intent of the legislature. *Stepniewski v. Gagnon*, 732 F.2d 567 (C.A. Wis.); *U.S. v. Marvin*, 687 F.2d 1221 (C.A. Mo.), cert denied 103 S.Ct. 1768, 460 U.S. 1081. Unlike, for example, a driving while under the influence of alcohol statute where there is no guilty state of mind required, there is a guilty state of mind required in these cases. There was not guilty mind shown on the part of Defendant in this case.

(294)

1    Where the statute includes the element of specific intent as the ingredient of its criminality,
2    such intent is essential and must be established. *People v. Neal*, 104 P.2d 555, 40 C.A.2d 115,
3    *State v. Rutten*, 245 P.2d 778, 73 Idaho 25. If the statute requires defendant to have acted
4    "purposefully" or "knowingly" then the crime is one specific intent. *Fuentes v. Michigan*, 104 S.
5    Ct. 529, 464 U.S. 1009, 78 L.Ed. 2d 711. The crime prosecuted, A.R.S. 13-3553 Sexual Exploita-
6    tion of a Minor, requires the defendant act "knowingly".

7    In cases requiring specific intent, such specific intent is just as much of an element of the crime
8    as the act itself. *People v. Sanchez*, 219 P.2d 9, C.2d 522, *Simpson v. State*, 87 So. 920, 81 Fla.
9    292. The proof of specific intent is just as necessary as proof of the act itself and must be estab-
10   lished as an independent fact and with the exact same certainty as any other element. *U.S. ex rel.*
11   *Vraniak v. Randolph*, C.A. III 261 F.2d 234, cert denied *Vraniak v. Randolph*, 79 S.Ct. 733, 359 U.
12   S. 949; *State v. Wagner*, 44 A.2d 821, 141 Me. 403. The specific intent must be shown as a matter
13   of fact by either direct or circumstantial evidence. *U.S. v. Sterley*, C.A.8 (Ark.), 764 F.2d 530, *cert.*
14   *denied*, 106 S.Ct. 544, 474 U.S. 1013. There is no evidence of specific intent by Defendant in this
15   case, by either direct or circumstantial evidence. Specific intent cannot be presumed or imputed
16   and proof of the commission of the act cannot warrant the presumption of the accused having the
17   requisite specific intent. *Imholte v. U.S.*, 266 F.2d 585 (C.A. Minn.), *U.S. v. Flynn*, 216 F.2d 354
18   (C.A.N.Y.) *cert denied* 75 S.Ct 295, 348 U.S. 909, 99 L.Ed. 713, *withheld* 75 S.Ct 285, 99 L.Ed.
19   2d 1298, *rehearing denied* 75 S.Ct. 436, 348 U.S. 956, 99 L.Ed. 747; *U.S. ex rel. Vraniak v.*
20   *Randolph*, C.A. III 261 F.2d 234, cert denied *Vraniak v. Randolph*, 79 S.Ct. 733, 359 U.S. 949.
21   (~~See excerpt of Transcript from Grand Jury Proceedings~~).

22

23   ## 3. COUNTY ATTORNEY FLANNIGAN, MADE IMPROPER COMMENTS, WHICH
24   ## TAINTED THE TRIAL

25   ### A. BRANDING DEFENDANT AS A CHILD MOLESTER

26   During the trial County Attorney Flannigan several times made improper references to Defen-
27   dant which prejudiced Defendant and resulted in less than a fair trial. Comments such as "Child
28   molester" and "Pedophile" were unduly prejudicial and malicious, given previous instructions.

(295)

1  Similarly, the use of the surname of "B███" for J█████, after motion in Limine had established that

2  J█████ would only be referred to by her first given name and not by a surname unduly prejudiced

3  Defendant and impaired his due process rights to a fair trial. Consequently, the convictions must

4  be vacated and the convictions overturned and the indictments dismissed.

5      Furthermore, since this was caused by the State, the dismissals must be with prejudice so that

6  the State is barred from any reprosecution.

7

## 4. JUDGE BOROWEIC'S FAILURE TO ADMONISH THE JURY FOLLOWING THE IMPROPER COMMENTS OF THE COUNTY ATTORNEY PREJUDICED DEFENDANT'S DUE PROCESS RIGHT TO A FAIR TRIAL

11      Once the prosecutor committed the errors as enumerated in number 3 above, Judge Boroweic

12  did not take adequate corrective measures to diminish, if possible, the prejudice which had oc-

13  curred.

14

## 5. THE JUDGE SHOULD HAVE HONORED HIS PRIOR RULING

16      Based on a pre-trial. Motion in Limine, it was ordered by the court that "if the jury comes out

17  with a verdict that he was in fact married to her, I will strike her testimony." However, subse-

18  quently, when this matter was broached by defense counsel, presiding Judge Matthew Boroweic

19  stated "I was only joking" and that "no one expected the jury to split." The judge must make his

20  rulings based on the law and in good faith, not quipping that his ruling was rendered in jest as no

21  one had anticipated a certain out come (which subsequently does occur). See excerpts from report-

22  ers' transcript of proceedings.

23

## 6. INEFFECTIVE ASSITANCE OF COUNSEL

25      If with respect to nothing else or at the least, when County Attorney Flannigan was transgress-

26  ing, Defendant's trial counsel did not individually or collectively take remedial or corrective meas-

27  ures. The performance of both counsels was inadequate and ineffective. Indeed, both have ex-

28  pended considerable energy in asking the court for permission to be let off the case, rather than fil-

296

1   ing certain post-trial motions of for hearings as requested by Defendant.  Indeed, during the heart
2   of post-conviction representation, the Public Defender's office put up a wall and would not even
3   accept Defendant's collect telephone calls from jail.

4       Where a complaint alleges that an action is barred by the statute of limitations, Special Action
5   relief is clearly an appropriate remedy to terminate the litigation.  *U.S. v. Lovasco*, 431 U.S. 783,
6   526, E.D.2d 752.  The availability of an appeal does not always foreclose the exercise of the Court
7   of Appeal's discretion to accept jurisdiction of Special Action for review.  Vo v. Superior Court,
8   172 Ariz. 195, 198, 836 P.2d 408, 411 (App. 1992); *City of Phoenix v. Superior Court*, 158 Ariz.
9   214, 216, 762 P.2d 128, 130 (App. 1988).  Where the remedy of direct appeal is unsatisfactory the
10  court has recognized that it should accept jurisdiction for Special action review –especially where
11  the issue presented is purely one of law on which superior court judges are divided.  *Dept. of Pub-*
12  *lic Safety v. Superior Court* (Falcone) 190 Ariz. 490 (App. 1977).  For example, for the misappli-
13  cation of the law to undisputed facts, the court reviewed and order granting a preliminary injunc-
14  tion by way of a special appeal.  *City of Phoenix v. Superior Court, supra.*

15      Defendant further responds to the State's Response to the Petition asking for a dismissal of the
16  petition as follows.  As Defendant's new court-appointed attorney has not filed yet, Defendant be-
17  lieves that his filing *pro se* is still appropriate.

18      The State erroneously claims that Defendant's main complaint is that the alleged crimes are not
19  continuing offenses.  Defendant claims that as to counts 7,8,9,10,11,12,13,14,15 and 16 under case
20  "345", that they cannot be a continuing offenses as they are not crimes.  Arizona Constitution Art.
21  2 Sec. 25, United States Constitution Art. 1 Sec. 9 cl.3.  These constitutional provisions state, in
22  pertinent part, that a legislature is prohibited by an *ex post facto* clause from making criminal an
23  act that was innocent when performed.  Similarly, because it would operate like an *ex post facto*
24  law, a court is barred by the Due Process clause from reaching the same result by judicial construc-
25  tion.  *Bowie v. City of Columbia, supra; Keeler v. Superior Court of Amador County, supra.*
26  "Every law that changes the punishment, and inflicts a greater punishment than the law annexed to
27  the crime when committed" violates the *ex post facto* clauses of the Arizona and United States
28  Constitutions.  *Calder v. Bull*, 3 U.S. (3 Dall.) 386, at 390, 1 L.Ed. 648 (1798); *California Dep't*

- 19 -

(29)

1  *of Corrections v. Morales,* 514 U.S. 499, at 506 N.3, 115 S.Ct. 1597, at 1602 N.2, 131 L.Ed.2d 598

2  (1995). The Arizona legislature may not enact a law, which imposes any additional or increased

3  penalty for a crime after its commission.

4      As in *Saucedo v. Superior Court,* No 1 CA-SA 97008, court of Appeals of Arizona, Div. 1

5  Dept C, Sept 2, 1997, the State concedes the issue of possession, stating that the trial court deter-

6  mined that the offense was continuing in nature. If Defendant was in possession in 1981 (page 8,

7  line 19 PCR) and the legislature did not add "possession" as a prohibited act for purposes of A.R.

8  S. Sec. 13-3553 until the 1983 Amendment (which was the year in which L███ H██ was 19 years

9  old) then the court also may not do so by judicial construction. In *Saucedo* the appeals court held

10  that Proposition 102, which lacked any statement as to, intended retrospective application could

11  not be given retrospective application by the Arizona courts and judges. To do so was a violation

12  of the *ex post facto* law of both the Arizona and federal constitutions. Constitutional measures are

13  construed to operate prospectively unless they clearly state an intent to the contrary to be applied

14  retroactively. *American Fed'n of Labor v. American Sash & Door Co.,* 67 Ariz. 20, 39, 189 P.2d

15  912, 925 (1948); *Saucedo, supra.*

16      The act of a prosecutor which interfered with the inquiry by informing the Grand Jurors that

17  their questions were not relevant amounted to a denial of a substantial procedural right *Nelson v.*

18  *Roylston,* 137 Ariz. 272 (App). To bar the legitimate inquiry of the grand jury on a point does deny

19  the defendant a substantial procedural right. *Nelson,* at 276. In *Napue v. Illinois,* 360 U.S. 264, 79

20  S.Ct. 11173, 3 L.Ed. 2d 1217 (1959) the U.S. Supreme Court stated that:

21              ...a conviction obtained through use of false evidence, known to be s u c h

22              by representatives of State, must fall under the Fourteenth Amendment,

23              [citations omitted]. The same result obtains when the State, although not

24              soliciting false evidence, allows it to go uncorrected when it appears.

25              [citations omitted]. 360 U.S. at 269 [70 S.Ct. at 1177].

26      In the Grand Jury proceedings of June 19, 1998, County Attorney Chris Roll was asked by

27  Grand Juror Wilson about the statute of limitations - specifically whether the statute of limitations

28  for initiating prosecution had already passed. County Attorney Roll stated the charge in the indict-

ment is possession of the videotape. This biased the Grand Jury of July 24, 1998. Grand Juror K██████ stated, "We had this case before". At the April 2, 1999 Grand Jury proceedings Deputy County Attorney David Flannigan was asked by the foreman "Is there any statue of limitations?" "Being it was a minor, there isn't any"?

Deputy County Attorney Flannigan responded: "There is a statute of limitations which is generally seven years in a criminal case. It may not run until the state finds out about the events." In the Grand Jury proceedings of May 14, 1999 County Attorney Roll was asked by Grand Juror S█████: "C████ S████. One question. Is there a statute of limitations under sexual crimes?" County Attorney Roll replied: "The statute of limitations is generally seven years. Although it begins to toll once it's discovered."

It is beyond comprehension how the county attorneys can tell the Grand Jurors that there is a statute of limitations and then imply that it is null and void. Defendant believes that this was done to withold exculpatory information from the Grand Jury. The State knew about the 1989 search warrant (no. 4C5900885) obtained by Detective Allaire on March 23, 1989. The first place in which Detective Joe Knoblack(???) would look after receiving a complaint would be inside inhouse files. The State's Rule 15 disclosure statement of August 12, 1998 (Exhibit no. 7 Report of Allaire (11 pages)??? Indicates that the state withheld information from the Grand Jury about the 1989 search warrant. Nelson v. Roylston cite as 137 Ariz.272(App.). See excerpts of Grand Jury transcripts.

CONCLUSION

Petitioner submits that the Court was without jurisdiction to hear this matter as the statute of limitations had run for prosecution for possession of proscribed visual depictions. In addition, Petitioner submits that his constitutional rights were violated by prosecution and conviction under prohibited ex post facto law.

Petitioner will verify under oath in open court pursuant to Rule 32.5 that this Petition contains all grounds known to him at the present time.

299

For the reasons stated above, it is submitted that Mr. Ball
was denied a fair trial, in that his wife was permitted to testify
concerning events which occured during the marriage over Mr. Ball's
timely objection. Construing the applicable seven year statue
of limitations liberally in favor of Earl Ball and against the
State, and following the well established presumption against
defining an offense as a "continuing" one, it can hardly be disputed
that this court was without jurisdiction to conduct trial in
CR98000296 and CR98000345, further considering the ex post facto
clause (Calder v. Bull, 3U.S.(3d.II)386, at 390 1 L.Ed.648(1798).
The jury's verdict was therefore contrary to the law. The judgments
of guilty must be vacated, Pendergast v. United States (1943)
317U.S.412,418, 63S.Ct.268,271, 876.Ed.368) it is abhorrent to
permit the State to suggest that the statue of limitations
should be tolled because of its own inexcusably dilatory conduct.

For the foregoing reasons, Petitioner requests that the
appropriate relief be granted under this Petition for Post
Conviction Relief Pursuant to Rule 32, that the convictions be
overturned and that the charges be dismissed with prejudice.

RESPECTFULLY SUBMITTED this 18th day of December, 2000.


