

Timothy J. Eckstein, 018321
OSBORN MALEDON, P.A.
2929 North Central Avenue
Suite 2100
Phoenix, Arizona 85012-2793
Telephone: (602) 640-9316
Facsimile: (602) 664-2069
E-mail: teckstein@omlaw.com

Attorneys for Experian Information Solutions, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin A. Brown, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>General Business Recoveries, Inc., an Arizona corporation; Experian Information Services, Inc., an Ohio corporation,<br><br>    Defendants. | No. CV-08-00090-TUC-RCC<br><br>**ANSWER OF DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.** |

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, and in answer to the Complaint filed by Kevin A. Brown ("Plaintiff") states as follows:

## I. PRELIMINARY STATEMENT

1. In response to the Preliminary Statement of the Complaint, Experian admits that Plaintiff's Complaint purports to state claims under the Fair Credit Reporting Act ("FCRA") and seeks damages, fees and costs from Experian and the other named defendants. Experian denies that it has violated the FCRA, and further denies that it is liable to Plaintiff for any alleged damages, fees or costs.

## II. JURISDICTION

2. In response to paragraph 2 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on the FCRA, 15 U.S.C. §§ 1681 et seq. Experian states that this is a legal conclusion that is not subject to denial or admission.

## III. PARTIES

3. In response to paragraph 3 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained therein.

4. In response to paragraph 4 of the Complaint, Experian admits that under certain circumstances Plaintiff may be a "consumer" as defined by the FCRA.

5. In response to paragraph 5 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and, on that basis, denies generally and specifically, each and every allegation contained therein.

6. In response to paragraph 6 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and, on that basis, denies generally and specifically, each and every allegation contained therein.

7. In response to Paragraph 7 of the Complaint, Experian admits that it is an Ohio corporation and is qualified to do business in the State of Arizona.

8. In response to paragraph 8 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). As to the remaining allegations contained in paragraph 8 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained therein.

## IV. FACTUAL ALLEGATIONS

9. In response to paragraph 9 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and, on that basis, denies generally and specifically, each and every allegation contained therein.

10. In response to paragraph 10 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and, on that basis, denies generally and specifically, each and every allegation contained therein.

11. In response to paragraph 11 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and, on that basis, denies generally and specifically, each and every allegation contained therein.

12. In response to paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and, on that basis, denies generally and specifically, each and every allegation contained therein.

13. In response to paragraph 13 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and, on that basis, denies generally and specifically, each and every allegation contained therein.

14. In response to paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and, on that basis, denies generally and specifically, each and every allegation contained therein.

15. In response to paragraph 15 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

16. In response to paragraph 16 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

17. In response to paragraph 17 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and, on that basis, denies generally and specifically, each and every allegation contained therein.

18. In response to paragraph 18 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and, on that basis, denies generally and specifically, each and every allegation contained therein.

### V. CAUSES OF ACTION

#### a. Fair Credit Reporting Act

14A.[1] In response to paragraph 14A, Experian reasserts and incorporates its responses to paragraphs 1 thorough 18 above, as though fully set forth herein.

15A. In response to paragraph 15A of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

16A. In response to paragraph 16A of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

17A. In response to paragraph 17A of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

18A. In response to paragraph 18A of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

19. In response to paragraph 19 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

20. In response to paragraph 20 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and, on that basis, denies generally and specifically, each and every allegation contained therein.

21. In response to paragraph 21 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and, on that basis, denies generally and specifically, each and every allegation contained therein.

---

[1] Plaintiff's Complaint contains two sets of allegations which are both numbered as paragraph 14 through paragraph 18. For purposes of Experian's Answer, Experian will respond to the second set of paragraphs as 14A -18A.

22. In response to paragraph 22 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and, on that basis, denies generally and specifically, each and every allegation contained therein.

23. In response to paragraph 23 of the Complaint, Experian states that this is a legal conclusion that is not subject to denial or admission.

24. In response to paragraph 24 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 24 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 24 of the Complaint.

25. In response to paragraph 25 of the Complaint, Experian states that this is a legal conclusion that is not subject to denial or admission.

26. In response to paragraph 26 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 26 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 26 of the Complaint.

## **AFFIRMATIVE DEFENSES**
## **FIRST DEFENSE**
### **(Failure to State a Claim)**

27. The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or any other relief whatsoever from Experian.

## SECOND DEFENSE
## (Immunity)

28. Plaintiff's claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

## THIRD DEFENSE
## (Truth/Accuracy of Information)

29. Plaintiff's claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## FOURTH DEFENSE
## (Indemnification)

30. Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the result of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

## FIFTH DEFENSE
## (Failure to Mitigate Damages)

31. Plaintiff has failed to mitigate his damages.

## SIXTH DEFENSE
## (Laches)

32. The Complaint, and each claim for relief therein, is barred by laches.

## SEVENTH DEFENSE
## (Contributory/Comparative Fault)

33. Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## EIGHTH DEFENSE

## (Estoppel)

34. Any damages that Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

## NINTH DEFENSE

## (Statute of Limitations)

35. Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the statute of limitations.

## TENTH DEFENSE

## (Improper Request for Punitive Damages)

36. Plaintiff's Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus all requests for punitive damages are improper.

## ELEVENTH DEFENSE

## (Unclean Hands)

37. The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## TWELFTH DEFENSE

## (Independent Intervening Cause)

38. Experian alleges upon information and belief that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

1. That Plaintiff takes nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

2. For costs of suit herein incurred; and

3. For such other and further relief as the Court may deem just and proper.

DATED this 21st day of February, 2008.

OSBORN MALEDON, P.A.

By  s/ Timothy J. Eckstein
Timothy J. Eckstein
2929 North Central Avenue
Suite 2100
Phoenix, Arizona 85012-2793

Attorneys for Experian Information Solutions, Inc.

I hereby certify that on February 21, 2008 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael Carey Shaw
mcareyshaw@yahoo.com

Attorney for Plaintiff

s/ Dawn M. Dybdahl

1962715_1