KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eduardo Benhur Ruiz, | No. CV 07-2491-PHX-PGR (HCE) |
| Petitioner, | **ORDER** |
| vs. | |
| Dora B. Schriro, et al., | |
| Respondents. | |

Petitioner Eduardo Benhur Ruiz, who is confined in the Arizona State Prison Complex-Lewis, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee. The Court will require an answer to the Petition.

**I.     Petition**

Petitioner challenges his April 27, 2004 judgment of conviction in Maricopa County Superior Court, case #CR 2003-008488-001 DT. Petitioner names Dora B. Schriro as Respondent to the Petition and the Arizona Attorney General as an Additional Respondent.

Petitioner raises three grounds for relief: (1) Petitioner's sentence violates the Sixth Amendment because the trial court used facts that were not admitted by Petitioner, or found by a jury, to enhance Petitioner's sentence; (2) Petitioner's Sixth Amendment rights were violated because his plea was not made knowingly or voluntarily; and (3) Petitioner's Sixth Amendment rights were violated because the trial court refused to allow Petitioner to

**TERMPSREF**

withdraw from the plea and because there was insufficient evidence to support Petitioner's sentence.

The Court will require Respondents to answer the Petition. 28 U.S.C. § 2254(a).

## II. Warnings

### A. Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C. Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Clerk of Court must serve a copy of the Petition (Doc. #1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(2) Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only

1 those portions of the record relevant to those defenses need be attached to the answer.
2 Failure to set forth an affirmative defense in an answer may be treated as a waiver of the
3 defense. <u>Day v. McDonough</u>, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative
4 defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules
5 Governing Section 2254 Cases.

6     (3) Petitioner may file a reply within 30 days from the date of service of the
7 answer.

8     (4) This matter is referred to Magistrate Judge Hector C. Estrada pursuant to Rules
9 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and
10 recommendation.

11     DATED this 5th day of March, 2008.

_____
Paul G. Rosenblatt
United States District Judge