DIANE J. HUMETEWA
United States Attorney
District of Arizona

TIMOTHY F. ANDREWS
Assistant U.S. Attorney
Arizona State Bar No. 021658
4035 S. Avenue A
Yuma, Arizona 85365
(928) 344-1087
tim.andrews@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America<br><br>        Plaintiff,<br>v.<br><br>Vicente Rios-Rios,<br><br>        Defendant. | CR-07-1264-PHX-EHC<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO PRE-SENTENCE REPORT** |

The United States, through undersigned counsel, submits this response to the defendant's objection to the pre-sentence report. The defendant has objected to the 16-level sentencing enhancement assessed in paragraph 16 of the pre-sentence report; and, for the reasons set forth in the accompanying Memorandum of Points and Authorities, the United States recommends that the Court overrule the defendant's objection.

                    Respectfully submitted this 20th day of March 2006.

                                DIANE J. HUMETEWA
                                United States Attorney
                                District of Arizona


                                s/ *Timothy F. Andrews*
                                TIMOTHY F. ANDREWS
                                Assistant United States Attorney

## I. FACTS AND PROCEDURAL HISTORY

On September 28, 2007, the defendant was arrested and charged with violating 8 U.S.C. § 1326 (a), enhanced by § 1326 (b)(1), Reentry after Deportation. The defendant subsequently pleaded guilty by way of plea agreement. The pre-sentence report assessed the defendant a 16-level increase under USSG §2L1.2(b)(1)(A) based on the defendant's prior conviction for battery under Florida Statute 784.07. PSR ¶13. The defendant filed an objection to the enhancement arguing that the enhancement should be in the amount of 4 levels, not 16 levels. The objection raises the issue of whether the available judicially noticeable documents support a conclusion that the defendant's battery conviction qualifies as a crime of violence under USSG §2L1.2(b)(1)(A). The United States concedes that it does not possess the judicially noticeable documents required to prove the defendant's conviction for battery is a crime of violence. However, the defendant does have another conviction, for aggravated assault under Florida Statute 784.021, that does categorically qualify as a crime of violence.

## II. LAW AND APPLICATION

A "crime of violence" is any crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG §2L1.2 comment. (n.1(B)(iii). When determining whether the conviction in question qualifies as a crime of violence, the Court should first look to the fact of the conviction and the statutory definition of that conviction. *Taylor v. United States*, 495 U.S. 575 (1990); *United States v. Lopez-Montanez*, 291 F.3d 926, 929 (9th Cir. 2005). When the language of the statute that forms the basis of the conviction penalizes both conduct which qualifies as a crime of violence and conduct which does not, the Court may then look to judicially noticeable facts to decide whether the conviction meets the definition of a crime of violence. *United States v. Lopez-Montanez*, 291 F.3d at 931.

The United States agrees that the defendant's battery conviction does not categorically qualify as a crime of violence. A battery under Florida law includes intentionally touching another person against his or her will. F.S. 784.03. Simply touching a person is not an act of

1 violence, and offensive touching is not tantamount to a crime of violence. See *Ortega-Mendez v. Gonzales*, 450 F.3d 1010, 1017 (9th Cir. 2006). The available judicially noticeable facts in the instant case are an information alleging that the defendant committed the battery by "intentionally touching or striking" an officer and a judgment. These documents by themselves do not conclusively establish that the defendant committed a violent act.

The probation department, however, discovered that the defendant does have another conviction, for aggravated assault, and this conviction categorically qualifies as a crime of violence. PSR ¶24. Florida defines the term "assault" as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." F.S. 784.011. This language tracks the 9th Circuit's definition of an assault. See *United States v. Lewellyn*, 481 F.3d 695, 697 (9th Cir. 2007)(the Court stated that the generic definition of an assault includes the "threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm"). Under Florida law, an aggravated assault is an assault with a deadly weapon, without the intent to kill, or an assault with an intent to commit a felony. F.S. 784.021. Furthermore, an aggravated assault is among the offenses enumerated in the Sentencing Guidelines' definition of a crime of violence, USSG §2L1.2 comment. (n.(1)(B)(iii)); and, when an offense is specifically enumerated in the application note to §2L1.2, the 9th Circuit has "consistently drawn the conclusion that the offense is a *per se* crime of violence under the Guidelines." *United States v. Rodriguez-Guzman,* 506 F.3d 738, 740 (9th Cir. 2007) citing *United States v. Velasquez-Reyes*, 427 F.3d 1227, 1229 (9th Cir.2005).

## III. CONCLUSION

The United States recommends that the Court overrule the defendant's objection. While the defendant's battery conviction does not categorically qualify as a crime of violence, his conviction for aggravated assault in paragraph 24 of the report is categorically a crime of violence.

Respectfully submitted this 20th day of March 2008.

DIANE J. HUMETEWA
United States Attorney
District of Arizona


s/ *Timothy F. Andrews*
TIMOTHY F. ANDREWS
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2008, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Juan Rocha
Attorney for Defendant

by:  s/ *Timothy F. Andrews*