✓ FILED ___ LODGED
___ RECEIVED ___ COPY

MAR 2 6 2008

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

DIANE J. HUMETEWA
United States Attorney
District of Arizona
NICOLE P. SAVEL
Assistant United States Attorney
State Bar No. 015958
Evo A. Deconcini U.S. Courthouse
405 West Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: 520-620-7300
nicole.savel@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | |
| Plaintiff, | CR 07-2013-TUC-RCC(JCG) |
| v. | PLEA AGREEMENT |
| **Ramon Esquerra-Alvarez**, | 5K3.1 and 5K2.0 |
| Defendant. | |

The United States of America and the defendant agree to the following disposition of this matter:

## PLEA

The defendant agrees to plead guilty to an Information charging the defendant with a violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), Possession with Intent to Distribute Marijuana, a felony. The elements of the crime are as follows:

  a) The defendant knowingly and intentionally possessed a quantity of marijuana;

  b) The defendant intended to deliver the marijuana to another person;

As a sentencing factor, the government would be required to prove that the quantity possessed was 20 kilograms of marijuana.

//

## TERMS

Maximum Penalties: The defendant understands and agrees that the maximum penalty for the offense being pled to is a fine of $250,000.00 or a maximum term of five (5) years imprisonment, or both and a period of at least two (2) years supervised release with a maximum term of three (3) years supervised release.

    a.    Special Assessment: The defendant understands that in accordance with Title 18, United States Code, Section 3013, upon entry of judgment of conviction, there shall be assessed a $100.00 special assessment for each felony count.

    b.    Pursuant to Title 21, United States Code, Section 862a, defendant will not be eligible for either assistance under programs funded under Part A of Title IV of the Social Security Act (Temporary Assistance for Needy Families) or benefits under the Food Stamp program. In addition, any benefits to defendant's family under these programs will be reduced.

Agreement Regarding Sentencing:

Pursuant to U.S.S.G., Sections 5K2.0 and 5K3.1, and Fed. R. Crim. P., Rule 11(c)(1)(C), the government and the defendant stipulate and agree that the following is an appropriate disposition of this case:

13 months and one day of imprisonment if defendant's Criminal History is Category I;

15 to 21 months imprisonment if defendant's Criminal History Category is II;

18 to 24 months imprisonment if defendant's Criminal History Category is III;

24 to 30 months imprisonment if defendant's Criminal History Category is IV;

30 to 37 months imprisonment if defendant's Criminal History Category is V;

33 to 41 months imprisonment if defendant's Criminal History Category is VI.

**Pursuant to a relevant conduct analysis, the parties agree that the above-mentioned stipulated sentence reflects a downward departure based upon the defendant's role in the offense.**

The defendant's involvement in the instant offense appears to have been limited to carrying roughly 20 kilograms through the desert. Given the totality of the circumstances, including the defendant's background, the Court may choose to depart pursuant to U.S.S.G. § 5K2.0 to a sentence called for in the binding plea agreement. In doing so, the Court will also avoid unwarranted sentencing disparity among similarly situated individuals while otherwise being sufficient to further the statutory purposes of sentencing enumerated at Title 18, United States Code, Section 3553(a)(1)-(7).

This plea agreement is contingent upon the successful guilty pleas of all co-defendants, Lorenzo Cruz-Carrasco, Ramon Esquerra-Alvarez, Jose Lijalba-Morales and Antonio Saldivar-Ibarra, in case # CR 07-2013-TUC-RCC(JCG). If any of the co-defendants do not plead guilty in this case, the government reserves the right to withdraw from the plea agreement. Further, the government reserves its right to withdraw from this agreement if it is determined that the defendant has a prior felony drug conviction.

The defendant understands and agrees that this plea agreement contains all the terms, conditions and stipulations regarding sentencing. If the defendant requests or if the court authorizes (a) any downward departure not contemplated within this agreement, or; (b) any reduction of criminal history category which differs from that set forth in the Pre-Sentence Report, or; (c) any other reduction of sentence not specifically agreed to in writing by the parties, then the government may withdraw from the plea agreement. If the court departs from the terms and conditions set forth in this agreement, either party may withdraw.

<u>Waiver of Defenses and Appeal Rights</u>:

The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment, or to the petition to revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement.

The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. Further, if the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement.

Reinstitution of Prosecution:

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

Factual Basis:

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty; and, that if this matter were to proceed to trial, the government could prove the elements of the offense beyond a reasonable doubt based on the following facts:

> On or about November 9, 2007, at or near Douglas, in the District of Arizona, Lorenzo Cruz-Carrasco, Ramon Esquerra-Alvarez, Jose Lijalba-Morales and Antonio Saldivar-Ibarra were part of a larger group of individuals that carried bundles of marijuana from Mexico into the United States. The total weight of the marijuana bundles was

240 kilograms. The average weight of the bundle carried by each defendant was 20 kilograms. Ramon Esquerra-Alvarez knew that he was carrying marijuana and he intended to be paid to deliver the marijuana to another person.

Disclosure of Information to U.S. Probation:

The defendant understands the government's obligation to provide all information in its file regarding defendant to the United States Probation Office.

The defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

    a. All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

    b. All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

    c. All history of drug abuse which would warrant a treatment condition as part of sentencing.

    d. All history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

## DEFENDANT'S APPROVAL AND ACCEPTANCE

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered. I agree that any Guidelines Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this <u>written</u> plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

3/26/08
Date

Ramon Esquerra Alvarez
Ramon Esquerra-Alvarez
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement.

I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

3/26/08
Date

Raymond V. Panzarella
Attorney for Defendant

## UNITED STATES' APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

DIANE J. HUMETEWA
United States Attorney
District of Arizona

3-26-08
Date

*Raquel Arellano for*
NICOLE P. SAVEL
Assistant U.S. Attorney