DIANE J. HUMETEWA
United States Attorney
District of Arizona
ERIC J MARKOVICH
Arizona State Bar No. 023725
Assistant U.S. Attorney
405 West Congress Street
Tucson, Arizona 85701
Email: eric.markovich@usdoj.gov
Telephone: (520) 620-7300
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. CR 04-1712-TUC-JMR |
| Plaintiff, | CR 04-1747-TUC-JMR |
| v. | **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO** |
| JAY BERNARD GILLILAND, | **WITHDRAW FROM HIS GUILTY PLEA** |
| Defendant. | |

The United States of America, by and through Diane J. Humetewa, United States Attorney for the District of Arizona, and Eric J. Markovich, Assistant United States Attorney, files this response to defendant's motion to withdraw from his guilty plea.

The government opposes the defendant's baseless and belated attempt to withdraw his guilty plea. The proffered reason for defendant's eleventh hour attempt to withdraw his guilty plea - the inability to challenge state court's denial of the motion to suppress evidence via a habeas petition under 18 U.S.C. § 2254 - has no bearing on or relevance to the federal charges. Even if § 2254 relief were available in connection with the state case, that relief would not affect the federal cases. Thus, the proffered reason for withdrawal is specious. Furthermore, the defendant does not make a claim of actual innocence or allege that his plea

was not knowing or voluntary - both of which are factors that would weigh in favor of permitting withdrawal of a guilty plea. Indeed, the government would be prejudiced if the defendant were allowed to withdraw his guilty plea, given the four years this case has been pending and the ten-and-a half months that have elapsed since the defendant plead guilty. As discussed below, the facts weigh in favor of denying the defendant's motion to withdraw his guilty plea.

## **FACTUAL BACKGROUND**[1]

On July 20, 2004, the defendant was arrested for possessing with the intent to distribute two kilograms of cocaine. A criminal complaint charging defendant with a violation of 21 U.S.C. 841(a)(1) was filed on July 21, 2004 (CR 04-1712-TUC-JMR).. On August 18, 2004, a federal grand jury returned a two count indictment charging the defendant with Conspiracy to Possess with the Intent to Distribute Cocaine (21 U.S.C. § 846), and Possession with the Intent Distribute Cocaine (21 U.S.C. 841(a)(1), (b)(1)(B)(ii)(II)).

On July 27, 2004, a criminal complaint was filed charging the defendant with a violation of 18 U.S.C. § 2252A(a)(2), Receipt of Child Pornography (CR 04-1747-TUC-JMR). A federal grand jury returned a two count indictment on August 25, 2004, charging the defendant with Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), and Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A).

The trials on these two indictments were continued thirteen times. (See Docket Entry 51, 53 in CR 04-1747-TUC-JMR and Docket Entry 101, 104 in CR 04-1712-TUC-JMR).[2]

---

[1]The facts are taken from the Presentence Report prepared in connection with these two cases.

[2] The docket for CR 04-1747 and CR 04-1712 are attached as Exhibits A and B.

On May 24, 2007, the defendnant pleaded guilty to Count One in CR 04-1712-TUC-JME(HCE), Conspiracy to Possess with Intent to Distribute Cocaine, and Count One in CR 04-1747-TUC-JMR(HCE), Possession of Child Pornography. The guilty plea hearing was conducted before Magistrate Judge Hector C. Estrada.[3] At the change of plea hearing, in response to the court's questioning, the defendant stated that he was satisfied with the services of his attorney, that he understood and wanted to waive the rights that had been explained to him, that he agreed to be bound by the terms of the plea agreement, and that no one had forced or coerced him to plead guilty. The defendant also acknowledged that he understood the elements of both crimes and agreed to the factual basis detailed in his plea agreement.