_Earl Ball_

EARL BALL
Defendant, In Pro Per

A copy of the foregoing Mailed/delivered
this 12th day of _December_ , 2000, to:

Hon. Howard fell
Judge of the Superior Court
Pima County Superior Court
110 W. Congress
Tucson, AZ  85701

Harrette P. Levitt
485 South Main Ave.
Tucson, AZ  85701

Cochise County Attorney's Office
PO Drawer CA
Bisbee, AZ  85603

-16-

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF COCHISE

STATE OF ARIZONA,                        )
                                         )
                  PLAINTIFF,             )
                                         )
          VS.                            )     CR98000345
                                         )
EARL BALL,                               )
                                         )
                  DEFENDANT.             )

## REPORTER'S TRANSCRIPT OF PROCEEDINGS
(EXCERPT)
DECEMBER 14, 1999

APPEARANCES:

> MR. DAVID FLANNIGAN
> DEPUTY COUNTY ATTORNEY
> FOR THE PLAINTIFF
>
> MR. MARK SUAGEE
> PUBLIC DEFENDER
> MS. DONNA BECHMAN
> DEPUTY PUBLIC DEFENDER
> FOR THE DEFENDANT

## BEFORE THE HONORABLE MATTHEW W. BOROWIEC

MERLE RHODES BRIEFER
COURT REPORTER, COCHISE COUNTY SUPERIOR COURT
POST OFFICE BOX CT
BISBEE, ARIZONA 85603
(520) 432-9332

301

# PROCEEDINGS

\* \* \*

THE COURT: ONE OF THE JURORS ASKED THREE QUESTIONS. I CAN ANSWER TWO OF THOSE. THE THIRD IS NOT RELEVANT.

LADIES AND GENTLEMEN, I WON'T PERMIT ANY DISCUSSION ON IT. THE QUESTIONS -- TWO OF THE QUESTIONS ARE -- AND COUNSEL HAVEN'T SEEN THESE. I DON'T THINK THAT'S NECESSARY.

IN ARIZONA A PERSON LESS THAN 18 YEARS OLD -- CONSIDERED A CHILD? YES. UNDER 18 -- I GUESS AS SOON AS YOU TURN 18, YOU ARE AN ADULT IN ARIZONA, AND THAT'S BECAUSE THE LEGISLATURE SAYS SO.

NUMBER 2, DOES A CHILD BECOME EMANCIPATED; THAT IS, AN ADULT, WHEN IS MARRIED AS OF THE DATE AND TIME OF THE MARRIAGE?

WELL, EMANCIPATION MEANS FREE OF PARENTAL CONTROL AND CARE. IN ESSENCE, AN INTERPRETATION IS THAT A

1  CHILD BECOMES AN ADULT WHEN MARRIED.

2  AND THAT HAPPENS -- AND I AM NOT

3  SPLITTING SECONDS HERE, BUT THAT HAPPENS

4  AT THE MOMENT OF MARRIAGE, AND THERE IS

5  NO ISSUE AS TO TIME; THAT IS, THAT

6  ANYTHING HAPPENED AT THE TIME OF THE

7  MARRIAGE. SO MARRIAGE MAKES A CHILD IN

8  ESSENCE AN ADULT, AND I HAVE INSTRUCTED

9  YOU, LADIES AND GENTLEMEN, THAT IF YOU

10  FIND BY A PREPONDERANCE OF THE EVIDENCE

11  THAT THEY WERE MARRIED, THEN YOU HAVE

12  TO FIND THE DEFENDANT NOT GUILTY.

13

14  (REMAINING DISCUSSION WITH JURY

15  REPORTED, BUT NOT MADE A PART OF THE

16  RECORD.)

17

18  (DISCUSSION WITH COURT OUT OF THE

19  PRESENCE OF THE JURY REPORTED, BUT NOT

20  MADE A PART OF THE RECORD.)

21

22  MR. FLANNIGAN: I WILL BE IN

23  WILLCOX. I HAVE TRIALS. WE CAN GET JUDGE

24  CONLOGUE.

25  THE COURT: YOU HAVE A MOTION FOR

MISTRIAL? NO?

     MS. BECHMAN: I WILL MAKE ONE IF THE COURT WANTS.

     THE COURT: WHAT IS THE SECOND ONE BASED ON -- MR. FLANNIGAN'S COMMENTS ABOUT CHILD MOLESTATION?

     MS. BECHMAN: MR. BALL WANTED ME TO MOVE FOR A MISTRIAL. I'M NOT MOVING FOR A MISTRIAL. BUT I WOULD LIKE TO KNOW WHAT THE THIRD QUESTION WAS.

     THE COURT: OH, THEY WANT TO KNOW IS IT TRUE THAT A WIFE MAY NOT BE FORCED TO TESTIFY AGAINST HER HUSBAND BUT MAY CHOOSE TO DO SO. I THINK YOU ALL AGREE THAT'S NOT AN ISSUE. RIGHT?

     MS. BECHMAN: IT WAS A HUGE ISSUE WHEN WE LITIGATED IT PRIOR TO THE TRIAL.

     THE COURT: WE DID?

     MS. BECHMAN: WE MOVED TO PRECLUDE L█████ FROM TESTIFYING AND THE COURT OVERRULED OUR OBJECTION.

     THE COURT: WELL, I'LL TELL YOU WHAT. IF THE JURY COMES OUT WITH A VERDICT THAT HE WAS IN FACT MARRIED TO HER, I WILL STRIKE HER TESTIMONY.

MS. BECHMAN:  THAT WILL WORK,

JUDGE.

THE COURT:  STAND ADJOURNED.

\*\*\*\*\*



## C E R T I F I C A T E

STATE OF ARIZONA    )
                    )    SS:
COUNTY OF COCHISE    )

I, MERLE R. BRIEFER, HAVING BEEN
APPOINTED AS OFFICIAL COURT REPORTER HEREIN, DO
HEREBY CERTIFY THAT THE FOREGOING PAGES
NUMBERED 1 TO 5 INCLUSIVE CONSTITUTE A FULL,
TRUE AND CORRECT TRANSCRIPT OF ALL THE
PROCEEDINGS OF THE MATTER AS SET FORTH IN THE
TITLE PAGE HERETO, ALL DONE TO THE BEST OF MY SKILL
AND ABILITY.

DATED THIS _21st_ DAY OF _December_ ,
1999.

_____
OFFICIAL COURT REPORTER

306

time limitations
page 19 line 20-25
Lisened July 24¹
Grand Jury!

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF COCHISE

STATE OF ARIZONA,

      PLAINTIFF,

VS.

                              CR98000296
                              *Remanded*

EARL R. BALL, SR.,

          DEFENDANT.

## REPORTER'S TRANSCRIPT OF PROCEEDINGS

JUL 1998
Received
COCHISE COUNTY
PUBLIC DEFENDER

APPEARANCES:

        MR. CHRIS M. ROLL
        DEPUTY COUNTY ATTORNEY
        FOR THE PLAINTIFF

        MR. DOUGLAS C. WHITNEY
        DEPUTY COUNTY ATTORNEY

        MS. CAROLYN J. CRANFORD
        COURT REPORTER

      BE IT REMEMBERED THAT ON THE 19TH

DAY OF JUNE, 1998, THE ABOVE-ENTITLED MATTER CAME

ON FOR INVESTIGATION BEFORE THE GRAND JURY OF

OF COCHISE COUNTY, AT WHICH TIME THE FOLLOWING

PROCEEDINGS WERE HAD.

CAROLYN J. CRANFORD
COURT REPORTER
COCHISE COUNTY SUPERIOR COURT
P.O. BOX CJ
BISBEE, ARIZONA 85603
432-9352

1 ANSWERS YOUR QUESTION OR NOT.

2 GRAND JUROR OWENS: I THINK THAT'S

3 ENOUGH, YES.

4 MR. ROLL: ARE THERE OTHER QUESTIONS?

5 YES, SIR?

6 GRAND JUROR WILSON: LEE WILSON.

7 I DON'T KNOW IF THIS IS A LEGAL QUESTION,

8 BUT ON THE SPECIFIC INDICTMENT ARE WE SEEKING TO

9 CONSIDER PROBABLE CAUSE REGARDING THAT SPECIFIC

10 VIDEOTAPE AND ACTS THAT ARE DISPLAYED ON THE

11 SPECIFIC VIDEOTAPE?

12 MR. ROLL: THE DRAFT FORM OF INDICTMENT IS

13 A ONE COUNT OF SEXUAL EXPLOITATION OF MINOR BY

14 POSSESSING A VIDEOTAPE THAT -- LET ME SEE IF I HAVE

15 THE -- IT READS AS FOLLOWS: ON OR ABOUT THE 2ND

16 DAY OF JUNE, 1998, EARL R. BALL, SR., COMMITTED

17 SEXUAL EXPLOITATION OF A MINOR BY KNOWINGLY

18 POSSESSING A VIDEOTAPE IN WHICH A MINOR UNDER

19 FIFTEEN YEARS OF AGE IS ENGAGED IN EXPLOITIVE

20 EXHIBITION OR OTHER SEXUAL CONDUCT.

21 GRAND JUROR WILSON: SO EVEN THOUGH THE

22 VIDEOTAPE MAY PASS THE -- THE ACTUAL ACTS PASS THE

23 STATUTE OF LIMITATIONS, JUST THE FACT OF HIM

24 POSSESSING THE VIDEOTAPE IS STILL VIOLATING THE

25 CODE?

308

1    MR. ROLL:  THE CHARGE IN THE INDICTMENT IS
2    POSSESSION OF THE VIDEOTAPE.
3    GRAND JUROR WILSON:  OKAY.
4    MR. ROLL:  OTHER QUESTIONS FOR THE
5    WITNESS?
6    IF NOT, MAY HE BE EXCUSED?
7    THE FOREMAN:  YES.
8
9    (WITNESS EXCUSED.)
10
11    MR. ROLL:  DOES ANYONE WISH TO HAVE ANY
12    STATUTES REREAD OR ASK ANY OTHER LEGAL
13    QUESTIONS?
14    GRAND JUROR KNEIDEL:  ROBIN KNEIDEL.
15    I JUST NEED TO ADD THAT I KNOW DR. GUERY
16    FLORES.  I WORK WITH HIM.
17    MR. ROLL:  ALL RIGHT.  LET ME ASK A GENERAL
18    QUESTION.  OTHER THAN THAT GRAND JURY MEMBER,
19    DOES ANYONE ELSE KNOW ANY OF THE OTHER NAMES
20    THAT MIGHT HAVE POPPED UP DURING THE PRESENTATION
21    OF THE TESTIMONY?
22    ALL RIGHT.  IF NOT, MA'AM, IS THAT A CLOSE
23    RELATIONSHIP WITH DR. FLORES?
24    GRAND JUROR KNEIDEL:  I SEE HIM EVERY DAY
25    PRETTY MUCH, BUT JUST ON A PROFESSIONAL LEVEL.


309

Same Grand Jury
as June, 19, 98

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF COCHISE

STATE OF ARIZONA,

     Plaintiff,

vs.

     No.   CR98000345

EARL R. BALL, SR.

     Defendant.

Aug 1998
Received

TRANSCRIPT OF GRAND JURY PROCEEDINGS

July 24, 1998
Bisbee, Arizona

Appearances:

On behalf of the State of Arizona:
Gerald F. Till, Deputy County Attorney



CYNTHIA A. REED
OFFICIAL COURT REPORTER
COCHISE COUNTY SUPERIOR COURT, DIVISION TWO
P.O. BOX W
BISBEE, ARIZONA 85603
(520) 432-9340

310

1  raised. Has anybody heard anything about this case, other than

2  what you've heard in court today?

3         GRAND JUROR KNEIDEL: We had this case before.

4         MR. TILL: Okay. This Grand Jury has considered a

5  separate video tape in this case, and that was brought to the

6  Grand Jury session formally. Other than that, does anybody know

7  anything about this case?

8         GRAND JUROR OWENS: I just saw an article in the

9  paper. A brief article.

10         MR. TILL: Okay. Would you be able to set that aside

11  and listen to the evidence today?

12         GRAND JUROR OWENS: Yes.

13         MR. TILL: Would you also be able to set aside

14  evidence you heard in a previous hearing? Or some of you may

15  not have been here, and just base the case on what you hear here

16  today? Anybody who would not be able to follow that? Okay. I

17  see no hands. Could we bring in Detective Knoblock?

18

19         (Witness enters Grand Jury Chambers.)

20

21              JOSEPH KNOBLOCK,

22

23  having been first duly sworn to tell the truth, the whole truth

24  and nothing but the truth, was examined and testified as

25  follows:

(311)

P.D.

time limitations
e 3 pg 21 line 17-25
22 1 + 8

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF COCHISE

STATE OF ARIZONA,
    Plaintiff,

vs.

EARL R. BALL, SR.,
    Defendant.

       ) CR9900000116

---

REPORTER'S TRANSCRIPT OF GRAND JURY PROCEEDINGS
April 2, 1999

APPEARANCES:    MR. DAVID FLANNIGAN
                         Deputy County Attorney
                         For the State

                         MS. MERLE RHODES BRIEFER
                         Court Reporter

       Be it remembered that on the 2nd day of April, 1999,

the above-entitled matter came on for investigation before the

Grand Jury of Cochise County at which time the following

proceedings were had.

1          When I confronted him about why he kept calling her

2 J█ because you can obviously tell he's saying J█ it's not muffled.

3 He's definitely saying J█ on the video. That's when he said:    I

4 don't know.

5         MR. FLANNIGAN:   All these activities took place or the

6 tape itself was found in Cochise County?

7         THE WITNESS:    Yes, it was.

8         MR. FLANNIGAN:    I have no other questions.

9         May the officer be excused?

10         THE FOREMAN:   He may be excused.

11

12                   (Whereupon, the witness

13                      left the courtroom.)

14

15         MR. FLANNIGAN:    Does anyone have any legal questions

16 at this time?

17         THE FOREMAN:    Is there any statute of limitations?  Being

18 it was a minor, there isn't any?