Magistrate Judge Estrada issued Findings and a Recommendation that the district court accept the defendant's guilty plea to both charges, and gave the parties ten days to file objections to the Findings and Recommendations. No objections were filed by either party. This Court subsequently conducted a review of Magistrate Estrada's Findings and Recommendations, and on June 8, 2007, the Court issued an Order adopting the Findings and Recommendations of the Magistrate Judge and accepting the defendant's plea of guilty to both offenses. (See Docket Entry 60 in CR 04-1747-TUC-JMR and Docket Entry 112 in CR 04-1712-TUC-JMR.)

Sentencing was initially set for August 30, 2007. At the request of the probation office, the sentencing was continued to November 7, 2007. (See Docket Entries 61 in CR 04-1747-TUC-JMR and Docket Entry 116 in CR 04-1712-TUC-JMR.) The defendant filed an unopposed motion to continue sentencing on October 31, 2007. (See Docket Entry 62 in CR 04-1747-TUC-JMR and Docket Entry 119 in CR 04-1712-TUC-JMR.) That motion was granted and sentencing was reset to January 18, 2008. (See Docket Entry 63

---

[3] A transcript of the change of May 24, 2007 change of plea hearing is attached as Exhibit C.

in CR 04-1747-TUC-JMR and Docket Entry 120 in CR 04-1712-TUC-JMR.) The defendant filed a second unopposed motion to continue sentencing on January 11, 2007. (See Docket Entry 64 in CR 04-1747-TUC-JMR and Docket Entry 127 in CR 04-1712-TUC-JMR.) That motion was granted and sentencing was reset for April 7, 2008. (See Docket Entry 65 in CR 04-1747-TUC-JMR and Docket Entry 128 in CR 04-1712-TUC-JMR.)

On April 2, 2008, the defendant filed a third motion to continue sentencing, a motion to withdraw plea of guilty, and an objection to the Presentence Report. (See Docket Entries 66, 67, and 69 in CR 04-1747-TUC-JMR and Docket Entry 132, 133 and 134 in CR 04-1712-TUC-JMR.) The government opposed the motion to continue sentencing. The parties appeared before this Court on April 7, 2008, the scheduled sentencing date. At that hearing, the Court ordered the government to respond to the defendant's motion to withdraw his guilty plea. The government opposes the defendant's motion to withdraw his guilty plea for the reasons discussed below.

## **ARGUMENT**

"[T]he defendant has no 'right' to withdraw his plea." *United States v. Rios-Ortiz*, 830 F.2d 1067, 1069 (9th Cir. 1987). The Ninth Circuit has made clear that "[a] defendant may withdraw a guilty plea after a district court accepts the plea but before sentencing if 'the defendant can show a fair and just reason for requesting the withdrawal.'" *United States v. Jones*, 472 F.3d 1136, 1141 (9th Cir. 2007) (*quoting United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004)(*quoting* Fed. R. Crim. Pro. 11(d)(2)(B)). "The defendant bears the burden of showing a fair and just reason for withdrawal of a guilty plea..." *Rios-Ortiz*, 830 F.2d at 1069. Such relief is not available for the asking but requires a substantial showing due to the gravity involved in pleading guilty, which necessarily requires expending judicial resources.

In *United States v. Hyde*, 520 U.S. 670, 676 (1997), United States Supreme Court noted that to permit withdrawal of a guilty plea without any reason whatsoever "debases"

the judicial proceedings at the change of plea and subsequent acceptance of the defendant's guilty plea. "After the defendant has sworn in open court that he actually committed the crimes, after he has stated that he is pleading guilty because he is guilty, and after the court has explicitly announced that it accepts the plea, the Court of Appeals would allow the defendant to withdraw his guilty plea simply on a lark." *Hyde*, 520 U.S. at 676. The Court concluded that to allow such groundless withdrawal "would degrade the otherwise serious act of pleading guilty into something akin to a move in a game of chess." *Id*. at 677.

This Court accepted defendant's guilty plea long before this motion to withdraw guilty plea was filed. Therefore, the defendant must show a "fair and just reason" in order to prevail on his motion to withdraw his plea. Defendant has not met this burden of demonstrating a fair and just reason for withdrawal of his guilty plea.