19         MR. FLANNIGAN:    There is a statute of limitations which

20 is generally seven years in a criminal case.

21         It may not run until the state finds out about the

22 events. You have to realize in this case he's not being charged

23 with committing these acts. He's being charged with possession of

24 the tape depicting the acts.

25         So the main question is:    Did he knowingly possess

1   the tape on June 2nd?

2           If he had the tape and didn't know he had the tape, he

3   could not be convicted. The state has to know he knew, and

4   knowledge is shown often circumstantially. Only God knows

5   what is in the heart of man. But we infer what a person knows

6   by their actions, how they act, do they exercise dominion and

7   control. How do you know that a person knows something? By

8   looking at the surrounding circumstances.

9           Any other questions?

10          Are there any legal questions?

11          Can the court reporter and myself be excused?

12      THE FOREMAN:   Yes.

13

14              (Whereupon, the grand jury

15              deliberated in secret session in

16              the absence of counsel and

17              the court reporter.)

18

19      MR. FLANNIGAN:   Let the record reflect Mr. Till has

20  walked back into the grand jury chambers with myself, David

21  Flannigan.

22          No one else is present but the court reporter, Mr. Till

23  and myself.

24          Have you reached a decision?

25      THE FOREMAN:   A true bill, 12 to zero.

314

FILED
99 JUN -2 AM 9:31

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF COCHISE

STATE OF ARIZONA,

    Plaintiff,

    vs.

EARL R. BALL, SR.,

    Defendant.



CR99000176

---

COURT REPORTER'S TRANSCRIPT OF GRAND JURY PROCEEDINGS

May 14, 1999



APPEARANCES:

On Behalf of the State of Arizona:
Chris M. Roll, County Attorney

---

**CYNTHIA A. REED**
Official Court Reporter
Cochise County Superior Court
Division II
P.O. Box W
Bisbee, AZ  85603
(520) 432-9340

1  BY MR. ROLL:

2      Q.   At the time of the birth of the child in 1989, or

3  the time of conception in 1989, January 23, how old was  --

4  well, let me ask you, was J██████ B███ under the age of 15

5  years?

6      A.   Yes, she was.

7      Q.   And as of the date of conception, September 24,

8  1990, was J██████ B███ over the age 15 years yet under the age

9  of 18 years?      *Close 6*

10     A.   Yes, she was.

11          MR. ROLL:   All right.   I have no further questions.

12

13          (Witness exits Grand Jury Chambers.)

14

15          MR. ROLL:   All right.   At this point in time, does

16 anyone wish to have any statutes reread?   If not, may the

17 court reporter and I be excused while you deliberate on

18 probable cause?

19          THE FOREMAN:   We need some clarification.

20          MR.  ROLL:    Oh,  yes.    Let's  deal  with  the

21 indictments.   I would ask that Counts III and IV be amended

22 to  reflect  1990,  and  the  name  amended  throughout  the

23 indictment.

24          GRAND JUROR SMITH:  Craig Smith.  One question.  Is

25 there a statute of limitations under sexual crimes?

316

1    MR. ROLL: The statute of limitations is generally

2  seven years.    Although it begins to toll once it's

3  discovered. That's the general statute of limitations. Any

4  other questions? All right, then, may the court reporter and

5  I be excused while you deliberate on the issue of probable

6  cause?

7         THE FOREMAN:  Yes.

8

9  (Prosecutor and court reporter exit Grand Jury Chambers.)

10

11       · MR. ROLL:  The record can show that the court

12  reporter and myself have returned. No one else is present

13  other than the Grand Jury.  Can you tell us what your

14  decision was?

15         THE FOREMAN:  Yes, sir.  Our decision is we voted

16  true bill, 14 and 0 on all counts.

17         MR. ROLL:  All right.  I'll sign the indictments,

18  and let's take the lunch break at this point in time.

19

20                  *   *   *   *   *

DAVID FLANNIGAN
Deputy County Attorney
Drawer CA
Bisbee, Arizona 85603
    (602)432-9377

SUPERIOR COURT OF ARIZONA
COUNTY OF COCHISE

*aug 12, 1998*

STATE OF ARIZONA )
                 )        No. CR98000345
        Plaintiff, )
                 )
  vs.            )        STATE'S RULE FIFTEEN
                 )        DISCLOSURE
EARL R. BALL, SR. )
                 )
        Defendants. )
                 )

COMES NOW the State of Arizona, by and through the Cochise County Attorney,

ALAN K. POLLEY, and pursuant to Rule 15 of the Arizona Rules of Criminal Procedure,

hereby makes available to the defense for examination and reproduction, the following

material and information which may be used as evidence in the case in chief and as

rebuttal evidence in the above entitled case.

1. The names and addresses of all person(s) whom the State will call as

witnesses in the case in chief are:

| NAME | ADDRESS |
|------|---------|
| Det. Vince Madrid; Det. J. Knoblick | CCSO |
| Det. G. Hoke; Det. B. Ledford; Det. J. Serino | CCSO |
| M. Heikes; R. Bagwell; M. Denney | CCSO |
| D. Bunnell | Benson PD |
| J█████ B██ | Defendant's Daughter |
| M█████ E██ | Defendant's son |
| E██ B██, █ | Defendant's son |
| L██ E██ | Defendant's wife |
| M████ V███████ | Victim |
| D█████ R██████ | Victim |
| L████████ aka L███ B██ | |
| R██ K███ | |

1

318

2. The State will use any of the defendant's statements, whether to law

enforcement officers or otherwise, which are summarized in the following report(s):

TYPE OF REPORT                                          EXHIBIT NO.

Videotape interview                                         12
Videotape                                                   13

3. The names and addresses of experts who have personally examined the

defendant or any evidence in the particular case, together with the results of physical

examinations and or scientific tests, experiments, or comparisons, including all written

reports or statements made by them in connection with the particular case are as follows:

NAME                          ADDRESS                   STATEMENTS

None at this time.

4. A list of all papers, documents, photographs or tangible objects which the State

will use at trial are: ALL EXHIBITS AVAILABLE IN CASE NO. CR98000296

TYPE OF REPORT                                          EXHIBIT NO.
Report by Heikes (3pp)                                      1
Report by Hoke (3pp)                                        2
Search Warrant (6pp)                                        3
Search Warrant (7pp)                                        4
Return (2pp)                                                5
Inventory of property seized (1p)                           6
Report by Allaire (11pp)                                    7
Documents of identification (10pp)                          8
Photographs (10pp)                                          9
Statement by M. W██████ (5pp)                              10
Photographs in brown envelope (12 pages)                   11
Videotape of interview of defendant                        12
Videotape (minors/sexual)                                  13
Supp report by Morris w/evidence control form/report by Ettinger   14
Supp report by Serino w/report by Dr. Ettinger             15
Interview w/L████ B██                                      16
Interview w/J████ B██ (2pp)                                17
Interview w/████ B██ (31 pp)                               18
Interview w/████ B██ (51 pp)                               19
Interview of M███ W████████ (8 pp)                         20
Interview of M███ W████████ (56 pp)                        21

2

**AFFIDAVIT FOR
SEARCH WARRANT**

No. 105903835

YOUR AFFIANT, _James McHune_ , A PEACE OFFICER IN THE STATE OF
ARIZONA AND EMPLOYED BY THE COCHISE COUNTY SHERIFF'S DEPARTMENT, BEING FIRST
DULY SWORN, UPON OATH, DEPOSES AND SAYS:

THAT on or about the _1st_ day of _MARCH_ , 19_87_, a public offense in
violation of _13 - 1405_, Arizona Revised Statutes, (was)
(_____) committed in the County of Cochise, State of Arizona.

YOUR AFFIANT (has probable cause to believe) (is positive) that:

( ) on the person of:

(X) in and upon the premises (including all buildings, structures, rooms,
equipment, and vehicles used in connection or located within the curtilage
of said premises) known and described as:
_Mobile Home Residence, light brown in Color, situated on
Queen St. South of Sunsites. Queen St. Extends west
from UU, the Mobile Residence is the first mobile home
Paralell with Queen Road on the South Side_

( ) in vehicle(s) described as:
_a white 30 ft motor home with Cross Country tires
the right side blue and grey stripe, Photo downalural the
car described as blue metallic type. a CB antenna is on the Super
_

there is certain property or things

( ) which are stolen or embezzled

(X) which were used as a means for committing a public offense

(X) which are being possessed with intent to use as a means of committing a public offense

( ) which are in the possession of _____ to whom it was delivered for
the purpose of concealing it or preventing it from being discovered

( ) which consists of any item or constitutes any evidence which tends to show that a public
offense has been committed, such being more fully described in the affidavit.

THAT SAID PROPERTY OR THINGS ARE DESCRIBED AS FOLLOWS:
_Video Cassette tapes Containing Sexual Acts of_
_2 Video Cassettes taped at Home Containing_
_Also incoming Earl Ball, _____ ball, and_
_Underage J_____ _____
_Video Camera used to photograph before a_
_Act._

DISSEMINATION IS RESTRICTED TO CRIMINAL JUSTICE
AGENCIES AND AUTHORIZED NON-CJ AGENCIES ONLY
SECONDARY DISSEMINATION TO UNAUTHORIZED AGEN-
CIES IS PROHIBITED BY PRIVACY AND SECURITY LAWS.

COPY No. _____
REL BY CCSO _____

(320)

AND THAT THE facts tending to establish the foregoing grounds for issuance of a
Search Warrant are as follows:

M████ ████ B███, son of Earl Ball Has made Statements
that Sexual acts have been Committed by Earl Ball
upon underage Persons, M████████ B█ and J
████ (B██)

During the Commission of the Crimes of Child Sexual
Conduct Committed by Earl Ball, Video Tapes
of Sexual acts were being Shown on the television
M█████ and B█ Had been Shown Video Tapes
Containing recordings of Sexual acts Committed
involving adults with J███ ████ (B██) age 15.

M████ Earl B██ Knows these tapes are Kept in the
H/o has father Sleeps in because he had been
there this in Storage many times before.
M██████ Earl Ball has told your affiant
that there is a Video Camera in the
residence owned by Earl Ball.

(Use additional continuation sheets if needed)

_James Allen_
(Signature of Affiant)
Peace Officer for the State of Arizona

SWORN TO AND SUBSCRIBED in my presence this 23 day of March, 1989.

_Al Ballne_
(Justice of the Peace)

DISSEMINATION IS RESTRICTED TO CRIMINAL JUSTICE
AGENCIES AND AUTHORIZED NON-CJ AGENCIES ONLY.
SECONDARY DISSEMINATION TO UNAUTHORIZED AGEN-
CIES IS PROHIBITED BY PRIVACY AND SECURITY LAWS.
20.21
Copy No. _____
REL BY CCSO _____

(321)

IN THE JUSTICE COURT, PRECINCT NO 4

COUNTY OF COCHISE, STATE OF ARIZONA

# SEARCH WARRANT

LC5900885

WARRANT NUMBER

TO ANY PEACE OFFICE IN THE STATE OF ARIZONA

Proof by affidavit having been made before me on this day by
_JAMES F. Allaire_ , I am satisfied that there is
probable cause to believe that:

( ) on the person(s) of:

(X) in and upon the premises (including all buildings, structures, rooms, equipment, and vehicles used in connection or located within the curtilage of said premises) known and described as: mobile dome Residence, Light Brown IN Color WSITUATED ON Quinn ST South of SUNSITES Quinn ST Extends West Fr. 666. THE Mobile Residence AS The First Mobile Home PARALLEL To The Quinn Road on The South Side

( ) in vehicle(s) described as: A White Soft MOTOR Home with Cross COUNTRY Tide DECORATED WITH BlueAnd Grey STRIPES SLANTED Clockwise The Grey Described AS SILVER/METALIC TYPE RECORDED A CB ANTENNAE ON The DRIVERS SIDE door

there is now being concealed certain person(s), property or things, namely: F People video CASSETTE TAPES CONTAINING SEXUAL ACTS OF People 2 video CASSETTES, TAPED AT HOME, CONTAINING Sexual A INVOLVING EARL BALL, D█████ B███, AND YOUNGER TEENAGE ██████ ████Os ██████ Used to Photograph Sexual Acts.

which person(s), property or things

( ) were stolen or embezzled

(X) were (are being) used as a means for committing a public offense

(X) is (are) being possessed with the intent to use as a means of committing a public offense

( ) is (are) in the possession of _____ to whom it was delivered for the purpose of concealing it or preventing it from being discovered

(X) which constitutes evidence tending to show that a public offense as described fully in the affidavit has been committed

( ) _____ is currently being sought on an outstanding arrest warrant

DISSEMINATION IS RESTRICTED TO CRIMINAL JUSTICE AGENCIES AND AUTHORIZED NON-C-J AGENCIES ONLY. SECONDARY DISSEMINATION TO UNAUTHORIZED AGENCIES IS PROHIBITED BY PRIVACY AND SECURITY LAWS. 20.21

Copy No. _____

REL BY COSO _____

322

YOU ARE THEREFORE COMMANDED (in the daytime) (in the daytime or nighttime) to make a search of the herein above described person(s), premises or things and if you find such or any part thereof, to retain such in your custody in accordance with a.r.s. 13-3920.

YOU ARE FURTHER COMMANDED to make due return of this writ within five (5) days of the date thereof as directed by law in accordance with A.R.S. 13-3918.

GIVEN UNDER MY HAND or direction and dated this 23 day of March, 19 89.

_al Bollm_

JUSTICE OF THE PEACE

==========================================================================

## WARRANT RETURN AND/OR RECEIPT FOR SEIZED PROPERTY

I certify that I am a Peace Officer of the State of Arizona.

That on _____ day of _____, 19___, I executed this Search Warrant by searching the person(s), premises or things commanded therein.