"'Fair and just reasons for the withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea.'" *Jones*, 472 F.3d at 1141 (*quoting Ortega-Ascanio*, 376 F.3d at 883.). "Several factors enter the trial court's decisional calculus. They include force of the proffered reason; the timing of the request; the defendant's assertion of legal innocense (or the lack of such an assertion); and the likely voluntariness of the plea, given the newly emergent circumstances." *United States v. Doyle*, 981 F.2d 591, 594 (1st Cir. 1992). If the combined weight of these circumstances tilts in the defendant's favor, then the court must also assess the prejudice that will inure to the government. *Id.*; s*ee also United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991).[4]

///

---

[4] An appellate court reviews " a district court's denial of a motion to withdraw a guilty plea for abuse of discretion." *United States v. Ross*, 511 F.3d 1233, 1235 (9th Cir. 2008). That is because the district court "has a special vantage point from which it may evaluate these factors." *Doyle*, 981 F.2d at 594.

1. The Proffered Reason

"A defendant may not renounce his guilty plea without advancing a plausible reason for doing so." *Doyle*, 981 F.2d at 594. The proffered reason for the defendant's desire to withdraw his guilty plea is that:

> when he entered the plea agreement, [he] anticipated later 9th Circuit review of the search conducted in this matter through a 2254 review of the State's decision on his Motion to Suppress. During the preparation of his appeal for the State case, it became apparent that the only issue which will not be reviewed by the Federal Courts under a 2254 review is that of a 4th Amendment Search and Seizure violation."

(Def. Mem. at 3.) Defendant further asserts that he stands a likely chance of succeding in the suppression of the evidence seized pursuant to the search warrant at the federal district court level or at the Court of Appeals.

The proffered reason for withdrawal has absolutely no bearing on the federal charges. If a state appellate court reverses the trial judge and suppresses evidence seized pursuant to the search warrants, that decision only impacts the state case. The search warrants have never been litigated in federal court and a state appellate court's decision would have no impact on the federal case.[5] Moreover, even if the suppression motion litigated in state court were reviewable pursuant to a § 2254 petition, that review would also only impact the state case, not the federal case. The § 2254 petition would be directed at the state court's decision to deny the suppression motion in connection with the state charges. The defendant cannot challenge the search warrants – either in his direct state appeal or in a § 2254 petition – as they relate to the federal charges because those warrants were never litigated in federal court and the United States Attorney's Office was not a party to the state court proceeding.[6]

---

[5] Likewise, if the defendant litigates the search warrants in federal court, the federal court's decision would have no impact on the state case.

[6] *See Skoog v. City of Clackamas*, 469 F.3d 1221, 1230 (9th Cir. 2006) (A federal court gives preclusive effect to a state court judgment only if the party against whom collateral estoppel is asserted was a party to the first litigation or in privity with a party to that litigation, meaning that the

The defendant was clearly aware that he was waiving all federal appellate rights and the right to collaterally attack his federal conviction when he plead guilty to the federal charges. The fact that a federal court will not review a state court's suppression ruling under § 2254 may be a recent revealation to the defendant, but it is completely irrelevant to the federal charges.

The defendant litigated the state case in order to perserve his appellate rights on the suppression motion. He has retained his appellate rights in state court, but those appellate rights only pertain to the state conviction. Similarly, any habeas rights that he may have in connection with the state case only apply to the state conviction. The fact that the federal courts will not review the denial of the state suppression motion in no way impacts the federal case or the defendant's guilty plea to the federal charges.

The defendant knowingly and voluntarily pleaded guilty to the federal charges and waived all appellate rights and the right to collaterally attack the conviction. The defendant's groundless attempt to withdraw his federal guilty plea "degrade[s] the otherwise serious act of pleading guilty into something akin to a move in a game of chess." *Hyde*, 520 U.S. at 677. Accordingly, the motion to withdraw should be denied.