I furnished a copy of the warrant, together with a receipt for the property so seized, to the person from whom it was taken or in whose possession it was found, or in the absence of such person, I left a copy of this warrant together with such receipt, in the place where the said property was found.

The following inventory contains a true and detailed account of all property taken under this warrant:

_This WARRANT WAS NOT Executed_
_The MOTOR Home WAS gone_
_And CONTENTS of The Complainant_
_STATEMENT WERE Determined_

_FALSE_

_____          _James Olby_
(Typed or Printed name of Officer)      (Signature of Officer)

_____
(Official Title)                        (Date)

DISSEMINATION IS RESTRICTED TO CRIMINAL JUSTICE AGENCIES AND AUTHORIZED NON-C-J AGENCIES ONLY. SECONDARY DISSEMINATION TO UNAUTHORIZED AGENCIES IS PROHIBITED BY PRIVACY AND SECURITY LAWS. 20.21

Copy No. _____

Rel BY CCSO _____

2.

# EXHIBIT MM

1  EARL BALL #153335
2  Defendant/Petitioner *In Pro Se*
   ASPC Eyman/Rynning
3  PO Box 3100
4  Florence, AZ 85232

5  ## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

6  ## IN AND FOR THE COUNTY OF COCHISE

7

8  STATE OF ARIZONA,                          )     NO.   CR98000296
                                              )           CR98000345
9               Plaintiff,                    )
                                              )     **MOTION TO REVISIT**
10  vs.                                       )     **MOTION TO VACATE**
                                              )     **JUDGEMENT**
11  EARL BALL,                                )     **(ORAL ARGUMENT**
                                              )     **REQUESTED)**
12               Defendant/Petitioner         )
                                              )     Assigned to Judge Howard Fell
13  _____)

14

15      **COMES NOW** the Defendant/Petitioner, EARL BALL, *in pro se*, and files this

16  Motion, to revisit Motion to vacate judgement pursuant to Arizona Rules of Criminal

17  Procedure Rule 24.2 (A)(2), based on the following Memorandum of Points and Authorities.

18

19      **RESPECTFULLY SUBMITTED** this _26th_ day of January, 2000.

20

21

22                          _Earl Ball_

23                          EARL BALL
                            Defendant, *In Pro Se*

24

25

26

27

28                                      1

(324)

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. FACTS AND PROCEDURE:

Defendant was tried by jury on both cases CR98000296 and CR98000345. Case CR98000296 shall be referred to herein as the "296" case. Case CR98000345 shall be referred to herein as the "345" case. Another case, CR99000176, herein referred to as the "176," was dismissed by this court based on Defendant's Motion to Dismiss filed on or about September 3 1999.

Under "296," Defendant was convicted by a jury for possession of one videotape in contravention to A.R.S. 13-3553 Sexual Exploitation of a Minor. Under "345," from a first trial, Defendant was convicted by a jury for possession of one videotape in contravention to A.R.S. 13-3553 Sexual Exploitation of a minor; however, the jury was hung on fifteen counts of A.R.S. 13-3553 Sexual Exploitation of a Minor for fifteen photographs which Defendant allegedly possessed in violation of the law. Defendant was tried again by a jury for possession of the fifteen photographs and was acquited on five counts, but convicted on ten counts of violation of A.R.S. 13-3553 Sexual Exploitation of a Minor. Petitioner had already been sentenced on the two counts involving the videotapes. On October 16, 2000, Defendant was sentenced on the ten counts involving possession of photographs. On July 14, 2000, Defendant filed *Pro Se* a motion to vacate judgement pursuant to Arizona Rules of Criminal Procedure, Rule 24.2(A)(2). That motion was denied by this court. Defendant believes this court was ill-advised as to the facts of the motion, and now respectfully requests this court to reconsider, based on the points contained in this motion. Therefore, Defendant now submits his legal citations in support of his motion previously filed.

2

(325)

## *ARGUMENT*

1  The State erroneously claims that Defendant's main complaint is that the alleged
2  crimes are not continuing offenses. Defendant claims that as to counts
3  7,8,9,10,11,12,13,14,15 and 16 under case "345", that they cannot be a continuing
4  offenses as they are not <u>crimes</u>. Arizona Constitution Art. 2 Sec. 25, United States
5  Constitution Art. 1 Sec. 9 cl.3. These constitutional provisions state, in pertinent part,
6  that a legislature is prohibited by an *ex post facto* clause from making criminal an act that
7  was innocent when performed. Similarly, because it would operate like an *ex post facto*
8  law, a court is barred by the Due Process clause from reaching the same result by judicial
9  construction. *Bowie v. City of Columbia, supra; Keeler v. Superior Court of Amador*
10 *County, supra.* "Every law that changes the punishment, and inflicts a greater
11 punishment than the law annexed to the crime when committed" violates the *ex post facto*
12 clauses of the Arizona and United States Constitutions. *Calder v. Bull,* 3 U.S. (3 Dall.)
13 386, at 390, 1 L.Ed. 648 (1798); *California Dep't of Corrections v. Morales,* 514 U.S.
14 499, at 506 N.3, 115 S.Ct. 1597, at 1602 N.2, 131 L.Ed.2d 598 (1995). The Arizona
15 legislature may not enact a law, which imposes any additional or increased penalty for a
16 crime after its commission.

17 A law is "*ex post facto*" if it makes criminal that which was innocent when first
18 commited, or it increases the punishment or it aggravates any crime previously
19 commited, or alters any rules of evidence by allowing for the receipt of less or different
20 proof than required at the time of the commission of the act or deprives the accused of a
21 substantial right or immunity possessed at the time of the commission of the act. *State v.*
22 *Beltran,* 170 Ariz. 406, 825 P.2d 27 (App. Div.1 1992); *State v. Sanders,* 604 P. 2d 20,
23 124 Ariz. 318. U.S. v. Lydell N., 124 F.3d 1170 (9th cir. 1997).

24 There are two basic elements which are necessary for a criminal law to be *ex post*
25 *facto*:

26 (1) it is retroactive (applying to acts occurring before its enactment); and
27 (2) it is disadvantageous to the defendant.

28 *State v. Yellowmexican,* 142 Ariz. 205, 688 P.2d 1097 (App. 1984), approved 142 Ariz.
91, 688 P.2d 983, citing *Weaver v. Graham,* 450 U.S. 24 at 29, 101 S.Ct. 960 at 964
(1981); *U.S. v. Lydell N., supra.* That indeed is the case in the matter at bar.

326

As in *Saucedo v. Superior Court*, No 1 CA-SA 97008, court of Appeals of Arizona, Div. 1 Dept C, Sept 2, 1997, the State concedes the issue of possession, stating that the trial court determined that the offense was continuing in nature. If Defendant was in possession in 1981 (page 4, line 19 PCR) and the legislature did not add "possession" as a prohibited act for purposes of A.R.S. Sec. 13-3553 until the 1983 Amendment (which was the year in which L████B██ was 19 years old) then the court also may not do so by judicial construction. In *Saucedo* the appeals court held that Proposition 102, which lacked any statement as to, intended retrospective application could not be given retrospective application by the Arizona courts and judges. To do so was a violation of the *ex post facto* law of both the Arizona and federal constitutions. Constitutional measures are construed to operate prospectively unless they clearly state an intent to the contrary to be applied retroactively. *American Fed'n of Labor v. American Sash & Door Co.*, 67 Ariz. 20, 39, 189 P.2d 912, 925 (1948); *Saucedo, supra.* Here Defendant's initial possession of any visual medium described was not a crime, and cannot be retroactively made into a crime. Due process is violated when legal consequences are altered for conduct, which occurred before the enactment of the change of the law. *San Carlos Apache Tribe.* Moreover, if a statute is punitive, it may not be applied retroactively. *Arizona Dept. of Public Safety v. Superior Court In and For Maricopa County (Falcone),* 190 Ariz. 490, 949 P.2d 983, (App. Div. 1 1997) 190 Ariz. 490, 949 P.2d 983, review denied 192 Ariz. 276, 964 P.2d 477; *Saucedo v. Superior Court In and for the County of La Paz,* 190 Ariz. 226, 946 P.2d 908 (Ap. Div. 1, 1997). The court treats the change in the statute as punitive if the legislative intent was punitive. *Arizona Dept. of Public Safety v. Superior Court In and For Maricopa County, supra.*

Therefore, a court may not expand the scope of a crime by judicial decision to punish a defendant for an action that was not criminal when it was performed. *Vo v. Superior Court In and For County of Maricopa,* 836 P.2d 408, 172 Ariz. 195, review denied.

(327)

Moreover, the sentence in "296" and "345" as applied to the Defendant in 1999 and 2000 would be a violation of the Ex Post Facto clauses of the Arizona and United States Constitutions, as the sentence is more onerous than it would have been under the law in 1989 when the state first knew of the event.

**RESPECTFULLY SUBMITTED** this 26th day of January, 2000.

*Earl Ball*
Defendant, in Pro Se

A copy of the foregoing
mailed/delivered this 26th
day of January 2000, to:

Hon. Howard Fell
Judge of the Superior Court
Pima County Superior Court
110 W. Congress
Tucson, AZ 85701

Joyce A. Goldsmith
Clerk of the Court of Appeals
Division Two
410 W. Congress
Tucson, AZ 85701-1374

Harrette P. Levitt
485 S. Main Ave.
Tucson, AZ 85701

Cochise County Attorney's Office
PO Drawer CA
Bisbee, AZ 85603

Denise I. Lundin
Clerk of the Superior Court
County of Cochise
PO Drawer CK
Bisbee, AZ 85603

5

328

# EXHIBIT NN

CHRIS M. ROLL
Cochise County Attorney
BY: DAVID P. FLANNIGAN
BAR NO. 007162
P.O. Drawer CA
Bisbee, Arizona 85603
(520) 432-9377
Attorney for the State

FILED

01 FEB -1 PM 3:03

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF COCHISE

STATE OF ARIZONA )   NO. CR98000296
                 )   NO. CR98000345
           Plaintiff, )
                 )
    vs.          )
                 )   OPPOSITION TO MOTION TO REVISIT;
EARL BALL,       )   MOTION TO VACATE JUDGMENT
                 )
           Defendant. )
_____)

COMES NOW, the Cochise County Attorney, CHRIS M. ROLL, by and through his

undersigned Deputy, DAVID P. FLANNIGAN and hereby opposes Defendant Ball's above

entitled motions for the reason that there is no legal authority for the same. This matter is now

on appeal, Defendant is represented by counsel, and must deal with the courts through counsel.

RESPECTFULLY submitted this 1st day of February, 2001.

CHRIS M. ROLL
Cochise County Attorney

BY: _____
DAVID P. FLANNIGAN
Deputy County Attorney

- 1

329

1   Copies of the foregoing
    mailed/delivered this __1ST__
2   day of ~~August, 2000~~, to:
         _february 2001,_
3   Hon. Howard Fell
    Judge of the Superior Court
4   110 W. Congress St.
    Tucson, Arizona 85701-1331
5
    Earl Ball, #153335
6   ASPC Eyman/Rynning
    PO Box 3100
7   Florence, Arizona 85232
8   Harriett P. Levitt, Esq.
    485 S. Main Ave.
9   Tucson, Arizona 85701

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

- 2

330

**EXHIBIT OO**

ARIZONA SUPERIOR COURT, PIMA COUNTY

JUDGE PRO TEMPORE: HON. HOWARD FELL

COURT REPORTER: NONE

FILED
PATRICIA A. NOLAND
CLERK, SUPERIOR COURT
June 4, 2001 (1:06 p.m.)
By: R. Wiggins / cg

CASE NO. CR-9800296/CR-9800345

DATE: June 4, 2001

STATE OF ARIZONA

VS.

EARL BALL

---

## MINUTE ENTRY

---

**IN CHAMBERS:**

**IT IS ORDERED** that the defendant's pro se motion to reconsider the Court's denial of the motion to vacate judgment filed January 26, 2001, is denied.

cc:  Hon. Howard Fell
 Cochise County Clerk's Office, P.O. Drawer CK, Bisbee, AZ 85603 (original Minute Entry)
 Cochise County Attorney - David P. Flannigan, P.O. Drawer CA, Bisbee, AZ 85603
 Harriette Levitt, Esq.
 Earl Ball, #153335, ASPC-Eyman, Rynning Unit, P.O. Box 3100, Florence, AZ 85232

Ruthann Wiggins / cg
Deputy Clerk

331

# EXHIBIT PP

CHRIS M. ROLL
Cochise County Attorney
BY: DAVID P. FLANNIGAN
BAR NO. 007162
P.O. Drawer CA
Bisbee, Arizona 85603
(520) 432-9377
Attorney for the State



FILED

01 FEB 15 ⋯ 4: 02

6          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7            IN AND FOR THE COUNTY OF COCHISE

|  |  |  |
|---|---|---|
| STATE OF ARIZONA | ) | NO. CR98000345 |
|  | ) |      CR98000296 |
|           Plaintiff, | ) |  |
|  | ) |  |
|   vs. | ) | RESPONSE TO PETITION FOR |
|  | ) | POST-CONVICTION RELIEF |
| EARL BALL, | ) |  |
|  | ) |  |
|           Defendant. | ) |  |
|  | ) |  |

COMES NOW, the Cochise County Attorney, CHRIS M. ROLL, by and through

his undersigned Deputy, DAVID P. FLANNIGAN and responds to the above entitled

Petition follows:

All issues raised by Defendant except for the possible "ineffective assistance of

counsel claim" can be raised on direct appeal under Rule 32.1 for the reason that such

issues have been previously raised by Defendant in this matter. Accordingly, he is

precluded from post conviction relief under Rule 32.2(a)(1). All issues have been

preserved for appeal. Inasmuch as Defendant's Petition states no legal or factual basis

for ineffective assistance of counsel, that ground must also fall.