2. The Timing of the Request

"[T]he time between the plea and the plea withdrawal motion is a factor to consider in ruling on that motion," particularly where (as here) the defendant fails to provide any good reason for the delay. *United States v. Nostratis*, 321 F.3d 1206, 1211 (noting cases in which withdrawal motions made one month, 77 days, three months, and seven months after the change of plea were denied). The timing of the defendant's attempt to withdraw his guilty plea is highly probative of motive, and close scrutiny of the chronology is important in deciding whether retraction is fair and just. *Doyle*, 981 F.2d at 595. While an immediate

---

party must have been able to "direct the course of litigation" such that he or she "had a fair and complete opportunity to litigate the issue" involved in the first litigation.).

change of heart may well lend considerable force to a plea withdrawal request, a long interval between the plea and the request weakens any claim that the plea was entered in confusion or false circumstances. *Id.* "Put another way, excessive delay saps strength from any proffered reason for withdrawal." *Id.* Such a delay "suggests that the withdrawal was intended to serve a different purpose than that avowed" by the defendant. *Nostratis*, 321 F.3d at 1211.

The timing of the defendant's request here is suspect given that it occurred only days before sentencing and almost a year since his guilty plea. The federal cases have been pending for almost four years. The defendant litigated the motion to suppress in state court over a year ago, and was sentenced on the state charges in July 2007. This belated and baseless motion to withdraw the defendant's guilty plea should be denied.

3. <u>Legal Innocence</u>

The absence of a claim of innocence weighs in favor of allowing a plea to stand. <u>Doyle</u>, 981 F.2d at 596. Here, the defendant is not claiming that he is actually innocent of the crimes to which pleaded guilty. He admitted at the change of plea hearing that he was in possession of two kilograms of cocaine and that he was going to ultimately transport it to Virgina. He also admitted that he knowingly and intentionally possessed child pornography. The absense of a claim of innocence also weighs against granting the motion to withdraw.

4. <u>Voluntariness</u>

In assessing the merits of a motion to withdraw, an inquiring court must determin whether, in light of the defendant's proffered reason and any newly disclosed facts, the plea may still be deemed voluntary and intelligent." *Doyle*, 981 F.2d at 596. As discussed above, the Magistrate Judge conducted the change of plea in accordance with the requirements of Rule 11. The defendant never indicated that he was dissatisfied with his attorney or that he did not understand the rights that Judge Estrada had explained to him or the consequences of pleading guilty. Moreover, the defendant voluntarily admitted to the

factual basis of the charged crimes at the change of plea hearing, and acknowledged that he realized that he was giving up his right to appeal the conviction and sentence. The absence of a claim that defendant's guilty plea was not knowing or voluntary weighs against granting the motion to withdraw.

5. Prejudice to the Government

Even if the defendant's proffered reason for withdrawing his plea were credible, the motion should be denied because of the prejudice that would result to the government if the defendant were permitted to withdraw his plea. As mentioned above, the federal cases are almost four years old. The government has lost contact with at least one witness who would likely have to testify at both trials. Even if this witnesses is located, his recollection of the events surrounding the defendant's arrest will be far less clear than it was four years ago. Moreover, there are two cooperating defendants who have been awaiting sentencing for over two years while the defendant's case has been pending. Therefore, the prejudice that would result to the government if the guilty plea was withdrawn also warrants denial of the motion to withdraw.

## **CONCLUSION**

For the above reasons, the United States respectfully requests that this Court deny the defendant's motion to withdraw his guilty plea.

RESPECTFULLY submitted this 18th day of April, 2008.

                DIANE J. HUMETEWA
                United States Attorney
                District of Arizona

                *s/ Eric J. Markovich*
                ERIC J MARKOVICH
                Assistant U.S. Attorney

Copy of the foregoing served electronically
or otherwise this 18th day of April 2008 to

Charles Kendall, Esq.