///

///

332

1    Defendant's Petition, therefore, should be denied and he will be free to have the

2    trial court's rulings in these matters reviewed on appeal.

3         RESPECTFULLY submitted this _13th_ day of February, 2001.

4                                    CHRIS M. ROLL
                                     Cochise County Attorney
5

6                              BY: _____
7                                   DAVID P. FLANNIGAN
                                    Deputy County Attorney

8    Copies of the foregoing
     mailed/delivered this _13_
9    day of February, 2001, to:

10   Hon. Howard Fell
11   Judge of the Superior Court
     Pima County Superior Court
12   110 W. Congress
     Tucson, Arizona 85701
13
     Harrette P. Levitt
14   485 South Main Ave.
     Tucson, Arizona 85701
15
16   Earl Ball #153335
     Eyman-Rynning
17   P.O. Box 3100
     Florence, Arizona 85232
18

19

20

21

22

23

24

25

                                        - 2

                                                              333

# EXHIBIT QQ

BOX

99-1557
Saccoman

2/20/01

1 Earl Ball #153335
AZ ST Prison
2 Eyman-Rynning
P.O. Box-3100
3 Florence, AZ   85232

4          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
5              IN AND FOR THE COUNTY OF COCHISE

6 STATE OF ARIZONA,          )   No.   CR98000296
                             )   No.   CR98000345
7              Plaintiff,    )
                             )
8          vs.               )   RESPONSE, TO STATES RESPONCE, TO
                             )   PETITION FOR POST-CONVICTION RELIEF
9 EARL BALL,                 )
                             )  ( ORAL ARGUMENT REQUESTED )
10             Defendant.    )    ASSIGNED TO HON. HOWARD FELL

11      COMES NOW, the Defendant, Earl Ball in Pro Se and responds
12 to the above entitled motion as follows:
13      All issues raised by the Defendant have not been previously
   raised, as Judge Borowiec ruled Defendants previous P.C.R.32 filed
14 2/28/00 was premature; as Defendant had not been fully sentenced.
15 Therefore Defendant could not have raised the issue of sentencing
16 untill it was complete.  In addition, exceptions to rule 32.2 shall.
   not apply to claims based on rules 32.1(D)(E) and (G) State v.
17 Bonnell (171Ariz.437), further rule 32.2(B) specifically exempts
18 claims under 32.1(G) from the defense of preclusion.  As to the
19 ineffective assistance of counsel, it is for the court, not counsel
   to decide if it shall stand or fall.  Defendant, believes that among
20 other things, previous defense counsels acquiesce to the prosecutions
21 prevaricating representation of the law, i.e., withholding
22 exculpatory information provided by the police from the Grand Jury.
   (A.R.S. 21-472) Harrell v. Sargent (189Ariz.627)(1997) was ineffective
23 assistance of counsel.  Further defence counsel's concern with their
24 conflict of interest, and appearance of impropriety before the
25 court, left Defendant not only with ineffective assistance, but
   with out counsel period, at a very crucial time.  This deprived
26 Defendant of substantial legal representation.
27      The Defendant's petition, therefore, should be granted, and
28 a hearing set persuant to rule 32.8 set as soon as practicable.

(334)

RESPECTFULLY SUBMITTED this 20th day of Feburary, 2001.


_Earl Ball_

Earl Ball/Defendant in Pro Se


A copy of the foregoing mailed/delivered
this 20th day of February 2001, to:

Hon. Howard Fell
Judge of the Superior Court
Pima County Superior Court
110 W. Congress
Tucson, AZ 85701

Joyce A. Goldsmith
Clerk of the Court of Appeals.
Division Two
410 W. Congress
Tucson, AZ 85701-1374

Harrette P. Levitt
485 S. Main Ave.
Tucson, AZ 85701

Cochise County Attorney's Office
P.O. Drawer CA
Bisbee, AZ 85603

335

# EXHIBIT RR

ARIZONA SUPERIOR COURT, COCHISE COUNTY

JUDGE PRO TEMPORE: HON. HOWARD FELL

COURT REPORTER: NONE

CASE NO.     CR-9800296/CR-9800345

DATE:     June 4, 2001

STATE OF ARIZONA

VS.

EARL BALL

## M I N U T E   E N T R Y

### RULING ON PETITION FOR POST-CONVICTION RELIEF:

A jury found Petitioner guilty of several counts of sexual exploitation of a minor. On October 16, 2000, Petitioner was sentenced to the presumptive term of 9.25 years to run concurrently with other counts.

On December 12, 2000, Petitioner filed a Petition for Post-Conviction Relief. Petitioner, whose appeal has been stayed pending a resolution of his Petition for Post-Conviction Relief, makes several claims:

1.     That case law supports his position that it is an unconstitutional ex post facto law which is now punishing him for an activity which was only subsequently categorized as a crime.

2.     That there was no allegation of contact with a minor during a specified time frame and that the State merely sought punishment for preserving images of allegedly prohibited conduct.

3.     That some of the photos show no activity which could be construed as "sexual conduct" with a minor.

Ruthann Wiggins
Deputy Clerk

336

4.    That the crimes with which he is convicted are specific intent crimes and that
ten offending photographs were locked inside a safe in his house and he had no intent
to commit the crimes alleged. The convictions violated his constitutional rights as the
element of the crimes were not proven by the State.

5.    That he has been deprived of his right to a fair trial by such "malodorous
taint" through the appearance of impropriety and misconduct by the State.

6.    That he had ineffective assistance of counsel.

7.    That the statute of limitations had run on some of his offenses.

8.    That the legislative intent was not to make the possession of certain visual
depictions a crime until the 1983 amendments.

9.    That the State made improper comments which tainted the jury.

10.    That trial Court's failure to admonish the jury following improper comments
of the prosecutor prejudiced him.

11.    That the judge failed to have honored his prior rulings.

The Respondent argues that the petition is both legally and factually without merit.

Petitioner argues that his trial counsel was ineffective in claim number 6. The standard to be
applied in evaluating claims of ineffective assistance of counsel is clear:

First, the defendant must show that counsel's performance was deficient. For that, he
must specify acts and omissions of counsel that allegedly constituted ineffective
assistance. Second, the defendant must show that the deficient performance

                                              Ruthann Wiggins
                                              Deputy Clerk

                                                              (337)

prejudiced his defense. To show that, the defendant must be able to demonstrate a
'reasonable probability' that the verdict might have been affected by the error. We
'must indulge a strong presumption that counsel's conduct falls within the wide range
of reasonable professional assistance.' In addition, we must evaluate counsel's
performance prospectively. Thus, the defendant bears a heavy burden to overcome the
presumption that counsel's action 'might be considered sound trial strategy' at the
time.

*State v. Schurz*, 176 Ariz. 46, 859 P.2d 156 (1993) *citing State v. Walton*, 159 Ariz. 571, 588-89, 769

P.2d 1017, 1034-35 (1989), aff'd, 497 U.S. 639 (1990) [quoting *Strickland v. Washington*, 466 U.S. 668

(1984)]. After reading the record,

THE COURT FINDS that Petitioner fails to satisfy his burden of ineffective counsel under the

*Strickland* analysis.

THE COURT FURTHER FINDS that Petitioner's claim of ineffective assistance of counsel is

without merit.

After reading the Petitioner's petition, the State's response and the record,

THE COURT FINDS that no material issue of fact or law exist which would entitle the

Petitioner to relief on claims 1 through 5 and 7 through 11. Ariz.R.Crim.PR, Rule 32.6(c); *State v.*

*Filmore*, 187 Ariz. 174, 927 P.2d 1303 (App. 1996). A defendant shall be precluded from relief based

upon any ground raisable on direct appeal under Rule 31 or on post-trial motion under Rule 24.

Ariz.R.Crim.PR, Rule 32.2(a)(1). The Petitioner's motion pursuant to Rule 24 has previously been

denied.

To receive an evidentiary hearing on the issue, Petitioner must first present a colorable claim to

the Court. A colorable claim is "a claim which, if defendant's allegations are true, might have changed

the outcome [of the case]." *State v. Watton*, 164 Ariz. 323, 328, 793 P.2d 80, 85 (1990). Whether the

petition presents a colorable claim is, to some extent, a discretionary decision for the trial Court. *State v.*

Ruthann Wiggins
Deputy Clerk

338

*D'Ambrosio*, 156 Ariz. 71, 73, 750 P.2d 14, 16 (1988). To be colorable, the petition "must raise some factors that demonstrate that the attorney's representation fell below the prevailing objective standards." *State v. Borbon*, 146 Ariz. 392, 399, 706 P.2d 718, 725 (1985).

**THE COURT FINDS** that Petitioner has not raised a colorable claim.

**IT IS ORDERED** that Petitioner's Petition for Post-Conviction Relief is summarily dismissed.

cc:     Hon. Howard Fell
        Cochise County Clerk's Office, P.O. Drawer CK, Bisbee, AZ 85603 (original Minute Entry)
        Cochise County Attorney - David P. Flannigan, P.O. Drawer CA, Bisbee, AZ 85603
        Harriette Levitt, Esq.
        Earl Ball, #153335, ASPC-Eyman, Rynning Unit, P.O. Box 3100, Florence, AZ 85232

                                                          Ruthann Wiggins
                                                          Deputy Clerk

                                                                        339

# EXHIBIT SS



94-1557

FILED BY CLERK

JUL - 6 2001

COURT OF APPEALS
DIVISION TWO

7/6/01

## IN THE COURT OF APPEALS

## STATE OF ARIZONA DIVISION II

EARL BALL,

        Petitioner,

v.

The HONORABLE MATTHEW W.
BOROWIEC, Judge of the Superior
Court of the State of Arizona, in and
for the County of Cochise,
The HONORABLE HOWARD FELL,
Judge of the Superior Court of the
State of Arizona, in and for the County
of Cochise, (by Special Appointment),

        Respondent,

And

THE STATE OF ARIZONA,

        Real Part in Interest.

(Cochise County Superior Court
Consolidated Nos. CR-98000296
[main], CR98000345)

2 CA-CR-99-0481
Department B

2CA-CR 01-0279-PR
PETITION FOR REVIEW

**COMES NOW** the Petitioner, in Pro Se, and hereby moves this court for

Review of Defendant's Post-Conviction Relief Rule 32 Petition.

Petitioner filed a Post-Conviction Relief Rule 32 Petition on December 12,

2000. On June 4, 2001 Judge Fell summarily dismissed Petitioner's Petition

without argument or hearing.

Defendant therefore now prays for Review by this court.

(340)

## FACTS AND BACKGROUND

Defendant was tried in three separate trials, CR99000131, CR98000296, and CR98000345, referred to hereafter as 131, 296, and 345 respectively. In 131 Defendant was found guilty of one class 6 felony and not guilty on 2 class 2 felonies. In 296 Defendant was found guilty of one class 2 felony and one class 2 felony in 345 (as 296 and 345 had been combined) and the jury was hung on 15 counts in 345, so a mistrial was declared as to the 15 counts in 345. On retrial of 345 Defendant was found not guilty of 5 counts and after further instructions by Judge Conjague (later recused) was found guilty on 10 counts.

On October 4, 1999 Defendant was sentenced to 10 years on one count in 296 and 10 years on one count in 345. In 131 1.5 years on count one (well past the 30 or 60 day time set by rule 26.3(A)). Defense counsel failed to object to this improper sentencing. Finally, Defendant was sentenced on October 16, 2000 to 9.25 years to run concurrently with the other counts.

Defendant has raised six issues in his Post-Conviction Relief Petition:

1. Exculpatory information withheld from Grand Jury

2. Abuse of discretion by both Judge Borowiec and Judge Fell

3. Legislative intent, as well as Defendant's intent

4. Statute of limitations

5. Ex-Post-Facto law

6. Ineffective assistance of counsel.

## EXCULPATORY

By law, the County Attorney is not obligated to present all exculpatory evidence to the Grand Jury (unless the Grand Jury so requests), but must present only "clearly exculpatory" evidence. Tribus v. Davis, 189 Ariz. 621, 624, 944P, 2d1235,1239(1997), quoting State v. Coconino County Superior Court, 139Ariz. 422, 425, 678P.2d1386, 1389(1984). "Clearly exculpatory evidence is evidence of such weight that it would deter the Grand Jury from finding the existence of probable cause." Herrell v. Sargeant, 189Ariz.627, 631, 944P.2d1241, 1245(1997), quoting State v. Coconino County Superior Court, supra.

In the instant case, material exculpatory evidence was withheld. The prosecutor's role is to serve the Grand Jury by presenting the evidence. In performing this role, the prosecutor is given wide latitude. Greshon v. Broomfield, 131Ariz. 507, 509 642P.2d852, 854(1982), Marston's Inc. v. Strand, 114Ariz. 260, 265, 560P.2d778, 783 (1977). Any restriction placed on the presentation of evidence by the prosecutor is in fact a restriction placed on the Grand Jury. Martson's, supra. To sustain a claim of unfairness or denial of due process, it must be shown that the prosecutor's conduct significantly infringed upon the ability of the Grand Jury to exercise its independent judgment. United States v. Cedarquist, 641F.2d1347,1353(9th Cir. 1981).

In Crimmins v. Superior Court, 137Ariz.39, 668P.2d882(1983), our State Supreme Court held that a defendant has a "due process" right to a "fair and impartial" presentation of the evidence before the Grand Jury, 137Ariz. At 41, and dismissed an indictment for failure to present evidence within the State's possession that was clearly exculpatory. Justice Feldman, concurring, went further and held a

1

"dismissal should be with prejudice. By withholding important factual
information and necessary legal advice in the case which presented obvious issues of fact
and law relevant to the determination of probable cause, the prosecution deprived the
defendant of his right to an independent Grand Jury and effectively controlled the result.
I would dismiss the indictment because of the prosecutorial misconduct. See, United
States v. Semange, supra, (137Ariz. At 43-45) (emphasis added)."

In Nelson v. Royalston, 137Ariz.272, 669P.2d1349(1983), the prosecutor failed to

correct a witness that gave misleading, if not perjured testimony, before the Grand Jury.

The Court of Appeals ordered the case remanded for new findings of probable cause,

finding a due process violation. The court in Royalston, Id., at 1354.

Defendant acknowledges that indictments are not to be held open to challenge on

the ground of inadequate or incompetent evidence. However, this is a case where Mr.

Ball is challenging a violation of his due process rights, i.e. denial of a substantial

procedural right. Royalston, 276 citing State v. Baumann, 125Ariz.404,

610P.2d38(1980) and Crimmins, supra. The lack of presentation of evidence by the

prosecutor deprived him of his right to receive a "fair and impartial" presentation of the

evidence before the Grand Jury. In the Grand Jury proceedings of June 19, 1998, County

Attorney Chris Roll was asked by Grand Juror Wilson about the statute of limitations –

specifically whether the statute of limitations for initiating prosecution had already

passed. County Attorney Roll stated the charge in the indictment is possession of the

video tape.

The act of a prosecutor which interfered with the inquiry by informing the Grand

Jurors that their questions were not relevant amounted to a denial of a substantial

procedural right. To bar the legitimate inquiry of the Grand Jury on a point (does) deny

the defendant a substantial procedural right. Nelson, at 276. In Napue v. Illinois,

360U.S.264, 79S.Ct.11173, 3L.Ed.2d1217 (1959) the U.S. Supreme Court stated that:

2

"...a conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment (citations omitted). The same result obtains when the State, although not soliciting false evidence, allows it to go uncorrected when it appears. (citations omitted) 360 U.S. at 269 (70 S.Ct. at 1177)."

At the April 2, 1999 Grand Jury proceedings, Deputy County Attorney David Flannigan was asked by the foreman, "is there any statute of limitations? Being it was a minor, there isn't any?" Deputy County Attorney Flannigan responded: "there is a statute of limitations which is generally seven years in a criminal case. It may not run until the State finds out about the events." In the Grand Jury proceedings of May 14, 1999 County Attorney Roll was asked by Grand Juror Smith, "Craig Smith. One question. Is there a statute of limitations under sexual crimes?" County Attorney Roll replied, "the statute of limitations is generally seven years. Although it begins to toll once it's discovered." The clear and obvious intent of this testimony is to cast the defendant in a false light and then to use these falsehoods upon which to predicate charges upon a false instruction of the Arizona law. This was clearly misleading to the Grand Jury on the facts (failing to present exculpatory evidence) and the law. After all, if the exculpatory information had been provided by the police, (as it was) the law requires that it be presented to the Grand Jury (Trebus 621).

Prosecutor Roll's misstatement of the law was part of an unresponsive answer to a juror's question, coupled with the omission of the 1989 search warrant which omitted facts of significance, rendered the presentation of the case against Defendant less than fair and impartial. Properly informed as to the facts of the 1989 search warrant, (as the law requires A.R.S. 21-412) the Grand Jury could have decided the propriety and legal effect of the charges. By failing to inform the Grand Jury and by failing to provide it

3

with the facts (which the prosecution had in its own files), the prosecutor controlled the result and ensured an indictment in an extremely serious charge.

It is beyond comprehension how the county attorneys can tell the Grand Jurors that there is a statute of limitations and then imply that it is null and void. Defendant believes that this was done to withhold exculpatory information from the Grand Jury. The State knew about the 1989 search warrant (no. 4C900885) obtained by Detective Allaire on March 23, 1989. The first place in which Detective Knoblack would look receiving a complaint would be in-house files. The State's Rule 15 disclosure statement of August 12, 1998, indicates that the state withheld information from the Grand Jury about the 1989 search warrant (see Appendix A,B1,B2,B3).

## COURT ABUSED ITS DISCRETION

During the trial County Attorney Flannigan several times made improper references to Defendant which prejudiced Defendant and resulted in less than a fair trial. Comments such as "child molester" and "pedophile" were unduly prejudicial and malicious given previous instructions. Similarly, the use of the surname of "B████ for J████ after motion in limine had established that J████ would only be referred to by her first given name and not by a surname, unduly prejudiced Defendant and impaired his due process rights to a fair trial. Consequently, BRANDING DEFENDANT AS A CHILD MOLESTER.

Once the prosecutor committed the errors as enumerated above, Judge Borowcic did not take adequate corrective measures to diminish, if possible, the prejudice which had occurred. Judge Borowcic's failure to admonish the jury following improper comments of the county attorney prejudiced Defendant's due process right to a fair trial.

4

345

Based on a pre-trial Motion in limine, it was ordered by the court that if the jury comes out with a verdict that he was in fact married to her (L███), I will strike her testimony. However, subsequently, when this matter was broached by defense counsel, presiding Judge Matthew Boroweic stated, "I was only joking," and that "no one expected the jury to split." The judge must make his rulings based on the law and in good faith, not quipping that his ruling was rendered in jest as no one had anticipated a certain outcome (which subsequently does occur). The judge should have honored his prior ruling. A.R.S. 13-4062 states: A person shall not be examined as a witness in the following cases: 1.) A husband for or against his wife without her consent, nor a wife for or against her husband without his consent. (See Appendix C)

In State v. Williams 650F.2d1202, the Arizona Supreme Court En Banc, stated:

"the defendant and Rita Sipler were married at the time of the trial, thus under 13-4062, the defendant had a right to prevent his wife from testifying against him. The court further stated, nor is this rule one which was made by the courts and which they are, therefore, free to rescind when they conclude it no longer serves its purpose. In Arizona, our legislature has chosen to retain the marital privilege despite this court's strong disapproval of the privilege: nevertheless, we continue to enforce the mandate of the legislature."

As Defendant, and L███ B███ are still married, Defendant believes, for the reasons stated above, that he was denied a fair trial, in that his wife was permitted to testify concerning events which occurred during the marriage over Mr. Ball's timely objection. (See Appendix D)

Judge Boroweic granted Defendant's motion for Counsel on Rule 32 Petition, but when Harriette P. Levitt filed a motion to continue hearing/sentencing, Judge Fell denied the motion and also denied attorney Levitt's right to represent Defendant Ball. (See Appendix E)



Defendant Ball then filed, on October 16, 2000, a motion for pre-sentencing hearing per Rule 26.7(A). (See Appendix F) Judge Fell arbitrarily denied the motion. Defendant then inquired of the Court as to the status of his Motion to Vacate Judgment filed on July 14, 2000 (Based on a P.C.R.32 filed on February 28, 2000 and ruled premature by Judge Boroweic). Judge Fell stated he was unaware of any such motion. Defendant provided the court with a copy, whereupon the Court arbitrarily and capriciously denied the motion. On further inquiry, the Judge stated that he would have to read the P.C.R.32 which was the body of the motion he had just denied. (Records not available as the Cochise County Clerk has refused all of Defendant's requests for sentencing records).

## LEGISLATIVE INTENT

In most cases a crime consists of both the actus reas (the act requirement) and the mens rea (state of mind requirement). A person does not commit a crime who commits the act or makes the omission charges through misfortune or by accident, when it appears that there was no evil design, intention, or culpable negligence, People v. Guinn, 1196Cal.Rprt.696, 149C.A. 3d Supp.1, Kennedy v. State, 323S.E.2d169, 172Ga.App336. An injury resulting from poor or foolish judgment is a matter for the civil courts, not the criminal courts. Heglin v. State, 140N.E.2d98, 236Ind.350. In this matter, the facts clearly demonstrated that once initial possession of the pictorial representations occurred, which was not a crime ab initia, that there was no guilty state of mind nor guilty act in the future (for example, the items were not on public display, but were kept under lock and key).

(It is clear that the legislative intent was not to make the possession of certain visual depictions a crime until the 1983 Amendments HB2127). (See Appendix G)  Here Defendant's initial possession of any visual medium described was not a crime, and cannot be retroactively made into a crime. Due process is violated when legal consequences are altered for conduct which occurred before the enactment of the change of the law. Moreover, if a statute is punitive, it may not be applied retroactively.

A legislature is prohibited by an ex post facto clause from making criminal an act that was innocent when performed and the legislature is prohibited from making the punishment of a criminal act greater than when the act was committed. Similarly, because it would operate like an ex post facto law, a court is barred by the due preocess clause from reaching the same result by judicial construction.

Moreover, when the act is admitted and innocence is claimed on the basis of a mitigating factor (for example, the possession was not a crime initially), then intent becomes the material issue in a criminal prosecution. State v. Willis, 370N.W.2d193. Then the Defendant's intent is to be determined from his words, acts, and conduct. Jones v. State, App. 14Dist., 687WS.W.2d430. The words, acts, and conduct of the Defendant in this case do not add up to criminal intent.

## STATUTE OF LIMITATIONS

Defendant has previously asserted that possession of all 12 items was NOT a crime. Under both "296' and "345", at the time Petitioner is first alleged to have committed all elements of the crime, as far as when the state first became aware that Petitioner was alleged to have been in possession of one or more "visual depictions" involving a minor. March 23, 1989, Cochise County Detective Allaire acquired a search

7

warrant for Defendant's property to look for such visual depictions, but the warrant was never executed at the choice of the law enforcement officer. Although two persons (L███ and D███) were interviewed by the detective and denied that there was no strange sexual activity at the house (although one claimed to be Defendant's wife and one was Defendant's live-in girlfriend at the same time and with full knowledge of each other), and the detective knew the family and knew of the co-habitation by Defendant with more than one woman at a time, yet the detective chose not to pursue the investigation any further. In fact, Detective Allaire had indicated that there were "no grounds for serving the warrant" when in fact the warrant should have been served at that time. For the state to wait ten years to search for evidence it had knowledge of ten years prior is reprehensible and a violation of the statute of limitations.

The purpose of the statute of limitations is to limit the suspect's exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. U.S. v. Marion, 92S.Ct.455,404U.S.307, 30L.Ed.2d468(Dist.Col.), Toussie v. U.S., 90S.Ct.858, 397U.S.112, 25L.Ed.2d156(N.Y.) The statute of limitations balances the government's interest in prosecution with the need to protect those who may lose their means of defense. U.S. v. Otto,742F.2d104, cert. Denied 105S.Ct.978, 469U.S.1196, 83L.Ed.2d980(C.A. Pa.) The statute of limitations provides a safeguard against possible prejudice resulting from delay and the prosecution of stale charges. Marion, id.; Toussie, id.

"The applicable statue of limitations is the primary guarantee against bringing overly stale criminal charges. Such statute represents legislative assessment of relative interest of the State and the Defendant in administering and receiving Justice, they are

made for the repose of society and the protection of those who may have lost their means of Defense." Marion, id.

Any exception to the statute of limitations or a statute tolling or suspending its operation is to be construed narrowly or strictly against the state. U.S. v. Scharton, 52.Ct.416, 285U.S.518 766L.Ed.917(Mass). Where a statute increases the period of limitations to particular crimes it is to be constured strictly, to apply only to cases shown to be clearly within its purpose. U.S. v. McElvain, 47S.Ct.219, 272U.S.633, 71L.Ed.451(Ill).

Unless a statute of limitations is clearly retrospective in its terms it does not apply to crimes which have been previously committed. Martin v. Superior Court in and for Yuma County, 659P.2d652, 135Ariz.99(Ariz). Once the statutory period begins to run, unless the statute of limitations contains an exception to the running or condition that will toll its operation, the running of the statute of limitations is not interrupted except by the filing of the indictment or other sufficient procedure to commence prosecution of the offense. State v. Locke, 81S.E.401 73W.Va.713(W.Va.).

County Attorney David Flannigan, in state's motion, to dismiss October 14, 1999, stated, "there are no cases involving continuous possession interpreting the Arizona Statute of Limitations." In State v. Behl (160A530), the court stated the cardinal rule of statutory interpretation is to determine and give effect to the legislative intent behind the statute. Calvert v. Farmer's Ins. Co., 144Arizona291(1985). In interpreting a statute, courts should seek a sensible construction which accomplishes the legislative intent and, if possible, avoid absurd consequences, State v. Cain, the court went on to say, in order to harmonize the statutes in question, we would have to supply wording of our own into the

9

statutes which would have an amending effect. Amendments are solely legislative prerogatives.

Even where there are definite expressed exceptions to toll the statute of · limitations, the exceptions refer only to those conditions which existed at the time that the right of action or cause for prosecution first accrued. Locke, id.

The statute of limitations began to run in child sexual abuse cases where a responsible adult acquired the requisite knowledge while acting in his official or professional capacity. State v. Rosenberger, 630N.E.2d435m 90Ohio App. 3d735, 628N.E. 2d1392, 68Ohio St.3d1473 (9thDist).

Where a statute of limitations may prevent the beginning of the statute of limitations where the accused is concealing his crime, it is well settled that the period of limitations does run from the discovery of the crime or of the offender's guilt or from the time that the offense is made known to certain public officer's. State v. Guillott, 9So.2d235, 200La935(La). This is precisely the situation herein, that if Defendant did commit a crime, it was known to the state at the time that Detective Allaire obtained a search warrant in 1989 – ten years earlier than his arrest and indictment.

Where there is doubt as to the running or tolling of the statute of limitations, the limitation period is to be construed in favor of the defendant. U.S. v. Gilbert, 136F.3rd1451 (11th Cir. 1998). Pursuant to U.S. v. Wathers, the statute of limitation in a criminal case must be held to affect not only the remedy of law, but also operates as a jurisdictional limitation on the power to prosecute and punish.

In Arizona, a prosecution for a class 2 through class 6 felony must be commenced within seven years from the actual discovery by the state of the offense or which

10

discovery should have occurred with the exercise of reasonable diligence whichever first

occurs (A.R.S. 13-107).

The question to be answered here is whether the statute of limitations bars the

prosecution for offense after "actual discovery by the state or the political subdivision

having jurisdiction of the offense or discovery...which should have occurred with the

exercise of reasonable diligence."

Black's law dictionary defines statute of limitations as

"a statute establishing a time limit for suing or for prosecuting a crime, based on
the date when the crime accrues (usu. When the injury occurs): the purpose of such a
statute is to require diligent prosecution of known claims, thereby providing finality and
predictability in legal affairs and ensuring that claims will be resolved while evidence is
reasonably available and fresh." Black's Law Dictionary – Pocket Edition(1996) p. 593
(emphasis added)

In 1977 the Arizona Legislature enacted A.R.S. section 13-107 (previously 13-

106) which established "time limitations." The time "prescribed a five-year time

limitations for the commencement of a prosecution of a felony." Martin v. Superior

Court, 135Ariz.99(1983) (Supreme Court)(En Banc). In 1978 the legislature amended

A.R.S. section 13-107, "prescribing a seven-year statute of limitations for felonies...

committed on or after the ... codes effective date of October 1, 1978." Id. In 1985 the

legislature again amended section 13-107: this time concentrating on subsection (F)

which dealt with the dismissals of "complaint, indictment, or information FILED

BEFORE THE PERIOD OF LIMITATIONS HAS EXPIRED..." Johnson v. Tucson City

Court, 156Ariz.284, 751P.2d600 (App.1988). And the last amendment to A.R.S. section

13-107 occurred in 1997 which inserted the following sub-section (E) "THE PERIOD OF

LIMITATIONS DOES NOT RUN FOR A SERIOUS OFFENSE AS DEFINED IN

SECTION 13-604 DURING ANY TIME WHEN THE IDENTITY OF THE PERSON



WHO COMMITS THE OFFENSE OR OFFENSES IS UNKNOWN."

www.azleg.state.az.us/legtest/43leg/lrlbillslhb2407h.httm)

In A RECENT CASE, (HCZ v. FIRST FRANKLIN) FILED Feb. 8, 2001, court

of Appeals, No 1CA-CV00-0170, Division One Department D., the court held

"...In this appeal, we must decide whether the word 'shall' as used in A.R.S. section 12-1198(A) is mandatory or directory. We hold that the Legislature's use of the word 'shall' in this section is mandatory. We therefore affirm the trial court's grant of summary judgment against HCZ Construction, Inc., on its attempt to foreclose a mechanics' lien because the lien expired.

"The material facts relevant to HCZ compliance with these statutes are undisputed. Both parties acknowledge that HCZ filed its foreclosure action within six months of recording its lien. But HCZ did not file a lis pendens until more than two months after filing the foreclosure action. Nevertheless, HCZ argues that the lis pendens requirement is merely "directory" and therefore demands only substantial compliance. We conclude that the lis pendens requirement is mandatory and that failure to strictly comply with its terms results in extinguishment of the lien.

"When 'shall' is used in the directory sense, it may indicate desirability, preference, or permission. See Arizona Downs v. Arizona Horsemen's Found., 130Ariz.550,554,63P.2d1053, 1057(1981) (citations omitted). The essential difference between a mandatory and a directory provision is that failure to comply with a directory provision does not invalidate the proceeding to which it relates, while failure to follow a mandatory provision does. See Dep't of Revenue v. S. Union Gas Co., 119Ariz.512, 514, 582P.2d158,160(1978) (citations omitted).

"In determining the appropriate construction of 'shall' in this context, we turn to establish rules of statutory construction. The primary rule of statutory construction is to find and give effect to legislative intent. Mail Boxes v. Indus. Comm'n, 181Ariz.119, 121, 888P.2d777,779(1995) (citation omitted). The best and most reliable index of a statute's meaning is its language. Rineer v. Leonardo, 194Ariz.45, 46, 977P.2d767, 768(1999) (citation omitted). Words are given their ordinary meaning unless the context of the statute requires otherwise. See A.R.S. 1-213 (1995); Bustos v. W.M.Grace Dev., 192Ariz.396,398, 966P.2d1000,1002 (App.1997) (citations omitted).

"The ordinary meaning of 'shall' in a statute is to impose a mandatory provision. Ins Co. Of N.Am. v. Superior Court, 166Ariz.82, 85, 800P.2d585,588(1990); Navajo County Juv. Action no. JV-94000086, 182Ariz.568,570, 898P.2d517, 519(App.1995); Phoenix Newspapers, Inc. v. Superior Court, 180Ariz.159,161, 882P.2d1285, 1287 (App.1993)."

"If the word 'shall' is mandatory, then the word 'must' as definitive in 13-107 must be controlling, therefore 'as a mandatory provision it invalidates the proceeding.' Clearly the state did discover, or should have discovered with reasonable diligence, facts which it turned a blind eye to more than seven years prior to the initiation of these cases. These prosecutions are banned by the statute of limitations for crimes.



(Fact Sheet for H.B.2407 – prepared by Senate Staff, March 20, 1997) (emphasis added). This fact sheet was given to the members of the Senate Judiciary Committee and indicates "legislative history" and interpretation similar to that relied on by the Arizona Supreme Court in rendering their decision in Price v. Maxwell, 140Ariz.232 682P.2d384 (1984) (En Banc.) (at page 234 referring to the Senate staff analysis of H.B.2025, 7 March 1978, at page 4).

"It appears the legislative intent was to allow an extension to the statute of limitations only when the information, indictment or complaint is defective, and not for any and all errors which might occur during the prosecution of an offense

"The opinion of the Court of Appeals is vacated. The matter is reversed and remanded to the city court for dismissal of the complaint."

In further support, the Arizona Supreme Court, En Banc., stated:

"The state argues that section 179 does not apply because the statute of limitations is purely procedural and is not a defense on the merits. We find the argument specious. Section 179, subsection C specifically states; 'The provisions of this act do not apply to ... any offense committed before the effective date of this act....' Any inquiry into the technical nature of the statute of limitations is simply not relevant. Accordingly, we hold that counts two through six of the indictment are barred by the applicable statute of limitations and should be dismissed." Martin v. Superior Court, 135Ariz.99, 659P.2d652 (1983) (En Banc.) (emphasis added).

And finally, if the legislature had intended the statute to be tolled for any other reason, it would have stated so, as it has in Senate Bill 1488: published February 2, 2001.

S 1488 SEXUAL OFFENSES; TIME LIMITATIONS
A prosecution for crimes which may be commenced at any time, removing any deadline for prosecution, now including any sexual offense that is a class 2 felony, including sexual conduct with a minor, sexual assault of a spouse, molestation of a child, continuous sexual abuse of a child, and sexual exploitation of minor (commercial or not). Burns & 8. Title 13 (See Appendix H)

In Reinesto v. Superior Court of the State of Arizona, in and for the County of Navajo(1995), the court stated: "First, the plain language of the statute does not support the state's argument. As we noted in Vo, Arizona is a 'code state', and this court is legislatively precluded from creating new crimes by expanding the common law through judicial decision." Vo. 172Ariz. At 204, 836P.2d at 417; see also State v. Womack, 174Ariz.108,112, 847P.2d609,613(App.1992). "Defining criminal behavior and



establishing penalties for violating criminal laws are functions of the legislature, not the judiciary." Only the legislature may create crimes. Thus, the court's function is limited to interpreting statutory language to determine what conduct the legislature has proscribed in light of its intent and the wording of a statute. See Womack, 174Ariz. At 112, 847P.2d at 613. In interpreting statutes, we must give words their fair meaning "to promote justice and effect the objects of the law...." A.R.S. 13-104. When the meaning of a statute is unclear or subject to more than one interpretation, the rule of lenity requires us to resolve any ambiguity in favor of the defendant. Vo, 172Ariz. At 200, 836P.2d at 413; State v. Pena, 140Ariz.545, 549-50, 683P.2d744, 748-49 (App. 1983), approved 140Ariz. 544, 683P.2d743 (1984).

"Based on the foregoing, we accept jurisdiction and grant relief by ordering the superior court to dismiss the indictment against petitioner."

Clearly the statute of limitations is applicable to the case at bar, and these prosecutions should be dismissed with prejudice.

## EX POST FACTO

The State erroneously claims that Defendant's main complaint is that the alleged crimes are not continuing offenses. Defendant claims that as to counts 7, 8,9,10,11,12, 13,14,15, and 16 under case 345, they cannot be continuing offenses as they are not crimes. Arizona Constitution Art. 2 Sec. 25, United States Constitution Art. 1 Sec 9, cl.3. These constitution provisions state, in pertinent part, that a legislature is prohibited by an ex post facto clause from making criminal an act that was innocent when performed. Similarly, because it would operate like an ex post facto law, a court is barred by the Due Process clause from reaching the same result by judicial construction. Bowie v. City of Columbia, supra; Keeler v. Superior Court of Amador County, supra. "Every law that

14



changes the punishment and inflicts a greater punishment than the law annexed to the crime when committed" violates the ex post facto clauses of the Arizona and the United States Constitutions. Calder v. Bull, 3U.S.(3Dall.)386, at 390, 1L.Ed.648 (1798); California Dep't of Corrections v. Morales, 514U.S.499, at 506N.3, 115S.Ct.1597, at 1602N.2, 131L.Ed.2d598 (1995). See also State v. Cocio, 147Ariz.277, at 284, 709P.2d1336, at 1343 (1985). The Arizona Legislature may not enact a law which imposes any additional or increased penalty for a crime after its commission.

A law is ex post facto if it makes criminal that which was innocent when first committed, or it increases the punishment, or it aggravates any crime previously committed, or alters any rules of evidence by allowing for the receipt of less or different proof than required at the time of the commission of the act, or deprives the accuse of a substantial right of immunity possessed at the time of the commission of the act. State v. Beltran, 170Ariz.406, 852P.2d27(App.Div.1, 1992); State v. Sanders, 604P.2d20, 124Ariz.318. U.S. v. Lydell N., 124F3d1170 (9th Cir.1997).

There are two basic elements which are necessary for a criminal law to be ex post facto: (1) it is retroactive (applying to acts occurring before its enactment); and

(2) it is disadvantageous to the Defendant.

State v. Yellowmexican, 142Ariz.205, 688P.2d1097 (App.1984), approved 142Ariz.91, 688P.2d983, citing Weaver v. Graham, 450U.S.24 at 29, 101S.Ct.960 at 964 (1981); U.S. v. Lydell N., supra. That indeed is the case in the matter at bar.

Here Defendant's initial possession of any visual medium described was not a crime, and cannot be retroactively made into a crime. Due process is violated when legal consequences are altered for conduct which occurred before the enactment of the change

15



in the law. Moreover, if a statute is punitive, it may not be applied retroactively. Arizona
Dept. Of Public Safety v. Superior Court In and For Maricopa County (Falcone),
190Ariz.490, 949P.2d983, (App., Div.1, 1997) 190Ariz.490, 949P.2d983, review denied
192 Ariz.276, 964P.2d477; Saucedo v. Superior Court In and For the County of La Paz,
190Ariz.226, 946P.2d908 App.,Div.1, 1997). The court must treat the change in the
statute as punitive if the legislative intent was punitive. Arizona Dept. Of Public Safety
v. Superior Court In and For Maricopa County, supra.

As in Saucedo v. Superior Court, No 1 CA-SA97008, Court of Appeals of
Arizona, Div. 1 Dept. C, Sept 2, 1997, the State concedes the issue of possession, stating
that the trial court determined that the offense was continuing in nature. If Defendant
was in possession in 1981 (page 2 line 19 PCR) and the legislature did not add
"possession" as a prohibited act for the purposes of A.R.S. Sec 13-3553 until the 1983
Amendment H.B.2127 (which was the year in which L██ B██ was 19 years old and had
been married to Defendant for two years) then the court also may not do so by judicial
construction. (See Appendix G) In Saucedo, the appeals court held that Proposition 102,
which lacked any statement as to intended retrospective application, could not be given
retrospective application by the Arizona courts and judges. To do so was a violation of
the ex post facto law of both the Arizona and Federal Constitutions. Constitutional
measures are construed to operate prospectively unless they clearly state an intent to the
contrary to be applied retroactively. American Fed'n of Labor v. American Sash & Door
Co., 67Ariz.20,39 189P.2d912,925 (1948). Therefore, a court may not expand the scope
of a crime by judicial decision to punish a defendant for an action that was not criminal

16



when it was performed, Vo v. Superior Court In and For the County of Maricopa,

836P.2d408, 172Ariz.195, review denied.

Moreover, the sentence, in 296 and 345 as applied to the Defendant in 1999 and

2000, would be a violation of the ex post facto clauses of the Arizona and the United

States Constitutions, as the sentence is more onerous than it would have been under the

law in 1989 when the state first knew of the event. 408 170 Beltran (1992)

The legislature has also clearly directed that Defendant not be sentenced under

laws amended after he committed the offense. A.R.S. 1-246 provides:

"When the Penalty for an offense is prescribed by one law and altered by a
subsequent law, the penalty of such second law shall not be inflicted for a breach of the
law committed before the second took effect. But the offender shall be punished under
the law in force when the offense was committed."

## INEFFECTIVE ASSISTANCE OF COUNSEL

On March 3, 2000 the state, by David Flannigan, filed a motion stating Defendant

had waived all issues raised in his Post-Conviction Relief Petition, "by his failure to raise

the issues at the time of the trial."

If with respect to nothing else, or at the least, when County Attorney Flannigan

was transgressing, Defendant's trial counsel did not individually or collectively take

remedial or corrective measures. The performance of both counsels was in adequate and

ineffective. Indeed, both expended considerable time and energy in asking the court for

permission to be let off the case, than in filing certain post-trial motions for hearings as

requested by Defendant. Indeed. during the heart of Post-Conviction representation, the

Public Defender's office put up a wall and would not even accept Defendant's collect

telephone calls from jail.

17



Previous counsel felt that the "malodorous taint" was strong enough that they filed a special action to the Arizona State Supreme Court asking to be let off of the case leaving Defendant without counsel, the reason being Attorney Phil Maxie had worked for the Cochise County Public Defender's Office representing Earl Ball, E.J. B██, J████ ████ B██ and then later (10 years) representing the Arizona State Attorney General's Office against Defendant Earl Ball. Previous Defense Counsels ineffectiveness began when they refused Defendant's request to be present at the examination of Laurie Ann (Abate) Ball and L████ ███ █████ B██ and continued when they learned that the county attorney had withheld exculpatory information from the Grand Jury per rule 15.6. When allowing Judge Conlogue to set in for Judge Borowelc and give instructions to a hung jury over Defendant's wishes, and then recusing Judge Conlogue 5 months later on information known before the December trial; by refusing to ask for a mistrial when Judge Borowelc asked if Defendant wished to move for a mistrial, even telling the Judge that Defendant did wish to move for a mistrial, but I (Donna Beckman) am not going to. (SeeAppendix I)

When Defendant learned that it was not the intent of the State Legislature to make possession of the pictures of his wife, L███ B██, illegal until more than 2 years after the marriage. Dfense Counsel Donna Beckman said, "that is such a bogus defense, and if you prevail on that, Mark and I will drink a toast to you, but I will not pursue a constitutional defense or any ex post facto law."

"Where a complaint alleges that an action is barred by the statute of limitations, Special Action Relief is clearly an appropriate remedy to terminate the litigation. U.S. v. Lovasvo,431U.S.783,526 Ed.2d752. The availability of an appeal does not always foreclose the exercise of the Court of Appeal's discretion to accept jurisdiction of a Special Action for Review. Vo v. Superior Court, 172Ariz.195,198, 836P.2d408, 411 (App.1992); City of Phoenix v. Superior Court, 158Ariz.214,216, 762P.2d128, 130

18

(359)

(App.1988)." "The constitutionality of a statute poses a question of law and is subject to the court's independent review. See Little v. All (186Ariz.97) per Holly v. State filed February 8, 2001, Court of Appeals No. 1CA-CV-99-0225 Division one, Department B.

"Where the remedy of direct appeal is unsatisfactory the court has recognized that it should accept jurisdiction for Special Action Review – especially where the issue presented is purely one of law on which superior court judges are divided." Dept. Of Public Safety v. Superior Court (Falcone) 190Ariz.490 (App. 1997)

In the case at bar, Judge Boroweic was divided, granting a dismissal in one case (176) and denying (without comment) to dismiss 296 and 345 based on the same facts of law.

In minute entry of 9/29/99 Donna Beckman told Judge Boroweic she would file a petition with the court of appeals if the motion to dismiss was denied. However, when Judge Boroweic denied Defendant's motion to dismiss in 296 and 345 or grant a continuance to perfect a statute of limitations defense, counsel denied Defendant's request to file a Special Action or to withdraw from the case and allow Defendant to make other arrangements. The issue here is purely one of law on which the Judge was divided; it specifically presents a constitutional question; therefore, an issue of statewide importance; and a matter of first impression which is certain to occur again.

"Where, unless special action relief was available, there was no possibility, until after trial with its attendant delay and expense, of appellate review of erroneous rulings on questions of the law as to the applicability of a statute of limitations to undisputed facts, which should have determined the matter, the Court of Appeals would accept jurisdiction to entertain special action seeking review of denial of Defendant's motion for summary judgment." (Safeway Stores, Inc. v. Maricopa County superior Court) App. 1973 19Ariz.App.210, 505P.2d1383.

Counsel's failure to file the appropriate motions for relief, while filing motions all the way to the Supreme Court to be let off the case, fall well below the minimal standard of representation. Therefore, if not for the ineffective assistance of counsel the outcome may well have been dismissal.

19



## CONCLUSION

Defendant is not an attorney nor does he pretend to be. However, when the state legislature passes a law, Defendant believes it must apply to everyone. When Judge Boroweic allowed Defendant's wife to testify over his timely motion; when he granted the motion to dismiss on the acts depicted in the two videos, and denied the motion to dismiss the Possession based on the same law and knowledge, Judge Boroweic failed to uphold the law and denied Defendant his due process rights. (See Appendix J) When Judge Fell denied Defendant's request for counsel and his motion for a pre-sentencing hearing, Judge Fell denied Defendant his rights granted by the state legislature and the Constitution of the State of Arizona and United States of America. When defense counsel allowed Judge Conlogue to sit in place of Judge Boroweic and give instructions to a hung jury over Defendant's objection and then recuse Judge Conlogue before sentencing (on information available to counsel before trial), telling Judge Conlogue "don't worry about his due process rights, he already has 21 years;" when defense counsel says don't worry about the things that are wrong, you can always appeal them; when defense counsel hasn't the time or funds to protect a defendant's rights, but can spend hundreds of hours and prepare hundreds of pages of material on a special action to get off the case (because of the appearance of impropriety before the court); when the same counsel refuses to see or talk to the defendant, that is well below minimal standards. Justice Marshall, in Strickland stated it far better than I ever could when he said,

"I object to the prejudice standard adopted by the Court for two independent reasons. First, it is often very difficult to tell whether a defendant convicted after a trial in which he was ineffectively represented would have fared better if his lawyer had been competent....

"Second and more fundamentally, the assumption on which the court's holding rests is that the only purpose of the constitutional guarantee of effective assistance of



counsel is to reduce the chance that innocent persons will be convicted. In my view, the guarantee also functions to ensure that convictions are obtained only through fundamentally fair Procedures.

"The majority contends that the sixth amendment is not violated when a manifestly guilty defendant is convicted after a trial in which he was represented by a manifestly ineffective attorney. I cannot agree. Every defendant is entitled to a trial in which his interests are vigorously and conscientiously advocated by an able lawyer. A proceeding in which the defendant does not receive meaningful assistance in meeting the forces of the State does not, in my opinion, constitute due Process."

Defendant believes that this type of manipulation of the law and the judicial

system is illegal and unconstitutional and, therefore, the Convictions should be set aside.

Defendant respectfully asks this Court to dismiss the Convictions with prejudice or, in the

alternative, order new trials.

Dated this 3rd day of July, 2001.

**EARL BALL #153335**
**AZ ST Prison Eyman/Rynning**
**P.O.Box 3100**
**Florence AZ 85232-3100**

By _*Earl Ball*_
Earl Ball
Petitioner/Pro Se

Original and six copies mailed this
3rd day of July, 2001 to:

Court of Appeals, Division II
400 West Congress
Tucson, Arizona 85701

Copies of the foregoing mailed this 3rd day
of July, 2001 to:

David Flannigan, Deputy County Attorney
Cochise County Attorney's Office
P.O. Drawer CA
Bisbee AZ 85603

Harriette P. Levitt
485 South Main Avenue
Tucson AZ 85701-1117

Attorney General
400 W. Congress, S315
Tucson, AZ 85701

21



# EXHIBIT TT

Box

# IN THE COURT OF APPEALS

## STATE OF ARIZONA DIVISION II

EARL BALL,

Petitioner,

v.

The HONORABLE MATTHEW W.
BOROWEIC, Judge of the Superior
Court of the State of Arizona, in and
For the County of Cochise,
The HONORABLE HOWARD FELL,
Judge of the Superior Court of the
State of Arizona, in and for the County
Of Cochise, (by Special Appointment),

Respondent,

And

THE STATE OF ARIZONA,
            Real Part in Interest.

(Cochise County Superior Court
Consolidated Nos. CR-98000296
[main, CR98000345)

~~2 CA-CR-99-0481~~
Department B

~~CA-GR~~        0 1 - 0 2 7 9 - P R
SUPPLEMENT TO
PETITION FOR REVIEW

**COMES NOW** the Petitioner, in Pro Se, and hereby files this Supplement to

Petition for Review.

By _____ Earl Ball _____
        Earl Ball
        Petitioner/Pro Se

Original and four copies mailed this
5th day of July, 2001 to:

Court of Appeals, Division II
400 West Congress
Tucson AZ 85701

Copies of the foregoing mailed this
5th day of July, 2001 to:

David Flannigan, Deputy County Attorney
Cochise County Attorney's Office
P.O. Drawer CA
Bisbee AZ 85603

Harriette P. Levitt
485 South Main Avenue
Tucson AZ 85701-1117

Attorney General
400 West Congress
Tucson AZ 85701

ARIZONA SUPERIOR COURT, COCHISE COUNTY

JUDGE PRO TEMPORE: HON. HOWARD FELL

COURT REPORTER: NONE

CASE NO. **CR-9800296/CR-9800345**

DATE: June 4, 2001

STATE OF ARIZONA

VS.

EARL BALL

## MINUTE ENTRY

### RULING ON PETITION FOR POST-CONVICTION RELIEF:

A jury found Petitioner guilty of several counts of sexual exploitation of a minor. On October 16, 2000, Petitioner was sentenced to the presumptive term of 9.25 years to run concurrently with other counts.

On December 12, 2000, Petitioner filed a Petition for Post-Conviction Relief. Petitioner, whose appeal has been stayed pending a resolution of his Petition for Post-Conviction Relief, makes several claims:

1.    That case law supports his position that it is an unconstitutional ex post facto law which is now punishing him for an activity which was only subsequently categorized as a crime.

2.    That there was no allegation of contact with a minor during a specified time frame and that the State merely sought punishment for preserving images of allegedly prohibited conduct.

3.    That some of the photos show no activity which could be construed as "sexual conduct" with a minor.

Ruthann Wiggins
Deputy Clerk

364

4.      That the crimes with which he is convicted are specific intent crimes and that
ten offending photographs were locked inside a safe in his house and he had no intent
to commit the crimes alleged. The convictions violated his constitutional rights as the
element of the crimes were not proven by the State.

5.      That he has been deprived of his right to a fair trial by such "malodorous
taint" through the appearance of impropriety and misconduct by the State.

6.      That he had ineffective assistance of counsel.

7.      That the statute of limitations had run on some of his offenses.

8.      That the legislative intent was not to make the possession of certain visual
depictions a crime until the 1983 amendments.

9.      That the State made improper comments which tainted the jury.

10.     That trial Court's failure to admonish the jury following improper comments
of the prosecutor prejudiced him.

11.     That the judge failed to have honored his prior rulings.

The Respondent argues that the petition is both legally and factually without merit.
Petitioner argues that his trial counsel was ineffective in claim number 6. The standard to be
applied in evaluating claims of ineffective assistance of counsel is clear:

> First, the defendant must show that counsel's performance was deficient. For that, he
> must specify acts and omissions of counsel that allegedly constituted ineffective
> assistance. Second, the defendant must show that the deficient performance

Ruthann Wiggins
Deputy Clerk

365

prejudiced his defense. To show that, the defendant must be able to demonstrate a 'reasonable probability' that the verdict might have been affected by the error. We 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' In addition, we must evaluate counsel's performance prospectively. Thus, the defendant bears a heavy burden to overcome the presumption that counsel's action 'might be considered sound trial strategy' at the time.

*State v. Schurz*, 176 Ariz. 46, 859 P.2d 156 (1993) *citing State v. Walton*, 159 Ariz. 571, 588-89, 769 P.2d 1017, 1034-35 (1989), aff'd, 497 U.S. 639 (1990) [quoting *Strickland v. Washington*, 466 U.S. 668 (1984)]. After reading the record,

**THE COURT FINDS** that Petitioner fails to satisfy his burden of ineffective counsel under the *Strickland* analysis.

**THE COURT FURTHER FINDS** that Petitioner's claim of ineffective assistance of counsel is without merit.

After reading the Petitioner's petition, the State's response and the record,

**THE COURT FINDS** that no material issue of fact or law exist which would entitle the Petitioner to relief on claims 1 through 5 and 7 through 11. Ariz.R.Crim.PR, Rule 32.6(c); *State v. Filmore*, 187 Ariz. 174, 927 P.2d 1303 (App. 1996). A defendant shall be precluded from relief based upon any ground raisable on direct appeal under Rule 31 or on post-trial motion under Rule 24. Ariz.R.Crim.PR, Rule 32.2(a)(1). The Petitioner's motion pursuant to Rule 24 has previously been denied.

To receive an evidentiary hearing on the issue, Petitioner must first present a colorable claim to the Court. A colorable claim is "a claim which, if defendant's allegations are true, might have changed the outcome [of the case]." *State v. Watton*, 164 Ariz. 323, 328, 793 P.2d 80, 85 (1990). Whether the petition presents a colorable claim is, to some extent, a discretionary decision for the trial Court. *State v.*

Ruthann Wiggins
Deputy Clerk

*D'Ambrosio*, 156 Ariz. 71, 73, 750 P.2d 14, 16 (1988).  To be colorable, the petition "must raise some

factors that demonstrate that the attorney's representation fell below the prevailing objective standards."

*State v. Borbon*, 146 Ariz. 392, 399, 706 P.2d 718, 725 (1985).

　　　**THE COURT FINDS** that Petitioner has not raised a colorable claim.

　　　**IT IS ORDERED** that Petitioner's Petition for Post-Conviction Relief is summarily dismissed.


cc:　　Hon. Howard Fell
　　　Cochise County Clerk's Office, P.O. Drawer CK, Bisbee, AZ 85603  (original Minute Entry)
　　　Cochise County Attorney - David P. Flannigan, P.O. Drawer CA, Bisbee, AZ 85603
　　　Harriette Levitt, Esq.
　　　Earl Ball, #153335, ASPC-Eyman, Rynning Unit, P.O. Box 3100, Florence, AZ 85232


Ruthann Wiggins
Deputy Clerk